UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Fabiana Hillary McLeod, et al, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) C.A. No. 1:21-cv-10807 <br> ) |
| The Fessenden School, et al, | ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF UNITED EDUCATORS'**
**RULE 42(b) MOTION TO SEVER AND STAY COUNTS LIX AND LX**

Introduction

This case arises from alleged acts of sexual abuse and molestation perpetrated on Fabiana Hillary McLeod by her teacher, Primo "Howie" Leung. Some of this abuse allegedly occurred during a summer educational program at The Fessenden School. The Plaintiffs have brought various claims against Fessenden, certain of its administrators, employees and trustees seeking to hold them legally liable because of the abuse. In addition, Plaintiffs have brought two claims against United Educators, which provides primary and excess liability insurance to Fessenden. Counts LIX alleges that United Educators has violated Massachusetts G.L. c. 93A and c. 176D. Count LX alleges that it has violated the provisions of G.L. c. 175, §112C.[1]

---

[1] This statute obligates any insurer doing business in Massachusetts to reveal to an injured party making claim against an insured "the amount of the limits of said insured's liability coverage, upon receiving a request in writing for such information from the injured party or his attorney." If an insurer fails to reply within thirty days of such request, it "shall be liable to pay to the claimant the sum of five hundred dollars plus reasonable attorneys' fees and expenses. . . ." The Plaintiffs made a written request to United Educators to disclose the amount of its liability coverage in their March 8, 2021 demand letter. United Educators disclosed the limits of the liability coverage in its reply letter dated April 7, 2021. Copies of the correspondence are attached to the complaint as Exhibits 4 and 5.

Plaintiffs' Allegations

Between September 2013 and June 2016, Fabiana was a student at the Rundlett Middle School in Concord, New Hampshire. (Complaint ¶108). During this same time period, Leung was a Rundlett teacher. (¶106). Staff and students at Rundlett noticed Leung's favoritism of Fabiana in the fall of 2014. (¶110). Their relationship turned sexual in February 2015. (¶112).

Leung was a teacher and co-director of The Fessenden Schools English Language Learners (ELL) summer program. (¶116). This was a five week immersive program for English learners. (¶117). Leung recruited female students from Rundlett to help with this program. (¶120). Leung persuaded Fabiana's father to let her serve as a helper with the program. (¶121). During the 2015 summer program, Leung continued his sexual advances toward Fabiana on The Fessenden School campus. (¶132). Leung continued to pursue Fabiana during the 2015-2016 academic year at Rundlett. (¶138). Fabiana served as Leung's helper during the summer 2016 ELL program, during which the abuse continued. (¶139). During the 2016 summer program, some counsellors raised issues about Leung and Fabiana (¶158), but another Rundlett helper did not think that Leung's relationship with Fabiana was "weird enough" to do anything about." (¶156).

Leung was arrested and charged with sexual assault on a minor in April, 2019. (¶170). Plaintiffs' counsel asserted civil claims against Fessenden in August 2020. (¶176). The McLeod family sent a 93A/176D demand letter to United Educators on March 8, 2021. (¶106, Complaint Ex. 4). United Educators responded on or about April 8, 2021. (¶107, Complaint Ex.5). Plaintiffs filed this lawsuit on May 17, 2021.

Argument

Both Massachusetts' and federal courts have held that, when a plaintiff brings both tort claims against insured parties and unfair settlement claims against their insurer in the same suit,

it is appropriate to separate the unfair settlement claims and stay them pending resolution of the tort claims. *Maroun v. Norfolk & Dedham Mutual Fire Insurance Company*, 2021 WL 413620, at *1 (D.Mass., 2021). *See also*, *Rivera v. Commerce Ins. Co.*, 84 Mass. App. Ct. 146, 147 n.4 (2013); *M.J. Flaherty Co. v. U.S. Fid. & Guar. Co.*, 61 Mass. App. Ct. 337, 340 (2004) ("if a claim for unfair settlement practices is brought with the original liability suit, Superior Court judges may take the sensible step of staying the unfair settlement claim pending the outcome of the underlying negligence claim"). In fact, it is "common practice" to sever and stay the claims against the insurer in these circumstances. *Maroun*, at *2, quoting *Rivera,* 84 Mass. App. Ct. at 147 n. 4.

Litigation of the bad faith claims against United Educators would also be premature because the potential liability of its insureds to the Plaintiffs has yet to be determined. If United Educators' insureds prevail in the underlying tort claims, the c. 93A/176D claims against United Educators will be moot. *Maroun*, at *2, citing *Wilson v. Copen*, 244 F.3d 178, 180-181 (1st. Cir. 2001). In addition, allowing the claims to proceed simultaneously would be unfairly prejudicial to United Educators' insureds because it would compromise their ability to defend against plaintiffs' claims. *Id,* citing *Santacroce v. Sametz*, No. 2014-J-0383 (Mass. App. Ct. Oct. 31, 2014). An insurer's files contain percipient evidence relevant to the underlying tort claims, and the insurer's mental impressions and conclusions prepared in anticipation of trial that are immaterial to the underlying tort claims, and subject to privilege. *Ibid.* There is a risk that United Educators' privileged materials would be prematurely produced if the tort claims and the unfair settlement claims proceed at the same time creates*. Ibid*, see also *M.J. Flaherty Co. v. U'.S. Fidelity & Gaur. Co.*, 61 Mass. App. Ct. 337, 340 (2004) (noting that staying a claim for unfair settlement pending resolution of underlying negligence claim is "the sensible step"); *Belcher v. Pawtucket Mut. Ins.*

*Co., No. 89-J-672, at \*1* (Mass. App. September 27, 1989) (Kass, J.) ("It seems equally apparent to me [...] that to authorize discovery in an unfair settlement claim before the underlying claim has been established is to get the cases in the wrong order"); *Gross v. Liberty Mut. Ins. Co.,* No. 84-0138 (Kass, J., Apr. 24, 1984); *Marchut v. Marchut*, No. 76- 343 (Porada, E., July 31, 1986).

Finally, the claims against United Educators could not be tried simultaneously with the claims against its insureds. If they were tried together, this would violate the "well-established" rule of both Massachusetts and federal law forbidding evidence of insurance, except in very limited circumstances, in a tort case. *Silva v. Gibney*, 2009 WL 10693596 (D.Mass. 2009), *at \*1*; *Goldstein v. Gontarz*, 364 Mass. 800, 808 (1974). Accordingly, the claims against United Educators must be severed and stayed from the claims against its insureds.

## Conclusion

For the reasons stated above, the Defendant, United Educators, respectfully requests that its motion to sever and to stay the claims against it be allowed.

        United Educators,
        By its attorneys,

*Michael J. Mazurczak*
Robert P. Powers, BBO #544691
rpowers@melicklaw.com
Michael J. Mazurczak, BBO #555106
mmazurczak@melicklaw.com
Lauren C. Roche, BBO: #707661
lroche@melicklaw.com
Melick & Porter, LLP
One Liberty Square, 7th Floor
Boston, Massachusetts 02109
Telephone: (617) 523-6200

Dated: July 29, 2021

**CERTIFICATE OF SERVICE**

      I, Michael J. Mazurczak, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Domenic Paolini, Esq.
Richard M. Haley, Esq.
Paolini & Haley
400 Tradecenter Drive, Suite 5900
Woburn, MA 01801

                                                           */s/ Michael J. Mazurczak*
                                                           Michael J. Mazurczak

Dated:  July 29, 2021