UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Fabiana Hillary McLeod, et al, | ) |
| Plaintiffs, | ) |
| vs. | ) C.A. No. 1:21-cv-10807 |
| The Fessenden School, et al, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS FOR VIOLATION OF RULE 8 OR IN THE ALTERNATIVE TO STRIKE CERTAIN ALLEGATIONS PURSUANT TO RULE 12(f)**

The Defendants[1] respectfully request that the Court dismiss the complaint without prejudice for violation of Rule 8, or alternatively for an order pursuant to Rule 12(f) striking the numerous immaterial and impertinent allegations contained therein.

"A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement." *Belanger v. BNY Mellon Asset Management, LLC,* 307 F.R.D. 55, 58 (D.Mass. 2015), quoting *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993). Rule 8 requires a short and plain statement of the claim. "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense." *Belanger v. BNY Mellon Asset Management, LLC,* 307 F.R.D. 55, 57 (D.Mass. 2015), citing *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008). "The statement of the claim should be short because 'unnecessary length places an unjustified burden on the court and on the party who must respond to it.'" *Id.*, quoting *Greg Beeche Logistics, LLC v. Skanska USA*

---

[1] This motion is brought on behalf of all Defendants, except Primo "Howie" Leung.

*Bldg., Inc.*, 2014 WL 4656503 (D.Mass. Aug. 5, 2014); see also *LaMonde v. City of Salem*, 2019 WL 9124213 (D.Mass. 2019), p. 2; *Barricello v. Bank of America, N.A.*, 2019 WL 1333271 (D.Mass. 2019), pp. 3-4; *Newman v. Commonwealth of Massachusetts*, 115 F.R.D. 341 (1987).

In *McCoy v. Providence Journal Co.*, 190 F.2d 760, 766 (C.A.1 1951), the First Circuit observed that a motion to strike should have been allowed for a gross violation of Rule 8. The court described the offending complaint as follows:

> The complaint certainly is argumentative, prolix, redundant and verbose, and attached to it, labeled exhibits, are lengthy letters and affidavits . . . It is hard to imagine a pleading more completely at variance with both the letter and the spirit of Rule 8(e)(1) which requires that each averment of a pleading be 'simple, concise and direct.' We think the defendants' motion to strike should have been granted promptly, whereby the issues might have been clarified for the benefit of all concerned.

*See also Martin v. Hunt*, 28 F.R.D. 35 (1961)(complaint dismissed because it "totally fails to comply with either the letter or the spirit" of Rule 8). Relief is warranted here because the Plaintiffs' Complaint is similarly at variance with Rule 8.

This case arises from sexual abuse committed by Defendant Primo "Howie" Leung. Leung was a teacher at the Rundlett Middle School in Concord, New Hampshire. (Complaint ¶106). Plaintiff Fabiana Mcleod was one of his students. (Complaint ¶108). In February 2015 Leung began to sexually abuse Fabiana. (Complaint ¶112). He subsequently brought her to a summer English Language Learners program at Fessenden, where the abuse is alleged to have continued. (Complaint ¶137). Plaintiffs claim that in various ways the Fessenden Defendants failed to prevent this abuse.

These serious claims might have been made in a succinct pleading. Instead, Plaintiffs have filed a 152-page Complaint replete with lurid descriptions of the alleged assaults, superfluous personal and professional details about the Defendants, inflammatory references to unrelated incidents occurring decades ago, an irrelevant and self-serving account of pre-suit communications

with defense counsel, and utterly spurious claims (e.g., that the school knowingly and willfully engaged in sex trafficking in violation of federal law). The Complaint contains an additional fifty pages of exhibits. It includes 65 causes of action and 596 numbered paragraphs. The Complaint sets forth allegations for each cause of action, but then separately lists unnumbered prayers for relief for all 65 causes of action over the final 21 pages. The Complaint is neither simple nor concise, and thus is in violation of Rule 8. *Kuehl, supra at* 906-907 and n. 7 (1st Cir. 1993) (43-page, 36-count Complaint violated Rule 8 and was properly dismissed); *Jackson v. Polaroid Corp.*, 181 F.3d 79 (1st Cir. 1999) (180-page Complaint with more than 80 counts properly dismissed as an "obvious" violation of Rule 8).

Even assuming the Complaint does not violate Rule 8, it contains immaterial and impertinent allegations that are properly stricken pursuant to Rule 12(f), which provides that this Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead. Wright & Miller, *Federal Practice and Procedure* § 1382. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.*). This Rule is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." *Dennison v. LaPointe,* No. 06–40100–FDS, 2006 WL 3827516, at *1 (D.Mass. Dec.29, 2006) (quoting 5C Charles A. Wright, et al., *Federal Practice and Procedure* § 1380 at 391 (2004)).

In Paragraph 2, for example, the Plaintiffs contend that the Defendant, Primo "Howie" Leung, was a student at The Fessenden School ("Fessenden") in the 1990's, but "had a summer gig" as a teacher there in 2015 and 2016. Mr. Leung's history as a former student at Fessenden is not relevant or material to this case. Nevertheless, the Plaintiffs expand this irrelevant assertion to

provide many details of his application and the supporting documentation provided for Mr. Leung to attend Fessenden as an 11-year-old boy. (¶98-¶105). These allegations include that he was "quite a timid boy", was raised by a single mother, and was "the product of a normal pregnancy." (¶99, ¶101). The Plaintiffs also included a copy of Mr. Leung's handwritten note as an 11-year-old, which focused on his relationship with his "mum." (¶100). In Paragraph 3, the Plaintiffs allege that Howard Hughes, Ted Kennedy and John Kerry were students at Fessenden. These allegations have no relevance to this case.

In Paragraph 11, the Plaintiffs contend that Fessenden and its insurer, the Defendant United Educators, "have made no offers to settle this matter. Instead, The Fessenden School wanted the McLeod family to go to 'mediation' without producing any relevant or material documents in order to keep the story of Fabiana's abuse out of the news." This allegation is both irrelevant and disingenuous. Mediation is a means of settlement negotiations. Admittedly, it offered an opportunity to privately explore resolution of Plaintiffs' troubling allegations. However, it is fairly inferred from the public statements of Plaintiffs' counsel that adverse publicity for Fessenden was exactly what was desired, and that irrelevant and sensational allegations were included in the Complaint in an effort to extract a settlement on pain of public embarrassment.[2] Filing a complaint containing immaterial and impertinent matters intended solely for press consumption is improper. *See, e.g.*, *Sanford v. Boston Herald-Traveler Corp.*, 318 Mass. 156, 158, 61 N.E.2d 5, 6 (1945).

---

[2] See, O'Grady, Eileen, (2021, May 17). "Concord family accuses boarding school of failing to protect daughter from Leung sexual abuse*." The Concord Monitor*. https://www.concordmonitor.com/Concord-family-files-lawsuit-against-the-Fessenden-school-40473405. "We've tried to communicate with these people and get them to do the right thing and they have simply refused to do the right thing, so we have no choice but to take this thing to suit," [counsel] said. "They have a $25 million insurance policy, and our girl deserves every penny of it. We intend to get that for her." Article attached hereto as Attachment A.

In Paragraphs 23-69, the Plaintiffs describe the individual Defendants' relationship with Fessenden, with the vast majority of them sued merely as Trustees of the school. (¶36-¶69.) Although many Trustees are merely described as such, many others are identified by the companies at which they work or by other irrelevant personal information. (¶37, ¶40, ¶42, ¶43, ¶46, ¶47, ¶48, ¶50, ¶55-¶58, ¶60, ¶61, ¶64.) The Plaintiffs offer no grounds upon which the Trustees may be liable based on their positions at other companies, and there are no such grounds which could be asserted. These allegations have been included in an attempt to embarrass and harass these Defendants, and inflame potential jurors. This type of pleading should not be condoned.[3]

The Plaintiffs also seek to introduce inadmissible hearsay evidence from newspaper accounts of events from long ago and unrelated to the McLeods. In paragraphs 72-74, the Plaintiffs refer to an article from a Texas newspaper from 1977 about Fessenden. Mr. Leung was not born until 1983 and was not a student at Fessenden until the 1990s. This article is too remote to be relevant. Moreover, statements in "…a newspaper article are inadmissible hearsay evidence." *Bowler v. Town of Hudson*, 2007 WL 9797643 (D.Mass. 2007), p. 3. The Plaintiffs should not be permitted to avoid this prohibition by including newspaper articles in their Complaint.

The Plaintiffs also refer to a 1995 lawsuit and the allegations contained in that suit in Paragraph 75. The veracity of these allegations, which also concern individuals who are not parties to this case and are too remote in time to be of any relevance, is not alleged. These allegations have no substantive value and are offered merely to disparage Fessenden.

---

[3] For example, ¶46 alleges that "Keith Gelb is a founding managing member of Rockpoint Group, a Boston-based real estate private equity fund that has done deals with total capitalization of about $27 billion since its founding in 2003. Keith B. Gelb is regularly named to Commercial Observers Power 100 listing of the most powerful people in New York real estate. Rockpoint's funds have raised a total of more than $25 billion in capital commitments to invest in 426 transactions with a total peak capitalization of approximately $64 billion."

In Paragraphs 76 and 77, the Plaintiffs cite to a 1995 lawsuit alleging wrongful conduct by "the then Headmaster" and the hockey coach, but those allegations are hearsay and entirely irrelevant to this case. Similarly, Paragraphs 78-80, 89, 161 and 175 set forth vague, hearsay allegations of abuse of male students during the 1970's.  In fact, despite using twenty-six paragraphs (¶72-¶97) to describe the "history of abuse" at Fessenden, the Plaintiffs fail to cite to a single instance of abuse that occurred *this century*.  Fessenden should not be made to comment, let alone defend, against unrelated allegations concerning the purported conduct decades ago of individuals no longer affiliated with the school. The sole purpose for allegations concerning long ago events and different individuals is not to advance the factual grounds of the Plaintiffs' claims, but to improperly depict Fessenden in an adverse light and require the Defendants to respond to such irrelevant allegations.

Finally, in Paragraphs 170-189, the Plaintiffs refer to television broadcasts of charges brought against Mr. Leung, and their counsel's pre-litigation communications with Fessenden's attorney.  These allegations have nothing to do with the merits of the Plaintiffs' claims of alleged abuse by Mr. Leung and the purported failure of the other Defendants to stop that abuse.

## CONCLUSION

For all of the above-stated reasons, the Plaintiffs have not complied with Rule 8, and their Complaint should be dismissed without prejudice.  In the alternative, the Defendants respectfully request that the Court order that the allegations identified above be stricken.[4]

---

[4] A copy of the complaint highlighting the offending allegations which the Defendants request be stricken in attached hereto as Addendum B.

The Defendants,<br>
By their attorneys,<br>
<br>
*/s/ Michael J. Mazurczak*<br>
Robert P. Powers, BBO #544691<br>
rpowers@melicklaw.com<br>
Michael J. Mazurczak, BBO #555106<br>
mmazurczak@melicklaw.com<br>
Lauren C. Roche, BBO: #707661<br>
lroche@melicklaw.com<br>
Melick & Porter, LLP<br>
One Liberty Square, 7th Floor<br>
Boston, Massachusetts 02109<br>
Telephone:  (617) 523-6200<br>

Dated:  July 29, 2021

## CERTIFICATE OF SERVICE

    I, Michael J. Mazurczak, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Domenic Paolini, Esq.
Richard M. Haley, Esq.
Paolini & Haley
400 Tradecenter Drive, Suite 5900
Woburn, MA 01801

*/s/ Michael J. Mazurczak*<br>
Michael J. Mazurczak

Dated:  July 29, 2021