# Addendum B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FABIANA HILLARY MCLEOD,**<br>**KARINA MCLEOD, and MARK MCLEOD,**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**SOLOMON J. KUMIN,**<br>**THE FESSENDEN SCHOOL,**<br>**PRIMO "HOWIE" LEUNG, MARK HANSEN,**<br>**LINDA HANSEN, ALYSSA HANSEN,**<br>**JOSEPH R. LAREAU, NUNU LAPHAI**<br>**TYRELL BREWSTER, COUNSELOR DOE,**<br>**COUNSELOR ROE, DONALD G. BRAMLEY,**<br>**IAN LORING, MICHAEL R. MACH,**<br>**MICHAEL P. MURRAY, JEFFREY ALLEN,**<br>**CHRISTOPHER BARTEL,**<br>**MELISA L. BERMAN, STEPHANIE M. BUCCI,**<br>**TARA B. CIONGOLI, BRUCE C. DAYTON,**<br>**EDWARD V. DENOBLE, ROBERT M. DICKEY,**<br>**JENNIFER MUGAR FLAHERTY,**<br>**CHARLES K. FADEL, KEITH B. GELB,**<br>**CRAIG N. GEMMELL, MICHAEL S. GORDON,**<br>**GRACE R. HOFFMANN, SUSAN B. LEVINE,**<br>**PAMELA E. LOMAX, MARK C. MOORE,**<br>**ELIZABETH H. MUNRO,**<br>**PETER M. MULDERRY, V. G. NARAYANAN,**<br>**CHRISTIAN NOLEN, STEVEN M. PECK,**<br>**RACHEL E. SKIFFER, THOMAS S. ROBERTS,**<br>**CHRISTINE L. TODD, DAVIDE D. VISCO,**<br>**ROBERT L. WALDRON, JENNIFER L. STIER,**<br>**PETER C. WELCH, TRUSTEE DOE, TRUSTEE**<br>**ROE, DAVID B. STETTLER, KENNETH HOWE,**<br>**and UNITED EDUCATORS,**<br><br>**Defendants** | **Civil Action No.:**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL** |

The Plaintiffs, Fabiana McLeod, Karina McLeod, and Mark McLeod, aver upon personal knowledge as to their own acts and status and upon information and belief as to all other matters:

## THE NATURE OF THIS ACTION

1. This case arises out of the transportation of Fabiana McCleod ("Fabiana"), a minor child, across state lines and the sexual assault and rape of Fabiana by Primo "Howie" Leung ("Leung"), a co-director of The Fessenden School English Language Learners ("ELL") summer program during the summers of 2015 and 2016 when Fabiana was thirteen and fourteen years old, respectively. The sexual assaults and rapes took place in a dormitory on The Fessenden School campus, in other areas of The Fessenden School campus, in a Manhattan hotel room during a field trip sponsored by The Fessenden School, and in Leung's vehicle.

## INTRODUCTION

2. As a child, Leung had attended The Fessenden School in the 1990s. In 2015 and 2016, he was a full-time teacher in Concord, New Hampshire. Leung had a summer gig – he was co-director of The Fessenden School English Language Learners ("ELL") summer program.

3. The Fessenden School is known as a prestigious school for boys in Newton, Massachusetts. The Fessenden School's distinguished alumni include Howard Hughes, Senator Ted Kennedy, and Secretary John Kerry.

4. In October 2016, Fabiana's parents, Mark and Karina Mcleod sought consultation with a therapist for Fabiana, then almost fifteen years old and just beginning high school in Concord, New Hampshire. Since the summer of 2016, Fabiana's family

had observed a drastic change in Fabiana's behavior. Fabiana, a strait-laced "A" student with no previous mental health issues, had suddenly become belligerent, interested in smoking marihuana and engaging in self-mutilation by cutting herself with sharp objects and burning herself with a blow torch. The therapist diagnosed "Adjustment disorder, With anxiety". However, the real cause of Fabiana's symptoms was more sinister.

5.     In December 2018, several Concord, New Hampshire students observed Leung acting inappropriately with a student in his vehicle. The students reported their observations to school authorities who then notified the police.

6.     An investigation revealed, among many other things, inappropriate emails Leung had sent to Fabiana. The police then interviewed Fabiana who revealed how she was sexually assaulted and raped by Leung.

7.     In March 2019, Newton, Massachusetts police arrested Leung. In June 2019, a Middlesex County Grand Jury returned True Bills for two counts of indecent assault and battery on a person over 14, two counts of aggravated Indecent assault and battery on a child under 14, and two counts of aggravated rape of a child. Leung is currently out on bail awaiting trial; his trial has been delayed multiple times because of the COVID-19 pandemic.

8.     Fabiana continues to suffer the effects of the sexual assaults. She suffers from depression, anxiety, and post-traumatic stress disorder. She continues to receive mental health treatment.

9.     The McLeod family, through their attorney, submitted a letter to The Fessenden School's insurer, United Educators, detailing the lurid facts of this case, and

seeking a fair resolution. In its written response, United Educators offered no sympathy for the McLeod family, denied any wrongdoing on the part of The Fessenden School, and claimed there were "questions regarding liability and damages that remain open".

10. The Fessenden School failed to provide or refused to provide any documents relating to how it protected children on its campus from sexual assault and rape in 2015 and 2016. The Fessenden School responded that the requested documents simply do not exist.

11. The Fessenden School and its insurer, United Educators, have made no offers to settle this matter. Instead, The Fessenden School wanted the McLeod family to go to "mediation" without producing any relevant or material documents in order to keep the story of Fabiana's abuse out of the news.

## JURISDICTION AND VENUE

12. This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

13. This Court has original jurisdiction (federal question) in that the Plaintiff, Fabiana McLeod, is making claims pursuant to 18 U.S.C. § 1595 as a private right of action for the predicate crimes of sex trafficking under 18 U.S.C. 18 U.S.C. §§ 1590, 2421, 2422, and 2423.

14. This Court has original jurisdiction (federal question) in that the Plaintiff, Fabiana McLeod, is making claims pursuant to 18 U.S.C. § 2255 as a private right of action for the predicate crimes of sex trafficking under 18 U.S.C. 18 U.S.C. §§ 1590, 2421, 2422, and 2423.

15. This Court has original jurisdiction (diversity) pursuant to 28 U.S.C. § 1332 in that the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

16. This Court has personal jurisdiction over the Defendants. The Defendants have the requisite minimum contacts with the forum in which this court sits pursuant to International Shoe v. Washington, 326 U.S. 310 (1945).

17. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy.

18. Venue for this action properly lies in the District of Massachusetts pursuant to 28 U.S.C. §1391 as the causes of action arose within the jurisdiction of this Court.

## THE PARTIES

19. The Plaintiff, Fabiana Hillary McLeod, is a natural person, citizen of the United States, and resident of Concord, New Hampshire.

20. The Plaintiff, Marc McLeod, is a natural person, citizen of the United States, and resident of Hooksett, New Hampshire.

21. The Plaintiff, Karina McLeod, is a natural person, citizen of the United States, and resident of Concord, New Hampshire.

22. The Fessenden School is a Massachusetts corporation with a principal place of business at 250 Waltham Street, West Newton, MA 02465.

23. Primo "Howie" Leung, at all material times, was a teacher in and/or co-director of The Fessenden School English Language Learners ("ELL") summer program. At all material times, Leung was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

24. Mark Hansen, at all material times, was a teacher in and/or co-director of The Fessenden School English Language Learners ("ELL") summer program with a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Mark Hansen was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

25. Linda Hansen, at all material times, was a teacher in and/or co-director of The Fessenden School English Language Learners ("ELL") summer program with a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Linda Hansen was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

26. Alyssa Hansen, at all material times, was a teacher, chaperone, dormitory parent, and/or counsellor in The Fessenden School English Language Learners ("ELL") summer program with a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Alyssa Hansen was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

27. Joe Lareau, at all material times, was a musicologist, teacher, chaperone, dormitory parent, and/or counsellor in The Fessenden School English Language Learners ("ELL") summer program with a principal place of business at 250

Waltham Street, West Newton, MA 02465. At all material times, Joe Lareau was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

28. Tyrell Brewster, at all material times, was a teacher, chaperone, dormitory parent, and/or counsellor in The Fessenden School English Language Learners ("ELL") summer program with a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Tyrell Brewster was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

29. Nunu Laphai, at all material times, was a teacher, chaperone, dormitory parent, and/or counsellor in The Fessenden School English Language Learners ("ELL") summer program with a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Nunu Laphai was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

30. Counselor Doe, at all material times, was a teacher, chaperone, dormitory parent, and/or counsellor in The Fessenden School English Language Learners ("ELL") summer program with a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Counselor Doe was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

31. Counselor Roe, at all material times, was a teacher, chaperone, dormitory parent, and/or counsellor in The Fessenden School English Language Learners ("ELL") summer program with a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Counselor Roe was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

32. Donald G. Bramley, at all material times, was the President of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Donald G. Bramley was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

33. Ian Loring, at all material times, was the Vice President of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Ian Loring was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

34. Michael R. Mach, at all material times, was the Treasurer of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Michael R. Mach was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

35. Michael P. Murray, at all material times, was the Clerk and/or Secretary of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Michael P. Murray was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

36. Jeffrey Allen, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

37. Christopher Bartel, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Christopher Bartel is Head of Global Equity Research at Fidelity Management & Research Company (FMRCo), the investment advisor for

8

Fidelity's family of mutual funds. Christopher Bartel is also a member of the Board of Visitors at Dartmouth's The John Sloan Dickey Center for International Understanding in Hanover, New Hampshire.

38.   Melisa L. Berman, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

39.   Stephanie Bucci, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

40.   Tara B. Ciongoli, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Tara B. Ciongoli is a graduate of Harvard Business School and is Managing Director and Chief Operating Officer at Equality Asset Management, a growth-oriented private equity firm.

41.   Bruce C. Dayton, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

42.   Edward V. Denoble, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. In 2015, Edward V. DeNoble founded Boston based macro hedge fund Frontlight Capital LP, which at its peak managed $280 million, but shut down after two consecutive years of losses.

43. Robert M. Dickey, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Robert M. Dickey is Executive Vice President & Partner at Leggat McCall Properties LLC and is responsible for co-managing Leggat McCall Properties' development business. Robert M. Dickey has personally developed or managed more than 4 million square feet of projects at an aggregate value/cost of $4 billion.

44. Jennifer Mugar Flaherty, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

45. Charles K. Fadel, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

46. Keith B. Gelb, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Keith Gelb is a founding managing member of Rockpoint Group, a Boston-based real estate private equity fund that has done deals with total capitalization of about $27 billion since its founding in 2003. Keith B. Gelb is regularly named to Commercial Observers Power 100 listing of the most powerful people in New York real estate. Rockpoint's funds have raised a total of more than $25 billion in capital commitments to invest in 426 transactions with a total peak capitalization of approximately $64 billion.

47.    Craig N. Gemmell, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Craig N. Gemmell spent over 27 years teaching, dorm parenting, coaching, advising, and leading programs in service to kids in boarding schools. Craig N. Gemmell is currently Head of School at the Brewster Academy in Wolfeboro, New Hampshire.

48.    Michael S. Gordon, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Michael S. Gordon is President / Partner of Fenway Sports Group, the holding company parent of the Boston Red Sox, Liverpool Football Club, New England Sports Network, and Roush-Fenway Racing. Michael S. Gordon is also a Trustee of The Dana Farber Cancer Institute, The Jimmy Fund, The Liverpool FC Foundation, The Red Sox Foundation, Belmont Hill School, The Boys and Girls Club of Boston, and is a member of the Stem Cell Task Force at Boston Children's Hospital.

49.    Grace R. Hoffmann, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

50. Solomon J. Kumin, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Solomon J. Kumin attended The Fessenden School as a child. Solomon J. Kumin is thoroughbred racehorse owner. In May 2018, he became the first owner since 1952 to have Kentucky Oaks and Derby winners in the same weekend. He was a co-owner of Justify, winner of the Triple Crown. Solomon J. Kumin was crowned New Owner of the Year for the United States for 2015 at the Thoroughbred Owner Conference in Florida in January 2016.

51. Susan B. Levine, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

52. Pamela E. Lomax, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

53. Mark C. Moore, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

54. Elizabeth H. Munro, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

55.    Peter M. Mulderry, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Peter M. Mulderry heads Investor Relations for Highfields Capital Management LP, an investment management firm which manages private investment funds for endowments, charitable and philanthropic foundations, pension funds and other institutional and private investors.

56.    V. G. Narayanan, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. V. G. Narayanan is an economist and Professor of Business Administration Chair at Harvard Business School.

57.    Christian Nolen, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Christian Nolen is Executive Vice President of Operations at "emagine", a digital marketing firm with a mailing address in Boca Raton, Florida.

58.    Steven M. Peck, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Steven M. Peck is a partner in the Proskauer law firm's Corporate Department and member of the firm's Private Equity and Mergers & Acquisitions Group and its Structured Private Capital Group. He represents sophisticated private investment funds, multi-national corporations and other market participants in their most challenging transactional matters.

59.   Rachel E. Skiffer, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

60.   Thomas S. Roberts, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Thomas S. Roberts joined Summit Partners in 1989 and served on Summit's executive committee. In 2010 Thomas S. Roberts co-founded Summit Partners Credit Advisors, the credit affiliate of Summit Partners which focuses on the borrowing needs of small and large companies. Thomas S. Roberts was a Managing Director and member of Summit's Board of Managers until 2017, a Senior Advisor until 2018 and a board director of more than 30 companies, seven of which were public. Thomas S. Roberts' past directorships include AmeriPath (NASDAQ: PATH, later acquired by Quest Diagnostics), Fiber Options (acquired by Sentrol Life Safety Systems), Infor (acquired by Golden Gate Capital and Koch Equity Development), Pacer Electronics (acquired by Anixter International), Rehab Management Services (acquired by Integrated Health Services), Saber Software (NASDAQ: SABR, later acquired by McAfee), Sybari Software (acquired by Microsoft) and vente-privee.com. Prior to Summit, Thomas S. Roberts was an analyst at Booz Allen Hamilton. He received an AB in economics, magna cum laude, from Princeton University and an MBA from Harvard Business School, where he was a Baker Scholar. Thomas S. Roberts a former President of the National Venture Capital Association.

61. Christine L. Todd, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Christine L. Todd is Head of Fixed Income US at Amundi US. Amundi US is the United States business of Amundi, ranked among the ten largest asset management firms globally. offering a broad range of fixed-income, equity, and multi-asset investment solutions in close partnership with wealth management firms, distribution platforms, and institutional investors across the Americas, Europe and Asia-Pacific.

62. Davide D. Visco, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

63. Robert L. Waldron, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

64. Jennifer L. Stier, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. Jennifer L. Stier is the President of HighSage Ventures and a Managing Director and the Chief Operating Officer of Highfields Capital. Jennifer L. Stier is a founding member of OneGoal, an organization focused on ensuring that every young person has an equitable opportunity to achieve their greatest postsecondary aspirations. Jennifer L. Stier has been named one of the 50 Leading Women in Hedge Funds.

15

65.  Peter C. Welch, at all material times, was a Trustee of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

66.  Trustee Doe, at all material times, was a Trustee and/or Officer of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

67.  Trustee Roe, at all material times, was a Trustee and/or officer of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465.

68.  David B. Stettler, at all material times, was the Headmaster of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, David B. Stettler was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

69.  Kenneth Howe, at all material times, was Director of Residential Life at The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, Kenneth Howe was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

70.  United Educators, at all material times, provided liability insurance coverage to The Fessenden School. United Educators has a principal place of business at 7700 Wisconsin Avenue Suite 500, Bethesda, MD 20814.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The Fessenden School's History of Sexual Abuse

71. According to The Fessenden School's publicly available Internal Revenue Service Form 990, "THE FESSENDEN SCHOOL IS THE OLDEST ALL BOYS, JUNIOR BOARDING SCHOOL IN THE COUNTRY".

72. The Fessenden School has a long and sordid history of sexual abuse by its teachers and administrators. As far back as 1977, long before reports of the abuse of children by clergy and the Boy Scouts, national news stories appeared in the print media about sexual abuse involving The Fessenden School.

73. For example, on Sunday, December 11, 1977 a Texas newspaper, the Fort Worth Star Telegram, reported an Associated Press ("AP") wire story concerning sexual abuse at The Fessenden School.

74. The news report described The Fessenden School as

"where pupils wear coats and ties and call their teachers 'sir,' was founded 74 years ago and is one of a handful of private grammar schools preferred by the Boston area's Yankee upper crust" and reported that teachers at The Fessenden School were charged with abusing "little boys":



8c · FORT WORTH STAR TELEGRAM · SUNDAY, DECEMBER 11, 1977

# Sex scandal threatens image of elite school

NEWTON, Mass. (AP) —Stunned by charges that two teachers homosexually abused little boys, the Fessenden School is striving to preserve its image as an elite training ground for the rich.

Officials of the school, whose graduates include the late Howard Hughes, Sen. Edward Kennedy and former Pennsylvania Gov. William Scranton, fear the scandal may reduce the number of applicants for next year's class.

Last Thursday, Arthur P. Clarridge, who recently resigned as Fessenden's No. 2 administrator, and James P. Dallmann, the head of the fifth grade, were among 17 men indicted for allegedly taking part in a ring that bought sex from young boys.

Prosecutors said none of the boys involved were from the school, and all the incidents happened in another city. But school officials say they expect the school's name to be linked with the scandal for years to come.

* * *

"IT HAS DRAWN us together and made us stronger, but unfortunately it will be remembered by outsiders for a long time," said Daniel Sencal, an assistant to the headmaster.

"We don't know what kind of effect it will have on the school. We don't know what it will do to applications. Maybe it will have some effect, maybe not."

Fessenden, where pupils wear coats and ties and call their teachers "sir," was founded 74 years ago and is one of a handful of private grammar schools preferred by the Boston area's Yankee upper crust.

It is a "pre-prepatory" school that takes children through the first nine grades and trains them for admission to such private high schools as Phillips Exeter, St. Paul's and Deerfield.

AGEE RIVIERA BLINDS
● SHADES
● SCREENS
● WOVEN WOOD
● VERTICAL BLINDS
● REPAIRS ● REFINISHING
AGEE BLIND CO.
WINDOW SHOP
1800 PARK PLACE ● 926-6679

75. In 1995, parents of a student at The Fessenden School filed suit alleging that the hockey coach was stalking and harassing the student (Skelley v. Trustees of the Fessenden Sch., 1997 Mass. Super. LEXIS 149). The student claimed that the hockey coach was paying him inappropriate amounts of attention and was stalking him. The student complained that the hockey coach sought him out alone for consultations about hockey practices, changed clothes in front of the team in the locker room, would wait for him outside of classrooms, stared at his genitalia, required hockey team members to attend team meetings in the hockey coach's apartment, and demanded that the hockey team members attend a

special "practice" which involved team members swimming in The Fessenden School's swimming pool.

76. The student's parents spoke with the then Headmaster about their concerns about the hockey coach's allegedly inappropriate behavior. The Headmaster told the parents that there was nothing in the hockey coach's record which suggested that the student was in any danger.

77. However, the hockey coach's personnel file did contain evidence of certain concerns which had been raised with The Fessenden School officials:

   a. In 1988, students had discovered a small amount of marijuana in the hockey coach's room at the school. The hockey coach was a dormitory parent and lived in one of the dormitory rooms.

   b. In late spring of 1988, an employee of The Fessenden School found a letter in the hockey coach's apartment from a college roommate. The letter expressed concern about the hockey coach potentially having difficulty working with boys in a junior boarding school.

78. In 2008, The Fessenden School received a complaint from an alumnus who claimed that a friend of an associate headmaster of The Fessenden School had abused him in the mid-1970's.

79. The 2008 allegations never went public. The Fessenden School settled with its former student after mediation

80. On October 19, 2011, the Boston Globe, reported that The Fessenden School had received a complaint from another former student claiming sexual abuse on campus in the 1970s.

81. The Fessenden School reacted quickly. In a letter, dated October 18, 2011, addressed to "Fessenden Alumni, Parents of Alumni, Parents, and Friends" (Exhibit 1), then Headmaster David B. Stettler offered a "thorough historical review" of sexual abuse involving the Fessenden School dating back to the "1960's." Mr. Stettler acknowledged that he was "deeply concerned" about The Fessenden School's history, stating that "School leadership has come to the realization that this intolerable behavior in past decades may have been broader in scope than we once had reason to believe."

82. In the October 19, 2011 report, The Boston Globe asked Mr. Settler why The Fessenden School had not previously reached out to the public when it learned of claims of sexual abuse. Mr. Settler responded

> "I can't go back and change what happened in the '60s and '70s. I can't go back to the '90s, and nor can I judge. What I can do is what I can do in 2011":

WEDNESDAY, OCTOBER 19, 2011     THE BOSTON GLOBE     The Region A11

## In letter, boys' school tries to shine a light on abuse 'darkness'

▶ MCGRORY
*Continued from Page A1*

Specifically, the school had received a complaint in 2008 from an alum who said he was abused by a friend of a former assistant headmaster, Arthur Clarridge, in the mid-1970s. School officials never went public with the case, instead reaching a settlement with the former student after mediation, officials said. Then, this past April, the school received a second complaint from a man who said he was abused by Clarridge, in Clarridge's campus house, in the 1970s. That complainant was not a Fessenden student, officials said, and the case has yet to be resolved financially.

"As the Board of Trustees and administration absorbed this disclosure, we recognized the likelihood that these incidents were not necessarily isolated, and additional victims of Clarridge likely exist in our community," Stettler wrote in his two-page letter, which was sent out last night via e-mail and US mail.

What has further stoked the fears of Fessenden officials is Clarridge's own personal history.

A soft-spoken, Harvard-educated academician commonly known as "Pres," he was forced to resign his position at Fessenden in 1977 after he was charged with indecent assault in connection with his many visits to a house in Revere in which he admitted paying for sex with boys. It was a sordid, colorful, and controversial case widely covered in the news media at the time, one that also ensnared a respected Back Bay pediatrician-turned-child psychiatrist who had visited the house with Clarridge.

According to Globe stories at the time, Clarridge, testifying as a prosecution witness against the doctor in the sex-for-hire ring, said he visited the Revere address some 40 times over five years and paid for sex with 20 different boys. Charges against Clarridge were eventually dismissed, presumably because of his role in helping the state.

Asked during the trial why he typically visited the house on Tuesday nights, Clarridge responded, "That was the only night I didn't have dormitory duty from supper to bedtime."

Reached yesterday by phone at his home in Fort Lauderdale, Fla., Clarridge, now 64, said he never abused anyone who was a member of the Fessenden community.

"No, I did not — no inappropriate contact, no sexual contact," Clarridge said.

In the interview, Clarridge said he has not been contacted by anyone from Fessenden. Then, in an apparent reference to the 2008 complaint, said, "Wait a minute, I did get a letter from a lawyer several years ago, the lawyer on the Boston church cases. The letter said they would sue me for a million. I contacted a good lawyer in Boston. That's the last I heard of it."

He said the alleged victim in that case wasn't a Fessenden student, but a graduate, and Clarridge only introduced him to a friend.

"I don't know what they did in private," Clarridge said. "Neither ever told me."

Mitchell Garabedian, who has represented hundreds of sexual abuse victims of Catholic priests in the Boston Archdiocese, is representing both men who have made the recent complaints to

Fessenden, according to school officials. Garabedian did not return a phone call yesterday.

For Fessenden, where tuition ranges from an average of $27K for day students to $49K for seven-day boarders, and graduates go on to some of the most prestigious private high schools in New England, the letter will be nothing short of a bombshell to the community. The school is tucked into a leafy residential neighborhood in West Newton.

After the April complaint, officials conducted a review of all other claims and found three others, from the 1990s, one of which involved a teacher looking inappropriately at a student, and two others from alumni asserting that they were abused while they were students in the 1960s and

'70s. One of those allegations, the Stettler letter said, involved Clarridge. The letter also makes cryptic mention that "alumni have alluded to knowledge of inappropriate sexual behavior in the 1970s and 1980s."

Asked why the school didn't initiate this public process earlier, Stettler leaned forward in a wing chair in his high-ceilinged office and said, "I can't go back and change what happened in the '60s and '70s. I can't go back to the '90s, and can't judge.

"What I can do is what I can do in 2011," he added. "There is the potential that more victims were harmed, and we can reach out to them. They deserve to be helped."

The letter offers free, confidential counseling to anyone who believes they were a victim, and a psychiatrist is available for "consulting and referral services." School officials do not plan to directly address current students, instead deferring to parents.

The school's handling of the accusations stands in vivid contrast to that of other institutions,

many of which delay a response and fail to apologize until long after the fact. Buckingham Browne & Nichols, a prestigious private school in Cambridge, sent a letter of apology to the school community in 2008 for mishandling sexual abuse allegations against a longtime English teacher. The letter was sent only after one victim, frustrated with the school's lack of response to him, went public with his accusations.

Stettler, who began his job at Fessenden in July after heading a private school in Littleton, Mass., admitted yesterday that he had no idea what kind of response the letter would get, and where it would lead.

"I would think that for parents, this would give them cause for concern or angst," Stettler said. "Alumni might think we are denigrating the history of the school. I respectfully disagree. 'Honesty, compassion, respect,' those are our core values, and that's what we are reflecting here."

> 'What I can do is what I can do in 2011.'
>
> DAVID B. STETTLER
> *Fessenden's headmaster*

*McGrory is a Globe columnist. He can be reached at mcgrory@globe.com.*

83. In his October 18, 2011 letter, Mr. Stettler described what he "can do" and offered The Fessenden School's plan for responding to this crisis and to provide for "the safety and well-being of the boys at Fessenden."

84. Mr. Stettler's October 18, 2011 letter represented that The Fessenden School had taken the following actions,

    a.    "With our faculty and staff, we have emphasized the importance of raising our collective consciousness and reiterated our expectation of vigilance in identifying and recognizing signs of questionable behavior."

    b.    "Our administrative team and faculty have reviewed and revised the existing policies and guidelines regarding interactions between adults and children in our school community."

    c.    "In our opening faculty meetings this fall, as we have done in previous years, we held discussions on maintaining boundaries in our relationships with our students, and we are committed to sustaining ongoing training."

    d.    "We are reexamining our school-wide wellness curriculum to affirm that we are giving our boys the tools and understandings that they need in order to help maintain their own safety."

    e.    "As required by Massachusetts state law, our hiring process for faculty and staff includes mandatory Criminal Offender Record Information and Sex Offender Registry Information background checks."

    f.    "We have zero tolerance for sexual misconduct and abuse."

    g.    "Parents in particular may want to know if we plan to address this communication and its content with our students. At this time, we do not plan to talk directly with the boys about it. In the course of our wellness curriculum, the issue of boundaries is addressed in age-appropriate ways and will continue to be emphasized."

85. Unfortunately for Fabiana, despite the public rhetoric, Mr. Stettler and The Fessenden School Board of Trustees did very little, if anything, to ensure the that children on its campus would be safe from sexual abuse.

86. A second letter (Exhibit 2) from Headmaster David B. Stettler, dated May 5, 2016 - only one-month before Fabiana would be brought to the school for her second summer of sexual abuse - prepared The Fessenden School community for another report of sexual abuse. This report, titled "SCHOOLED IN SHAME", was to be published in the May 8, 2016 Boston Sunday Globe. Mr. Stettler's May 5, 2016 letter prepared The Fessenden School community:

   a. "I recently met with a reporter from the Boston Globe and shared what we have learned since first reaching out to the community in 2011."

   b. "The coverage may include criticism related to how we have responded since 2011 to the egregious actions in the School's past - there are those who believe we had shared too openly and others who feel we have not been transparent enough."

   c. "I have made every effort, with the full support of our Board of Trustees, to model our School's values of honesty, compassion and respect in every decision and action."

   d. "Our community regularly participates in personal safety, wellness, and boundaries training, and a character education program is woven into the fabric of the school."

   e. "We are resolute in our commitment to protect our students and have zero tolerance for sexual misconduct or abuse."

   f. "Our community continually strives to ensure that our boys feel comfortable to be themselves, to discover their passions, and to reach out to members of the faculty and staff with any type of concern."

87. In June 2017 The Fessenden School was back in the spotlight with a new allegation of sexual misconduct, this time against a current administrator, Kenneth Howe who was been placed on leave as police investigated the accusation of sexual misconduct against him that stemmed from the 1990s.

88. Once again The Fessenden School officials sent home a letter to school community members saying it was taking the accusations against residential life director Kenneth Howe seriously.

89. A third letter (Exhibit 3) from Headmaster David B. Stettler, dated May 8, 2018, to The Fessenden School community obviously was a response to more claims of sexual abuse, this time by two former students who claimed they were abused in the 1960's and 1970's. These two former students eventually filed a lawsuit against The Fessenden School and others in Middlesex County Superior Court on October 12, 2018 (Civil Action No. 18-2949).

90. In his May 8, 2018 letter, Headmaster Stettler stated,

> "In my earlier letters to the community, I have described the education of our students, employee screenings, mandatory employee training, policies, procedures, protocols, and practices that are currently in place."

91. Prior to the filing this lawsuit, Fabiana, through counsel, requested The Fessenden School to provide the following documents for review, all of which were mentioned by Headmaster Stettler in his open letters:

    a. documentation of how, where, and when the Fessenden School has "emphasized the importance of raising [its] collective consciousness and reiterated [its] expectation of vigilance in identifying and recognizing signs of questionable behavior"

    b. "the existing policies and guidelines regarding interactions between adults and children in [the Fessenden] school community"

    c. documentation of how, where, and when "discussions on maintaining boundaries in our relationships with [Fessenden] students" took place

    d. documentation of how, where, and when the Fessenden School provided "ongoing training"

e. documentation of how, where, and when the Fessenden School provided "the tools and understandings" to help students maintain their own safety"

f. documentation of the Fessenden School's "hiring process for faculty and staff"

g. documentation of the Fessenden School's "zero tolerance for sexual misconduct and abuse"

h. documentation of how, where, and when the Fessenden School addressed "the issue of boundaries . . . in age-appropriate ways"

i. documentation of "personal safety, wellness, and boundaries training"

j. documentation of the Fessenden School's processes for employee screenings, mandatory employee training, policies, procedures, protocols, and practices that are currently in place"

k. documentation of "a character education program"

92. Unfortunately, The Fessenden School did not produce a single document that would back up any statement made by Headmaster Stettler in his letters of October 18, 2011, May 5, 2016, or May 8, 2018.

93. In his 2016 letter to the Fessenden community, Headmaster Stettler also stated,

"I have made every effort, with the full support of our Board of Trustees, to model our School's values of honesty, compassion and respect in every decision and action."

94. The Board of Trustees of The Fessenden School includes many successful businesspeople who should be very familiar with the laws and policies and procedures that corporate businesses implement to protect those employed by or otherwise associated with the corporate businesses.

95. Since the Board of Trustees supported Headmaster Stettler's "every effort", the Board of Trustees must have been aware of Headmaster Stettler's "every effort",

reviewed his "every effort", made sure his "every effort" was implemented, and followed up on the effectiveness of his "every effort".

96. The Board of Trustees must also have been acutely aware, or should have been aware, that making representations to the public that The Fessenden School has made "every effort" to protect children when in fact The Fessenden School had not made any effort to protect children could cause serious harm to the very children The Fessenden School had a legal duty to protect.

97. The Trustees and Headmaster Stettler made assertions about how well The Fessenden School is protecting children, when they knew that The Fessenden School was actually doing very little or nothing to protect children is willful and wanton misconduct.

### *Eleven-Year-Old Primo "Howie" Leung Arrives at The Fessenden School, as an Elementary School Student, Years Before Fabiana McLeod Is Born*

98. On February 25, 1994, a single mother from Hong Kong wrote to The Fessenden School to request "an application form as soon as possible" for her eleven-year-old son, Howie Leung. This single mother hoped that this "famous boarding school," as she described The Fessenden School, would provide her son with "excellent preparations" for a successful and fulfilling life.

99. In the application to The Fessenden School, this single mother from Hong Kong described her only child as "Quite a timid young boy".

100. In the application to The Fessenden School, eleven-year-old Howie described, in his own handwriting, the caring relationship between him and his "mum" and promised to "do [his] best at school and work hard when I grow up, and take care of her when she gets old":



I consider my mum to be the most important person in my life, because she is the person who loves and cares for me the most.

A few years ago, my mum and dad got divorced. Now, she has to take care of me alone.

My mum is a manager in a sporting goods company. In my mum's company, there are quite a number of people helping her in her every day work, which is really heavy. She has to work very hard to get her work finished.

My mum has a habit to save money. She spends her money on things that are really nessesary, such as my school fee's, food, and transportation. She seldom spends her money on enter-tainment.

My mum is a fairly good piano player, although she doesn't get much chance to practice, she could play well.

My mum is also good at tennis, and mostly plays about three to four times a week over an hour each time.

My mum does not cook too often, though she could cook good dishes of soyasauce chicken, steak, and some other dishes.

My mum could cook carrot soup, vegtible soup and also fish soup.

My mum cares about me a lot. She always tells me to do the right things for me to have a good life, and to be a good boy.

I also love my mum very much and I will do my best at school and work hard when I grow up, and take care of her when she gets old.

101. Leung's "mum" provided documents to The Fessenden School indicating that Howie was the product of a normal pregnancy, had no developmental problems, no illnesses, no hospitalizations, developed large motor skills early in life, and was taking no medications.

102. Howie's early education records contain comments such as, "Howie is very creative", "He has beautiful penmanship", "Howie is a fine student", "He is organized and plans his written work", and "Howie is cooperative and has many friends".

103. Howie was accepted into The Fessenden School as a "7-day boarding" student. The "Quite a timid young boy" was 12,000 miles from home and his "mum".

104. Leung's "mum" apparently wanted the best for young Howie at The Fessenden School. In response to a request for 1995 Christmas donations to The Fessenden School, the single mother faxed the following message,

> Many thanks for your fax dated 18 Dec., 95. Regarding the donation. I would like to donate an amount of $100 to support your school in educational need. Please debit my account in the next payment.
>
> I hope you will understand that my son was brought up in a single parent's family, that's the maximum effort I can afford.
>
> Have a Merry Christmas.

105. Eventually Howie Leung would graduate from The Fessenden School, attend secondary school, and graduate from college. Howie Leung became a teacher of children.

### *Primo "Howie" Leung Becomes a Middle School Teacher in Concord, New Hampshire*

106. Between September 2013 and June 2016 Leung was a thirty something year old teacher at the Rundlett Middle School in Concord, New Hampshire. The Rundlett Middle School is a coeducational public school.

107. Leung, described by his mother as "Quite a timid young boy" when he enrolled in The Fessenden School in 1994, was now a dangerous sexual predator who preyed on little girls.

108. Between September 2013 and June 2016 Fabiana was a student at the Rundlett Middle School in Concord, New Hampshire.

109. During his tenure at the Rundlett Middle School, Leung was often observed behaving too casually with female students.

110. In the Fall of 2014, staff and students noticed Leung's favoritism of Fabiana.

111. In December 2014, a female Rundlett Middle School student complained to school authorities about Leung's casual behavior and favoritism towards certain female students. The school authorities quickly suspended the female student for spreading bad rumors.

112. In February 2015, Leung's relationship with Fabiana turned sexual.

113. Despite his position as a full-time teacher in Concord, New Hampshire, Leung did not sever his ties to The Fessenden School; during the summers he would work in The Fessenden School English Language Learners ("ELL") summer program. The ELL summer program allowed international boys and girls to live on The Fessenden School campus during the summer and to participate in activities to improve their English language skills and to learn about other cultures.

114. At this point, the Plaintiffs do not know exactly when Leung was first employed by or associated with The Fessenden School as an adult. Except for a "Criminal Record Release Authorization" submitted to the New Hampshire State Police on June 21, 2004, when Leung was 21 years old, The Fessenden School did not produce any documents concerning Leung's employment or association with The Fessenden School as requested by Plaintiff's counsel.

115. Eventually Leung would become the co-director of The Fessenden School English Language Learners ("ELL") summer program.

116. According to The Fessenden School's website, during the summers of 2015 and 2016, Leung was a teacher, counsellor, and co-director of The Fessenden School's English Language Learners ("ELL") summer program.

117. The Fessenden School described its English Language Learners ("ELL") summer program as:

> "a unique English immersion program for English Language Learners. For five weeks, 45 boys and girls between the ages of 10-15 years old become a close-knit, family-like community. The multicultural environment presents priceless opportunities for students to learn about different countries and customs while strengthening their English abilities."

118. The Fessenden School English Language Learners ("ELL") summer program participants were usually male and female children of well-to-do international families who could afford the fees for the summer program.

119. The Fessenden School English Language Learners ("ELL") summer program participants usually lived in dormitories on The Fessenden School campus.

120. Leung recruited young girls from the Rundlett Middle School to participate, at no cost, in the activities of The Fessenden School English Language Learners ("ELL") summer program as "helpers", "volunteers", "part time students" and/or "proctors-in-training".

121. Leung discussed The Fessenden School English Language Learners ("ELL") summer program with Fabiana's father, Mark McLeod. Leung represented that because the Fessenden School was such a venerated and prestigious institution, Fabiana would benefit from being his "helper" at the school.

122. Leung represented to Mark McLeod that Fabiana would be safe overnighting in The Fessenden School dormitories.

123. Leung would drive Fabiana, in his vehicle, from Concord, New Hampshire, across the state line into Massachusetts, and to the Fessenden School in Newton, Massachusetts.

29

124. During the trips between Concord, New Hampshire and Newton, Massachusetts, Leung would force Fabiana to touch his genital area with her hand.

125. On The Fessenden School campus, the young girls Leung had recruited from the Rundlett Middle School were known as "Howie's Concord Girls".

126. During the summers of 2015 and 2016, Fabiana was one of "Howie's Concord Girls".

127. Leung would pay lots of attention to the "Concord Girls" and especially to Fabiana. Leung would often separate Fabiana from the other children and have her work with him in his Fessenden School office.

128. Leung and other adult Fessenden School teachers and proctors would often have after hours gatherings in a Fessenden School room where alcohol and marihuana laced brownies were served. When all the other Fessenden School English Language Learners ("ELL") summer program children were asleep, Fabiana was allowed to join the adult gatherings and freely help herself to alcohol and the marihuana laced brownies.

129. Leung would assign the "Concord Girls" to rooms in Fessenden School dormitories. Leung would assign Fabiana to a secluded corner room, circled in red below, in a dormitory named "Sanderson":



130. This corner room was accessible from the dining hall via a secluded stairway, marked with red "X" above, which would allow quick entry and exit directly into the corner room through an austere doorway with a handwritten sign identifying the door as an entrance to "Sanderson Dorm":



131.    During the summer of 2015, another of "Howie's Concord Girls" was rooming

with Fabiana.

132. During the summer of 2015, Leung continued his sexual advances toward Fabiana on The Fessenden School campus. Initially, Leung seemed to be testing the waters as to how far he could prey on Fabiana.

133. On several occasions during the summer of 2015, Leung would enter Fabiana's room and lay in the small dormitory bed with Fabiana, supposedly to watch movies on a laptop computer.

134. On several occasions during the summer of 2015, Leung would enter Fabiana's room and lay in the small dormitory bed with Fabiana and another female student, again supposedly to watch movies on a laptop computer.

135. Leung always laid next to Fabiana. Leung would cover himself and Fabiana and the other female student with a blanket.

136. While in the bed and covered with the blanket, Leung would fondle Fabiana.

137. By the end of the summer of 2015, Leung would enter Fabiana's dormitory room when she was alone. He would barricade the door with furniture, expose himself and sexually assault her.

138. After the summer of 2015, during the 2015-2016 academic year at the Rundlett Middle School, Leung continued to pursue Fabiana.

139. During the summer of 2016, Fabiana again was a "Concord Girl". This summer, Leung's routine was the same as the summer of 2015. However, during the summer of 2016, Leung escalated the frequency and intensity of his sexual assaults on Fabiana.

140.    During the summer of 2016, Leung organized a field trip for The Fessenden

         School English Language Learners ("ELL") summer program children to New

         York City. A bus transported the children, Fessenden School teachers,

         chaperones, proctors, Leung, Fabiana, and at least one other "Concord Girl" to

         Manhattan.

141.    The group stayed overnight in a Manhattan hotel. Fabiana and the other Concord

         Girl shared a room. Leung occupied a room very close by.

142.    In the evening, Leung asked Fabiana to come to his hotel room under the

         pretense that she was to put money into envelopes. The envelopes were to be

         distributed to the children the next day to be used as lunch money.

143.    When Fabiana finished placing the money in the envelopes, Leung went to the

         door of the motel room and fastened the inside latch so that the door could not

         be opened from the outside.

144.    Leung then approached Fabiana from behind, hugged her, and massaged her

         neck and shoulders.

145.    Leung placed Fabiana's arms around him, forced her to hug him tightly, and held

         her so tightly that she could not pull away.

146.    Leung then picked Fabiana up and placed her on the bed in his hotel room.

147.    Leung then took off his pants and underwear. He had an erection.

148.    Leung then forced Fabiana to perform oral sex on him while he held the back of

         her head to restrain her.

149.    Fabiana became upset and pulled away. Leung then brought her to the door of

         his hotel room, opened the door and angrily shoved her out of the room.

150.   Fabiana went to her hotel room. The room was empty. Fabiana began to cry and eventually fell asleep, exhausted.

151.   Once the group returned to The Fessenden School, Leung continued his assaults on Fabiana in her dormitory room and in the tunnels and stairwells of The Fessenden School.

152.   A few days after the trip to New York City, Leung emailed Fabiana's father, Mark McLeod:

> "I am so glad that Fabiana was with us in NYC. She is an amazing individual with a lot to offer. I also wanted to point out that I observed her helping out one of our classes in the afternoon program, understanding today's world, and she was very engaging and helpful. I was very encouraged to see these types of positive interactions."

153.   On July 23, 2016, shortly after the New York City field trip, a receipt Leung received at his school email indicates that Leung sent Fabiana a hat he bought for her online.

154.   When teachers in The Fessenden School English Language Learners ("ELL") summer program began complaining that Leung's relationships with the "Concord Girls", especially his open and notorious closeness and favoritism of Fabiana, were a distraction in the classroom, Leung "would extremely defend" his conduct.

155.   If Fabiana wanted to hang out with other children instead of Leung, "he would get extremely angry". Leung complained to the other "Concord Girls" that Fabiana did not want to spend time with him.

156.   When interviewed, another "Concord Girl" stated that she did not think that Leung's relationship with Fabiana was "weird enough" to do anything about.

157. However, one of the other Fessenden School counselors, who was about twenty years old, was particularly concerned about the relationship.

158. This counselor and the other "Concord Girls", approached Leung and said, "We know you're close to her, but it looks really strange and people would be really concerned." Even though this counselor was a mandated reporter, this Fessenden School counselor failed to report his concerns pursuant to Mass. Gen. Laws c. 119 § 51A.

159. Leung played a game that he called "Manhunt". During this game Leung would chase The Fessenden School English Language Learners ("ELL") summer program children through the corridors, stairwells, and tunnels of The Fessenden School buildings. No other adults were involved in this game.

160. During this "Manhunt" game, Leung would hunt Fabiana and sequester her in a secluded stairwell. He would forcibly kiss her and act like he was dominating her. He would fondle her breasts under her shirt, undress her, and digitally and orally rape her.

161. Other victims of sexual abuse at The Fessenden School, dating back to the 1960's, have also described being chased through the tunnels.

162. The number of times that Leung sexually assaulted Fabiana at The Fessenden School are too numerous to count.

163. Eventually the summer of 2016 – Fabiana's summer of hell - was over. In September 2016, Fabiana was to start the new school year in a new school as a student at Concord High School. She assumed she was now safe. Leung and the Rundlett Middle School were finally behind her.

164.    However, Fabiana was shocked to discover that Leung had arranged a transfer to the Concord High School. In addition, she was assigned a locker next to Leung's new office. Leung, like the villainous deacon in the movie *Night of the Hunter*, was back!

165.    The frightening reappearance of the teacher who had repeatedly sexually assaulted and raped her triggered severe and emotional reactions in Fabiana.

166.    In October 2016, Mark and Karina Mcleod sought consultation with a therapist for their daughter, Fabiana, then almost fifteen years old. Since the summer of 2016, Fabiana's family had observed sudden and drastic changes in her behavior. Fabiana, a strait-laced "A" student with no previous mental health issues, had suddenly become anxious, afraid, angry, and belligerent. Fabiana became interested in alcohol and marihuana. Her appearance changed. She cut herself with sharp objects. She burned herself with a blowtorch. The therapist diagnosed "Adjustment disorder, With anxiety".

### *Fabiana McCleod Was Not the Only Young Girl Howie Leung Assaulted at The Fessenden School*

167.    On July 18, 2020, The *Concord Monitor* reported that Howie Leung had potentially assaulted four young girls from Concord, New Hampshire (Exhibit 7).

168.    One of these young girls, like Fabiana McCleod, volunteered at the Fessenden summer program.

169.    This young girl told at least one investigator that Leung took her to the underground tunnels.

*The Fessenden School's and Its Insurer, United Educators' Deceptive Settlement Practices*

170.   On or about April 4, 2019, New England Cable News ('NECN') reported:

> A New Hampshire middle school teacher is facing multiple charges after he allegedly raped a young student in Massachusetts.
>
> Concord resident Primo "Howie" Leung, 36, was arrested Wednesday for allegedly bringing a student from New Hampshire to Massachusetts where he would sexually assault her.
>
> Leung, a teacher at Concord High School, allegedly raped the student over the course of two years from 2014 to 2016. At the time, Police say Leung was teaching at Rundlett Middle School in Concord. During the summers, they say he would drive his students down to Newton, Massachusetts where he was a camp counselor at the Fessenden School.

171.   On or about April 17, 2019, CBS News reported:

> BOSTON (CBS) – Primo "Howie" Leung, a New Hampshire teacher charged with raping a child while working at a Newton summer camp was ordered held without bail.
>
> Leung appeared in Newton District Court on Wednesday. He is facing two counts aggravated rape of a child, one count indecent assault and battery on a child under the age of 14, and one count indecent assault and battery on a person over the age of 14.
>
> "He managed to insert himself into her life and the lives of other young women who would come into the office and have lunch," prosecutor Radu Brestyan said. "He would buy them gifts and drive them home."
>
> Following his arrest earlier this month in New Hampshire, Leung has been held in the Merrimack County House of Corrections until the extradition process to Massachusetts could be completed. Leung was a teacher in Concord, N.H.
>
> Police said they found he had an "alleged sexual relationship" with a minor in Concord and Newton in 2015 and 2016. The victim lived in Concord at the time and Leung was working at a summer camp in Newton at the Fessenden School.

Some of the alleged inappropriate behavior occurred while Leung was driving the victim home. "It would involve some kissing of the victim, inappropriate touching," Brestyan said. "He grabbed her hand and put it on his genitals over his clothes."

Prosecutors said Wednesday Leung showered the victim with gifts, including a laptop and trips. He allegedly sexually assaulted her at least 20 times over the course of two summers.

"He would go into bed and watch movies at night when he was not supposed to be in the dormitories," Brestyan said.

According to prosecutors the girl, who was an unpaid staffer who assisted Leung at the Fessenden School, felt she had "no control" and was "degraded."

"A lot of times he was aggressive toward her, not hitting her, but aggressively put himself upon her," Brestyan said. "She felt degraded by him and no choice in what was going on."

172. Clearly, in April 2019, two years before the filing of this Complaint, The Fessenden School was aware that one of its teachers had transported a child from New Hampshire to its Newton, Massachusetts campus and raped her.

173. During the summer of 2020, the McLeod family sought legal advice concerning the sexual assaults on Fabiana at The Fessenden School during the summers of 2015 and 2016.

174. Counsel for the McLeod family researched The Fessenden School, including the docket of the Middlesex Superior Court.

175. The Middlesex Superior Court docket indicated that a lawsuit (Civil Action No. 18-2949) had been filed on May 8, 2018 against The Fessenden School by two older gentlemen who claimed that they were abused while students at The Fessenden School many decades ago. The docket identified The Fessenden School's legal representative.

176. On August 13, 2020, counsel for the McLeod family sent a letter to The Fessenden School's legal representative asking for twenty-nine (29) documents, including "Any and all insurance policies which apply to the allegations made in this letter", that were needed before a specific settlement demand could be made.

177. The requested documents should have been immediately available. In 2019, Massachusetts law enforcement had alerted The Fessenden School and interviewed at least four of its teachers or counselors. In addition, the Middlesex County Grand Jury had served The Fessenden School with at least one subpoena concerning Leung's sexual assaults against Fabiana on The Fessenden School campus.

178. The Fessenden School did not produce any of the requested documents.

179. On September 11, 2020, another letter was sent to The Fessenden School's legal representative to follow up on the letter of August 13, 2020.

180. The September 11, 2020 letter stated, "Also, I would assume at this stage that the Fessenden School has notified all relevant insurers concerning Fabiana's and her parents' claims. Please identify by policy name, policy number, and policy limits each and every insurance policy that may provide coverage for the claims against the Fessenden School, its agents, employees, administrators, directors and trustees, specifically including Mark Hansen and Linda Hansen, the directors of the ELL summer program during the relevant time periods."

181. By October 23, 2020, The Fessenden School still had not produced the requested documents or insurance policies, so a third letter was sent to The Fessenden School's legal representative.

182. The October 23, 2020 letter included a long, detailed summary of the opinions of a mental health expert retained by the McLeod family to assess Fabiana's present and future damages.

183. During the last week of November 2020, The Fessenden School produced 115 pages of documents, which included documents concerning Leung's admission to The Fessenden School when he was eleven years old (36 pages), a New Hampshire criminal record investigation of Leung from 2004 (1 page), student and staff rosters for the ELL summer program from 2015 and 2016 (27 pages), campus facility plans (43 pages), staff roles for 2018 (1 page), job offer letter to Nunu Laphai dated June 28, 2018 (1 Page), and undated faculty, staff and student pictures (6 pages). For the most part, these documents were hardly responsive to counsel's requests.

184. On February 11, 2021, counsel for the McLeod family met with The Fessenden School's legal representative,-in person, to discuss the case.

185. On February 11, 2021, Fabiana's mental health records were produced to counsel for The Fessenden School with the representation that the records were timely and supported the damage claims, and that the most recent records from Fabiana's mental health providers would be requested.

186.  On February 11, 2021, counsel again asked about The Fessenden School liability insurance policies that had been repeatedly requested since August 13, 2020.

187.  On February 22, 2021, The Fessenden School's legal representative produced, via email, the PRIMARY GENERAL LIABILITY INSURANCE POLICY DECLARATIONS for United Educators Policy No. CGL201400448800 for Policy Period September 1, 2014 to September 1, 2015 and EXCESS LIABILITY INSURANCE POLICY DECLARATIONS for United Educators Policy No. GLX201400448800 for the Policy Period September 1, 2014 to September 1, 2015. The Fessenden School's legal representative did not produce the actual Policies, just the Declarations Pages.

188.  Counsel for the McLeod family immediately emailed The Fessenden School's legal representative asking for the actual Policies, not just the Declarations Page, *and* for the Policies covering the Policy Period from September 1, 2015 to September 1, 2016, but received no reply.

189.  On March 8, 2021, The Fessenden School's legal representative sent an email stating, "I will check with my team but I don't think we have any more documents to produce."

190.  On March 8, 2021, counsel for the McLeod family sent a demand letter, pursuant to M.G.L. c. 93A and M.G.L. c. 176D to United Educators. This letter is attached as Exhibit 4 and is incorporated by reference into this Complaint.

191.  On or about April 8, 2021, United Educators responded (Exhibit 5) to the March 8, 2021 letter.

192. United Educators' response clearly indicated that it had not conducted a reasonable and prompt investigation of the McLeod family's claims against The Fessenden School and/or its agents, directors, Trustees, chaperones, counselors, proctors, and/or teachers.

193. United Educators' response stated, "The declarations pages are enclosed. United Educators is presently unaware of other liability coverage that may be applicable."

194. Prior to the April 8, 2021 letter (Exhibit 5), a representative of United Educators had never directly contacted counsel for the McLeod family. Of note, the April 8, 2021 letter does not contain **any** contact information for the sender of the letter.

195. Between August 13, 2020 and April 23, 2021, approximately eight (8) months, The Fessenden School and United Educators refused to produce the Policy and failed to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

196. On April 23, 2021, United Educators finally produced the 2014-2015 Policy, but did not produce any policies for the 2015-2016 policy period.

## CAUSES OF ACTION

**For each Cause of Action, the Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint and the attached Exhibits.**

### Cause of Action I

**This is an action by Fabiana McLeod against The Fessenden School, pursuant to 18 USC § 1595, the Trafficking Victims Protection Act civil remedy provision.**

197.    During all material times, The Fessenden School knowingly recruited, harbored, transported, provided, and/or obtained Fabiana McLeod for labor or services, including aggravated sexual abuse and/or or the attempt to commit aggravated sexual abuse.

198.    During all material times, The Fessenden School knowingly benefited by receiving something of value from participation in a venture which The Fessenden School knew or should have known involved the sex trafficking of Fabiana McLeod, then a minor child. Examples of the "something of value" The Fessenden School received include:

      a.    The Fessenden School used Fabiana's image on its website, without her and/or her parents' consent, to promote its summer program:



In this image from a Fessenden School website, Fabiana McLeod is in the foreground and Howie Leung is seated over her right shoulder.

    b.    In an email to Fabiana's father, Howie Leung wrote:

> "I am so glad that Fabiana was with us in NYC. She is an amazing individual with a lot to offer. I also wanted to point out that I observed her helping out one of our classes in the afternoon program, understanding today's world, and she was very engaging and helpful. I was very encouraged to see these types of positive interactions."

    c.    Fabiana was knowingly recruited, harbored, and transported to The Fessenden School to be a "helper", "volunteer", and to work in Leung's Fessenden School office.

199.    Fabiana McLeod seeks to recover damages and attorneys fees.

## Cause of Action II

**This is an action by Fabiana McLeod against The Fessenden School, pursuant to 18 USC § 2255, addressing the sexual exploitation of children.**

200.    Fabiana Mcleod is a person who, while a minor, was a victim of violations of several predicate felonies, including, but not limited to, 18 USC §§ 1590, 2421, 2422 and 2423.

201.    Fabiana McLeod suffered personal injury as a result of such violations.

202.    Fabiana McLeod seeks to recover the actual damages she sustained, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and punitive damages.

## Cause of Action III

**This is an action by Fabiana McLeod against The Fessenden School for negligence.**

203.    The Fessenden School had a legal duty to protect Fabiana McLeod when she was a minor child on its campus or was engaging in off-campus activities of The Fessenden School.

204.    The Fessenden School breached it duty when it failed to develop, implement, and enforce policies and procedures specific to educator and/or employee conduct that should have included:

      i.    descriptions of reporting requirements for allegations and/or suspicions of child sexual abuse

      ii.    descriptions of what constitutes school employee sexual misconduct

46

     iii.      expectations for volunteers

     iv.      guidance in identifying and reporting behaviors that might indicate school employee sexual misconduct toward a child

     v.      a statement concerning The Fessenden School's commitment to prevention of school employee sexual misconduct

     vi.      a statement that there is no such thing as consensual sex between adults employed by and/or associated with The Fessenden School and minor children

     vii.      descriptions of acceptable and unacceptable behavior

     viii.      requirements for training for prevention of educator sexual abuse

     ix.      inclusion of The Fessenden School policies and procedures concerning inappropriate sexual conduct in staff, student, and parent handbooks

     x.      a statement about retaliation

     xi.      a list of potential sanctions and penalties for school employee sexual misconduct toward a minor child

     xii.      investigation requirements

     xiii.      included examples of grooming behaviors

205.    The Fessenden School failed to develop, implement, and enforce policies and procedures, specific to the training of teachers, counselors, students, minor children, and parents to prevent school employee sexual misconduct, that included:

i.       informing teachers, students, and parents of The Fessenden School's policies on child sexual abuse

ii.     training all staff on appropriate procedures to report suspicions of school employee sexual misconduct with students

iii.    training all staff on creating and maintaining a safe environment for children

iv.    training all staff on maintaining appropriate boundaries with students

v.     training all staff about what constitutes school employee sexual misconduct

vi.    emphasizing that reporting suspicions of school employee sexual misconduct toward students or minor children is a professional responsibility and a law

vii.   training teachers of what specific and/or general behaviors are acceptable and unacceptable

viii.  providing school employee sexual misconduct training to all school staff who will have direct contact with students and/or minor children, not just teachers

ix.    training all staff to recognize warning signs of child sexual abuse

x.     teaching staff how to communicate with the suspected victim (i.e., not embarrass, punish, or stigmatize him or her)

xi.    training school personnel on the short-term effects child sexual abuse can have on victims

xii.    training school personnel on the long-term effects child sexual
abuse can have on victims

xiii.   ensuring that staff meet certification or employment requirements
documenting that they have completed the training on school
employee sexual misconduct

xiv.    training all staff to recognize warning signs of school employee
sexual misconduct

xv.     training staff annually

xvi.    training students on school employee sexual misconduct and child
sexual abuse

xvii.   providing multifaceted training that utilizes different teaching styles,
different levels of interactivity, and different types of training
materials

xviii.  training staff on how to talk to minor children about sexual abuse

xix.    designating one school staff member to be the case coordinator to
handle all incidents of school employee sexual misconduct

xx.     train students concerning sexual abuse annually

xxi.    train parents concerning sexual abuse annually

206.    As a direct and proximate result of defendant The Fessenden School's breach of
its duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and
repeatedly sexually assaulted and raped. Fabiana McLeod suffered bodily harm,
humiliation, severe emotional distress, and permanent psychological damages.
Fabiana has incurred expenses and will more likely than not incur future

expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## <u>Cause of Action IV</u>

**This is an action by Fabiana McLeod against defendant The Fessenden School, pursuant to M.G.L. c. 214, § 1C, for violations of M.G.L. c. 151C, § 2(g).**

207.  M.G.L. c. 214, § 1C provides persons with a private right of action for violations of M.G.L. c. 151C, § 2(g) which prohibits an educational institution "To sexually harass students in any program or course of study in any educational institution."

208.  By its actions and conduct, as alleged herein, The Fessenden School has violated M.G.L. c. 151C, § 2(g).

209.  As a direct result thereof, Fabiana McLeod has been damaged, in an amount to be determined at trial.

## <u>Cause of Action V</u>

**This is an action by Fabiana McLeod against defendant The Fessenden School, pursuant to M.G.L. c. 214, § 1C, for violations of M.G.L. c. 151B, § 4(16A).**

210.  M.G.L. c. 214, § 1C provides persons with a private right of action for violations of M.G.L. c. 151B, § 4(16A) which makes it unlawful "For an employer, personally or through its agents, to sexually harass any employee."

211.  By its actions and conduct, as alleged herein, The Fessenden School has violated M.G.L. c. 151B, § 4(16A).

212.  As a direct result thereof, Fabiana McLeod has been damaged, in an amount to be determined at trial.

## Cause of Action VI

**This is an action by Fabiana McLeod against defendant Primo "Howie" Leung for assault, battery, rape, providing alcohol to an underage person, providing marihuana to an underaged person, and false imprisonment.**

213.    As a direct and proximate result of defendant Primo "Howie" Leung's intentional misconduct towards the plaintiff Fabiana McLeod, then a minor child, Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action VII

**This is an action by Fabiana McLeod against defendant Primo "Howie" Leung, pursuant to M.G.L. c. 214, § 1C, for violations of M.G.L. c. 151C, § 2(g).**

214.    M.G.L. c. 214, § 1C provides persons with a private right of action for violations of M.G.L. c. 151C, § 2(g) which prohibits an educational institution "To sexually harass students in any program or course of study in any educational institution."

215.    By his actions and conduct, as alleged herein, Leung has violated M.G.L. c. 151C, § 2(g).

216.    As a direct result thereof, Fabiana McLeod has been damaged, in an amount to be determined at trial.

## Cause of Action VIII

**This is an action by Fabiana McLeod against defendant Primo "Howie" Leung, pursuant to M.G.L. c. 214, § 1C, for violations of M.G.L. c. 151B, § 4(16A).**

217.    M.G.L. c. 214, § 1C provides persons with a private right of action for violations of M.G.L. c. 151B, § 4(16A) which makes it unlawful "For an employer, personally or through its agents, to sexually harass any employee."

218.    By his actions and conduct, as alleged herein, Leung has violated M.G.L. c. 151B, § 4(16A).

219.    As a direct result thereof, Fabiana McLeod has been damaged, in an amount to be determined at trial.

## Cause of Action IX

**This is an action by Fabiana McLeod against Primo "Howie" Leung for negligence.**

220.    Primo "Howie" Leung, at all material times was a co-director of The Fessenden School's summer ELL program.

221.    Primo "Howie" Leung had a legal duty to protect Fabiana McLeod when she was a minor child.

222.    Primo "Howie" Leung breached his duty when he failed to develop, implement, and enforce policies and procedures specific to educator and/or employee conduct that should have included:

    i.    descriptions of reporting requirements for allegations and/or suspicions of child sexual abuse

    ii.    descriptions of what constitutes school employee sexual misconduct

    iii.    expectations for volunteers

    iv.    guidance in identifying and reporting behaviors that might indicate school employee sexual misconduct toward a child

    v.    a statement concerning The Fessenden School's commitment to prevention of school employee sexual misconduct

    vi.    a statement that there is no such thing as consensual sex between adults employed by and/or associated with The Fessenden School and minor children

    vii.    descriptions of acceptable and unacceptable behavior

    viii.    requirements for training for prevention of educator sexual abuse

    ix.    inclusion of The Fessenden School policies and procedures concerning inappropriate sexual conduct in staff, student, and parent handbooks

    x.    a statement about retaliation

    xi.    a list of potential sanctions and penalties for school employee sexual misconduct toward a minor child

    xii.    investigation requirements

    xiii.    included examples of grooming behaviors

223.    Primo "Howie" Leung failed to develop, implement, and enforce policies and procedures, specific to the training of teachers, counselors, students, minor children, and parents to prevent school employee sexual misconduct, that included:

i.  informing teachers, students, and parents of The Fessenden School's policies on child sexual abuse

ii.  training all staff on appropriate procedures to report suspicions of school employee sexual misconduct with students

iii.  training all staff on creating and maintaining a safe environment for children

iv.  training all staff on maintaining appropriate boundaries with students

v.  training all staff about what constitutes school employee sexual misconduct

vi.  emphasizing that reporting suspicions of school employee sexual misconduct toward students or minor children is a professional responsibility and a law

vii.  training teachers of what specific and/or general behaviors are acceptable and unacceptable

viii.  providing school employee sexual misconduct training to all school staff who will have direct contact with students and/or minor children, not just teachers

ix.  training all staff to recognize warning signs of child sexual abuse

x.  teaching staff how to communicate with the suspected victim (i.e., not embarrass, punish, or stigmatize him or her)

xi.  training school personnel on the short-term effects child sexual abuse can have on victims

xii.     training school personnel on the long-term effects child sexual abuse can have on victims

xiii.    ensuring that staff meet certification or employment requirements documenting that they have completed the training on school employee sexual misconduct

xiv.     training all staff to recognize warning signs of school employee sexual misconduct

xv.      training staff annually

xvi.     training students on school employee sexual misconduct and child sexual abuse

xvii.    providing multifaceted training that utilizes different teaching styles, different levels of interactivity, and different types of training materials

xviii.   training staff on how to talk to minor children about sexual abuse

xix.     designating one school staff member to be the case coordinator to handle all incidents of school employee sexual misconduct

xx.      train students concerning sexual abuse annually

xxi.     train parents concerning sexual abuse annually

224.    As a direct and proximate result of defendant Primo "Howie" Leung's breach of his duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future

expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action X

**This is an action by Fabiana McLeod against Mark Hansen for negligence.**

225. Mark Hansen, at all material times, was a co-director of The Fessenden School's summer ELL program.

226. Mark Hansen had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

227. Mark Hansen breached his duty when he failed to develop, implement, and enforce policies and procedures specific to educator and/or employee conduct that should have included:

   i. descriptions of reporting requirements for allegations and/or suspicions of child sexual abuse

   ii. descriptions of what constitutes school employee sexual misconduct

   iii. expectations for volunteers

   iv. guidance in identifying and reporting behaviors that might indicate school employee sexual misconduct toward a child

   v. a statement concerning The Fessenden School's commitment to prevention of school employee sexual misconduct

vi.     a statement that there is no such thing as consensual sex between adults employed by and/or associated with The Fessenden School and minor children

vii.     descriptions of acceptable and unacceptable behavior

viii.     requirements for training for prevention of educator sexual abuse

ix.     inclusion of The Fessenden School policies and procedures concerning inappropriate sexual conduct in staff, student, and parent handbooks

x.     a statement about retaliation

xi.     a list of potential sanctions and penalties for school employee sexual misconduct toward a minor child

xii.     investigation requirements

xiii.     included examples of grooming behaviors

228.     Mark Hansen failed to develop, implement, and enforce policies and procedures, specific to the training of teachers, counselors, students, minor children, and parents to prevent school employee sexual misconduct, that included:

i.     informing teachers, students, and parents of The Fessenden School's policies on child sexual abuse

ii.     training all staff on appropriate procedures to report suspicions of school employee sexual misconduct with students

iii.     training all staff on creating and maintaining a safe environment for children

iv. training all staff on maintaining appropriate boundaries with students

v. training all staff about what constitutes school employee sexual misconduct

vi. emphasizing that reporting suspicions of school employee sexual misconduct toward students or minor children is a professional responsibility and a law

vii. training teachers of what specific and/or general behaviors are acceptable and unacceptable

viii. providing school employee sexual misconduct training to all school staff who will have direct contact with students and/or minor children, not just teachers

ix. training all staff to recognize warning signs of child sexual abuse

x. teaching staff how to communicate with the suspected victim (i.e., not embarrass, punish, or stigmatize him or her)

xi. training school personnel on the short-term effects child sexual abuse can have on victims

xii. training school personnel on the long-term effects child sexual abuse can have on victims

xiii. ensuring that staff meet certification or employment requirements documenting that they have completed the training on school employee sexual misconduct

xiv.    training all staff to recognize warning signs of school employee sexual misconduct

xv.    training staff annually

xvi.    training students on school employee sexual misconduct and child sexual abuse

xvii.    providing multifaceted training that utilizes different teaching styles, different levels of interactivity, and different types of training materials

xviii.    training staff on how to talk to minor children about sexual abuse

xix.    designating one school staff member to be the case coordinator to handle all incidents of school employee sexual misconduct

xx.    train students concerning sexual abuse annually

xxi.    train parents concerning sexual abuse annually

229.    Mark Hansen failed to comply with M.G.L. c. 119 §§ 21and 51A, by failing to immediately report that, in his professional capacity, he had reasonable cause to believe that a child under the age of 18 was suffering from abuse or neglect.

230.    As a direct and proximate result of defendant Mark Hansen's breach of his duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XI

**This is an action by Fabiana McLeod against Linda Hansen for negligence.**

231.   Linda Hansen, at all material times, was a co-director of The Fessenden School's summer ELL program.

232.   Linda Hansen had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

233.   Linda Hansen breached her duty when she failed to develop, implement, and enforce policies and procedures specific to educator and/or employee conduct that should have included:

   i.   descriptions of reporting requirements for allegations and/or suspicions of child sexual abuse

   ii.   descriptions of what constitutes school employee sexual misconduct

   iii.   expectations for volunteers

   iv.   guidance in identifying and reporting behaviors that might indicate school employee sexual misconduct toward a child

   v.   a statement concerning The Fessenden School's commitment to prevention of school employee sexual misconduct

   vi.   a statement that there is no such thing as consensual sex between adults employed by and/or associated with The Fessenden School and minor children

   vii.   descriptions of acceptable and unacceptable behavior

   viii.   requirements for training for prevention of educator sexual abuse

     ix.      inclusion of The Fessenden School policies and procedures concerning inappropriate sexual conduct in staff, student, and parent handbooks

     x.      a statement about retaliation

     xi.      a list of potential sanctions and penalties for school employee sexual misconduct toward a minor child

     xii.      investigation requirements

     xiii.      included examples of grooming behaviors

234. Linda Hansen failed to develop, implement, and enforce policies and procedures, specific to the training of teachers, counselors, students, minor children, and parents to prevent school employee sexual misconduct, that included:

     i.      informing teachers, students, and parents of The Fessenden School's policies on child sexual abuse

     ii.      training all staff on appropriate procedures to report suspicions of school employee sexual misconduct with students

     iii.      training all staff on creating and maintaining a safe environment for children

     iv.      training all staff on maintaining appropriate boundaries with students

     v.      training all staff about what constitutes school employee sexual misconduct

vi.      emphasizing that reporting suspicions of school employee sexual misconduct toward students or minor children is a professional responsibility and a law

vii.      training teachers of what specific and/or general behaviors are acceptable and unacceptable

viii.      providing school employee sexual misconduct training to all school staff who will have direct contact with students and/or minor children, not just teachers

ix.      training all staff to recognize warning signs of child sexual abuse

x.      teaching staff how to communicate with the suspected victim (i.e., not embarrass, punish, or stigmatize him or her)

xi.      training school personnel on the short-term effects child sexual abuse can have on victims

xii.      training school personnel on the long-term effects child sexual abuse can have on victims

xiii.      ensuring that staff meet certification or employment requirements documenting that they have completed the training on school employee sexual misconduct

xiv.      training all staff to recognize warning signs of school employee sexual misconduct

xv.      training staff annually

xvi.      training students on school employee sexual misconduct and child sexual abuse

xvii. providing multifaceted training that utilizes different teaching styles, different levels of interactivity, and different types of training materials

xviii. training staff on how to talk to minor children about sexual abuse

xix. designating one school staff member to be the case coordinator to handle all incidents of school employee sexual misconduct

xx. train students concerning sexual abuse annually

xxi. train parents concerning sexual abuse annually

235. Linda Hansen failed to comply with M.G.L. c. 119 §§ 21and 51A, by failing to immediately report that, in her professional capacity, she had reasonable cause to believe that a child under the age of 18 was suffering from abuse or neglect.

236. As a direct and proximate result of defendant Linda Hansen's breach of her duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

### Cause of Action XII

**This is an action by Fabiana McLeod against Kenneth Howe for negligence.**

237. Kenneth Howe, at all material times, was Director of Residential Life at The Fessenden School.

238. Kenneth Howe had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus.

239. Kenneth Howe breached his duty when he failed to develop, implement, and enforce policies and procedures specific to educator and/or employee conduct and residential and/or dormitory security that should have included:

    i.    Security procedures that restricted access by adult males to a dormitory housing underage girls

    ii.    Prohibition of adult males from interacting with underage girls, behind closed doors, in dormitory housing underage girls

    iii.    Prohibition of alcohol and marijuana laced brownies to be served in buildings on The Fessenden School campus

    iv.    Sign in procedures for access to dormitory housing underage girls

    v.    Surveillance cameras at the entrances and stairwells of dormitory housing underage girls

    vi.    Restricted and/or monitored access to the "tunnels" that almost every victim of abuse at The Fessenden School identifies as a secluded location where abuse occured

    vii.    descriptions of reporting requirements for allegations and/or suspicions of child sexual abuse

    viii.    descriptions of what constitutes school employee sexual misconduct

    ix.    expectations for volunteers

x.      guidance in identifying and reporting behaviors that might indicate school employee sexual misconduct toward a child

xi.     a statement concerning The Fessenden School's commitment to prevention of school employee sexual misconduct

xii.    a statement that there is no such thing as consensual sex between adults employed by and/or associated with The Fessenden School and minor children

xiii.   descriptions of acceptable and unacceptable behavior

xiv.    requirements for training for prevention of educator sexual abuse

xv.     inclusion of The Fessenden School policies and procedures concerning inappropriate sexual conduct in staff, student, and parent handbooks

xvi.    a statement about retaliation

xvii.   a list of potential sanctions and penalties for school employee sexual misconduct toward a minor child

xviii.  investigation requirements

xix.    included examples of grooming behaviors

240.  Kenneth Howe failed to develop, implement, and enforce policies and procedures, specific to the training of teachers, counselors, students, minor children, and parents to prevent school employee sexual misconduct, that included:

i.      informing teachers, students, and parents of The Fessenden School's policies on child sexual abuse

ii.      training all staff on appropriate procedures to report suspicions of
school employee sexual misconduct with students

iii.      training all staff on creating and maintaining a safe environment for
children

iv.      training all staff on maintaining appropriate boundaries with
students

v.      training all staff about what constitutes school employee sexual
misconduct

vi.      emphasizing that reporting suspicions of school employee sexual
misconduct toward students or minor children is a professional
responsibility and a law

vii.      training teachers of what specific and/or general behaviors are
acceptable and unacceptable

viii.      providing school employee sexual misconduct training to all school
staff who will have direct contact with students and/or minor
children, not just teachers

ix.      training all staff to recognize warning signs of child sexual abuse

x.      teaching staff how to communicate with the suspected victim (i.e.,
not embarrass, punish, or stigmatize him or her)

xi.      training school personnel on the short-term effects child sexual
abuse can have on victims

xii.      training school personnel on the long-term effects child sexual
abuse can have on victims

xiii.      ensuring that staff meet certification or employment requirements
           documenting that they have completed the training on school
           employee sexual misconduct

xiv.      training all staff to recognize warning signs of school employee
           sexual misconduct

xv.       training staff annually

xvi.      training students on school employee sexual misconduct and child
           sexual abuse

xvii.     providing multifaceted training that utilizes different teaching styles,
           different levels of interactivity, and different types of training
           materials

xviii.    training staff on how to talk to minor children about sexual abuse

xix.      designating one school staff member to be the case coordinator to
           handle all incidents of school employee sexual misconduct

xx.       train students concerning sexual abuse annually

xxi.      train parents concerning sexual abuse annually

241.   Kenneth Howe failed to comply with M.G.L. c. 119 §§ 21 and 51A, by failing to
        immediately report that, in his professional capacity, he had reasonable cause to
        believe that a child under the age of 18 was suffering from abuse or neglect.

242.   As a direct and proximate result of defendant Kenneth Howe's breach of his duty,
        the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly
        sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe
        emotional distress, and permanent psychological damages. Fabiana has incurred

expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XIII**

**This is an action by Fabiana McLeod against David B. Stettler for negligence.**

243.   At all material times, David B. Stettler, was Headmaster of The Fessenden School and was compensated for his services.

244.   David B. Stettler had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

245.   David B. Stettler breached his duty when he failed to develop, implement, and enforce policies and procedures specific to educator and/or employee conduct that should have included:

    i.     descriptions of reporting requirements for allegations and/or suspicions of child sexual abuse

    ii.     descriptions of what constitutes school employee sexual misconduct

    iii.     expectations for volunteers

    iv.     guidance in identifying and reporting behaviors that might indicate school employee sexual misconduct toward a child

    v.     a statement concerning The Fessenden School's commitment to prevention of school employee sexual misconduct

      vi.      a statement that there is no such thing as consensual sex between

            adults employed by and/or associated with The Fessenden School

            and minor children

      vii.     descriptions of acceptable and unacceptable behavior

     viii.    requirements for training for prevention of educator sexual abuse

      ix.      inclusion of The Fessenden School policies and procedures

            concerning inappropriate sexual conduct in staff, student, and

            parent handbooks

      x.       a statement about retaliation

      xi.      a list of potential sanctions and penalties for school employee

            sexual misconduct toward a minor child

      xii.     investigation requirements

     xiii.    included examples of grooming behaviors

246.   David B. Stettler failed to develop, implement, and enforce policies and

procedures, specific to the training of teachers, counselors, students, minor

children, and parents to prevent school employee sexual misconduct, that

included:

      i.       informing teachers, students, and parents of The Fessenden

            School's policies on child sexual abuse

      ii.      training all staff on appropriate procedures to report suspicions of

            school employee sexual misconduct with students

      iii.     training all staff on creating and maintaining a safe environment for

            children

iv.     training all staff on maintaining appropriate boundaries with students

v.     training all staff about what constitutes school employee sexual misconduct

vi.     emphasizing that reporting suspicions of school employee sexual misconduct toward students or minor children is a professional responsibility and a law

vii.     training teachers of what specific and/or general behaviors are acceptable and unacceptable

viii.     providing school employee sexual misconduct training to all school staff who will have direct contact with students and/or minor children, not just teachers

ix.     training all staff to recognize warning signs of child sexual abuse

x.     teaching staff how to communicate with the suspected victim (i.e., not embarrass, punish, or stigmatize him or her)

xi.     training school personnel on the short-term effects child sexual abuse can have on victims

xii.     training school personnel on the long-term effects child sexual abuse can have on victims

xiii.     ensuring that staff meet certification or employment requirements documenting that they have completed the training on school employee sexual misconduct

xiv.     training all staff to recognize warning signs of school employee sexual misconduct

xv.      training staff annually

xvi.     training students on school employee sexual misconduct and child sexual abuse

xvii.    providing multifaceted training that utilizes different teaching styles, different levels of interactivity, and different types of training materials

xviii.   training staff on how to talk to minor children about sexual abuse

xix.     designating one school staff member to be the case coordinator to handle all incidents of school employee sexual misconduct

xx.      train students concerning sexual abuse annually

xxi.     train parents concerning sexual abuse annually

247.   David B. Stettler failed to comply with M.G.L. c. 119 §§ 21and 51A, by failing to immediately report that, in his professional capacity, he had reasonable cause to believe that a child under the age of 18 was suffering from abuse or neglect.

248.   As a direct and proximate result of defendant David B. Stettler's breach of his duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XIV

**This is an action by Fabiana McLeod against David B. Stettler for gross negligence and willful and wanton misconduct.**

249.   At all material times, David B. Stettler, was Headmaster of The Fessenden School and was compensated for his services.

250.   In letters to The Fessenden School Community and publicly available on The Fessenden School website, David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

251.   In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

252.   The statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

253.   David B. Stettler, knew or should have known that his misrepresentations would cause harm to children.

254.   As a direct and proximate result of defendant David B. Stettler's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XV

**This is an action by Fabiana McLeod against Donald G. Bramley for gross negligence and willful and wanton misconduct.**

255. At all material times, Donald G. Bramley, was Trustee/President of The Fessenden School.

256. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

257. Headmaster David B. Stettler stated, "I have made every effort, *with the full support of our Board of Trustees,* to model our School's values of honesty, compassion and respect in every decision and action."

258. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

259. Donald G. Bramley, as Trustee/Vice President of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

260. Donald G. Bramley, as Trustee/Vice President of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

261. Donald G. Bramley, as Trustee/Vice President of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

262. As a direct and proximate result of defendant Donald G. Bramley's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XVI

**This is an action by Fabiana McLeod against Ian Loring for gross negligence and willful and wanton misconduct.**

263. At all material times, Ian Loring, was Trustee/Vice President of The Fessenden School.

264. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

265. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

266. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

267. Ian Loring, as Trustee/Vice President of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

268. Ian Loring, as Trustee/Vice President of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

269. Ian Loring, as Trustee/Vice President of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

270. As a direct and proximate result of defendant Ian Loring's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XVII**

**This is an action by Fabiana McLeod against Michael R. Mach for gross negligence and willful and wanton misconduct.**

271. At all material times, Michael R. Mach, was Trustee of The Fessenden School.

272. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

273. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

274. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

275. Michael R. Mach, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

276. Michael R. Mach, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

277. Michael R. Mach, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

278. As a direct and proximate result of defendant Michael R. Mach's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XVIII

**This is an action by Fabiana McLeod against Michael P. Murray for gross negligence and willful and wanton misconduct.**

279. At all material times, Michael P. Murray, was Trustee/Clerk of The Fessenden School.

280. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

281. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

282. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

283. Michael P. Murray, as Trustee/Clerk of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

284. Michael P. Murray, as Trustee/Clerk of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

285. Michael P. Murray, as Trustee/Clerk of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

286. As a direct and proximate result of defendant Michael P. Murray's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

### Cause of Action XIX

**This is an action by Fabiana McLeod against Jeffrey Allen for gross negligence and willful and wanton misconduct.**

287. At all material times, Jeffrey Allen was Trustee of The Fessenden School.

288. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

289. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

290. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

291. Jeffrey Allen, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

292. Jeffrey Allen, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and

wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

293.   Jeffrey Allen, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

294.   As a direct and proximate result of defendant Jeffrey Allen's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XX**

**This is an action by Fabiana McLeod against Christopher Bartel for gross negligence and willful and wanton misconduct.**

295.   At all material times, Christopher Bartel was Trustee of The Fessenden School.

296.   In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

297.   Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

298. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

299. Christopher Bartel, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

300. Christopher Bartel, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

301. Christopher Bartel, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

302. As a direct and proximate result of defendant Christopher Bartel's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XXI**

**This is an action by Fabiana McLeod against Melisa L. Berman for gross negligence and willful and wanton misconduct.**

303. At all material times, Melisa L. Berman was Trustee of The Fessenden School.

304. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

305. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

306. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

307. Melisa L. Berman, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

308. Melisa L. Berman, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

309. Melisa L. Berman, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

310. As a direct and proximate result of defendant Melisa L. Berman's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological

damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XXII

**This is an action by Fabiana McLeod against Stephanie M. Bucci for gross negligence and willful and wanton misconduct.**

311. At all material times, Stephanie M. Bucci was Trustee of The Fessenden School.

312. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

313. Headmaster David B. Stettler stated, "I have made every effort, ***with the full support of our Board of Trustees,*** to model our School's values of honesty, compassion and respect in every decision and action."

314. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

315. Stephanie M. Bucci, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

316. Stephanie M. Bucci, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

317. Stephanie M. Bucci, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting

children, when in actuality it had taken little or no action to protect children, would cause harm to children.

318. As a direct and proximate result of defendant Stephanie M. Bucci's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XXIII

**This is an action by Fabiana McLeod against Tara B. Ciongoli for gross negligence and willful and wanton misconduct.**

319. At all material times, Tara B. Ciongoli was Trustee of The Fessenden School.

320. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

321. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

322. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

323. Tara B. Ciongoli, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

324. Tara B. Ciongoli, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

325. Tara B. Ciongoli, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

326. As a direct and proximate result of defendant Tara B. Ciongoli's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XXIV

**This is an action by Fabiana McLeod against Bruce C. Dayton for gross negligence and willful and wanton misconduct.**

327. At all material times, Bruce C. Dayton was Trustee of The Fessenden School.

328. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

329. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

330. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

331. Bruce C. Dayton, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

332. Bruce C. Dayton, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

333. Bruce C. Dayton, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

334. As a direct and proximate result of defendant Bruce C. Dayton's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XXV

**This is an action by Fabiana McLeod against Edward V. Denoble for gross negligence and willful and wanton misconduct.**

335.  At all material times, Edward V. Denoble was Trustee of The Fessenden School.

336.  In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

337.  Headmaster David B. Stettler stated, "I have made every effort, ***with the full support of our Board of Trustees,*** to model our School's values of honesty, compassion and respect in every decision and action."

338.  In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

339.  Edward V. Denoble, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

340.  Edward V. Denoble, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

341.  Edward V. Denoble, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

342. As a direct and proximate result of defendant Edward V. Denoble's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

### Cause of Action XXVI

**This is an action by Fabiana McLeod against Robert M. Dickey for gross negligence and willful and wanton misconduct.**

343. At all material times, Robert M. Dickey was Trustee of The Fessenden School.

344. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

345. Headmaster David B. Stettler stated, "I have made every effort, ***with the full support of our Board of Trustees,*** to model our School's values of honesty, compassion and respect in every decision and action."

346. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

347. Robert M. Dickey, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

348. Robert M. Dickey, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

349. Robert M. Dickey, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

350. As a direct and proximate result of defendant Robert M. Dickey's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XXVII

**This is an action by Fabiana McLeod against Jennifer Mugar Flaherty for gross negligence and willful and wanton misconduct.**

351. At all material times, Jennifer Mugar Flaherty was Trustee of The Fessenden School.

352. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

353. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

354. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

355. Jennifer Mugar Flaherty, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

356. Jennifer Mugar Flaherty, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

357. Jennifer Mugar Flaherty, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

358. As a direct and proximate result of defendant Jennifer Mugar Flaherty's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XXVIII**

**This is an action by Fabiana McLeod against Charles K. Fadel for gross negligence and willful and wanton misconduct.**

359. At all material times, Charles K. Fadel was Trustee of The Fessenden School.

360. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

361. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

362. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

363. Charles K. Fadel, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

364. Charles K. Fadel, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

365. Charles K. Fadel, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

90

366.    As a direct and proximate result of defendant Charles K. Fadel's gross, willful
        and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was
        viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily
        harm, humiliation, severe emotional distress, and permanent psychological
        damages. Fabiana has incurred expenses and will more likely than not incur
        future expenses for medical and psychological treatment, suffer loss of earning
        potential, and suffer loss of income.

### Cause of Action XXIX

**This is an action by Fabiana McLeod against Keith B. Gelb for gross negligence
and willful and wanton misconduct.**

367.    At all material times, Keith B. Gelb was Trustee of The Fessenden School.

368.    In letters to The Fessenden School Community and publicly available on The
        Fessenden School website, Headmaster David B. Stettler claimed that he had
        made every effort to protect children at The Fessenden School.

369.    Headmaster David B. Stettler stated, "I have made every effort, **with the full
        support of our Board of Trustees,** to model our School's values of honesty,
        compassion and respect in every decision and action."

370.    In fact, David B. Stettler knowingly, willfully and wantonly had made little or no
        effort to protect children at The Fessenden School.

371.    Keith B. Gelb, as Trustee of The Fessenden School, knew or should have known
        that The Fessenden School had made little or no effort to protect children at The
        Fessenden School.

372.    Keith B. Gelb, as Trustee of The Fessenden School, knew or should have known
        that the statements in David B. Stettler's letters were knowingly, willfully and

91

wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

373. Keith B. Gelb, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

374. As a direct and proximate result of defendant Keith B. Gelb's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XXX**

**This is an action by Fabiana McLeod against Craig N. Gemmel for gross negligence and willful and wanton misconduct.**

375. At all material times, Craig N. Gemmel was Trustee of The Fessenden School.

376. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

377. Headmaster David B. Stettler stated, "I have made every effort, ***with the full support of our Board of Trustees,*** to model our School's values of honesty, compassion and respect in every decision and action."

378. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

379. Craig N. Gemmel, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

380. Craig N. Gemmel, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

381. Craig N. Gemmel, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

382. As a direct and proximate result of defendant Craig N. Gemmel's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XXXI**

**This is an action by Fabiana McLeod against Michael S. Gordan for gross negligence and willful and wanton misconduct.**

383. At all material times, Michael S. Gordan was Trustee of The Fessenden School.

384.    In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

385.    Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

386.    In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

387.    Michael S. Gordan, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

388.    Michael S. Gordan, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

389.    Michael S. Gordan, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

390.    As a direct and proximate result of defendant Michael S. Gordan's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological

damages Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XXXII

**This is an action by Fabiana McLeod against Grace Hoffman for gross negligence and willful and wanton misconduct.**

391. At all material times, Grace Hoffman was Trustee of The Fessenden School.

392. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

393. Headmaster David B. Stettler stated, "I have made every effort, ***with the full support of our Board of Trustees,*** to model our School's values of honesty, compassion and respect in every decision and action."

394. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

395. Grace Hoffman, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

396. Grace Hoffman, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

397. Grace Hoffman, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting

children, when in actuality it had taken little or no action to protect children, would cause harm to children.

398. As a direct and proximate result of defendant Grace Hoffman's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XXXIII**

**This is an action by Fabiana McLeod against Solomon J. Kumin for gross negligence and willful and wanton misconduct.**

399. At all material times, Solomon J. Kumin was Trustee of The Fessenden School.

400. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

401. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

402. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

403. Solomon J. Kumin, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

404. Solomon J. Kumin, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

405. Solomon J. Kumin, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

406. As a direct and proximate result of defendant Solomon J. Kumin's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## <u>Cause of Action XXXIV</u>

**This is an action by Fabiana McLeod against Susan B. Levine for gross negligence and willful and wanton misconduct.**

407. At all material times, Susan B. Levine was Trustee of The Fessenden School.

408. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

409. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

410. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

411. Susan B. Levine, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

412. Susan B. Levine, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

413. Susan B. Levine, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

414. As a direct and proximate result of defendant Susan B. Levine's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XXXV

**This is an action by Fabiana McLeod against Pamela E. Lomax for gross negligence and willful and wanton misconduct.**

415.  At all material times, Pamela E. Lomax was Trustee of The Fessenden School.

416.  In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

417.  Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

418.  In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

419.  Pamela E. Lomax, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

420.  Pamela E. Lomax, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

421.  Pamela E. Lomax, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

422. As a direct and proximate result of defendant Pamela E. Lomax's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XXXVI

**This is an action by Fabiana McLeod against Mark C. Moore for gross negligence and willful and wanton misconduct.**

423. At all material times, Mark C. Moore was Trustee of The Fessenden School.

424. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

425. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

426. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

427. Mark C. Moore, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

428. Mark C. Moore, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully

and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

429. Mark C. Moore, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

430. As a direct and proximate result of defendant Mark C. Moore's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XXXVII

**This is an action by Fabiana McLeod against Elizabeth H. Munro for gross negligence and willful and wanton misconduct.**

431. At all material times, Elizabeth H. Munro was Trustee of The Fessenden School.

432. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

433. Headmaster David B. Stettler stated, "I have made every effort, ***with the full support of our Board of Trustees,*** to model our School's values of honesty, compassion and respect in every decision and action."

434. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

435. Elizabeth H. Munro, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

436. Elizabeth H. Munro, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

437. Elizabeth H. Munro, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

438. As a direct and proximate result of defendant Elizabeth H. Munro's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XXXVIII**

**This is an action by Fabiana McLeod against Peter M. Mulderry for gross negligence and willful and wanton misconduct.**

439. At all material times, Peter M. Mulderry was Trustee of The Fessenden School.

440.   In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

441.   Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

442.   In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

443.   Peter M. Mulderry, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

444.   Peter M. Mulderry, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

445.   Peter M. Mulderry, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

446.   As a direct and proximate result of defendant Peter M. Mulderry's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological

damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

### Cause of Action XXXIX

**This is an action by Fabiana McLeod against V. G. Narayanan for gross negligence and willful and wanton misconduct.**

447. At all material times, V. G. Narayanan was Trustee of The Fessenden School.

448. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

449. Headmaster David B. Stettler stated, "I have made every effort, *with the full support of our Board of Trustees,* to model our School's values of honesty, compassion and respect in every decision and action."

450. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

451. V. G. Narayanan, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

452. V. G. Narayanan, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

453. V. G. Narayanan, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting

children, when in actuality it had taken little or no action to protect children, would cause harm to children.

454. As a direct and proximate result of defendant V. G. Narayanan's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XL

**This is an action by Fabiana McLeod against Christian Nolen for gross negligence and willful and wanton misconduct.**

455. At all material times, Christian Nolen was Trustee of The Fessenden School.

456. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

457. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

458. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

459. Christian Nolen, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

460. Christian Nolen, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

461. Christian Nolen, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

462. As a direct and proximate result of defendant Christian Nolen's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action XLI**

**This is an action by Fabiana McLeod against Steven M. Peck for gross negligence and willful and wanton misconduct.**

463. At all material times, Steven M. Peck was Trustee of The Fessenden School.

464. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

465. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

466. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

467. Steven M. Peck, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

468. Steven M. Peck, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

469. Steven M. Peck, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

470. As a direct and proximate result of defendant Steven M. Peck's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XLII

**This is an action by Fabiana McLeod against Rachel E. Skiffer for gross negligence and willful and wanton misconduct.**

471. At all material times, Rachel E. Skiffer was Trustee of The Fessenden School.

472. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

473. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

474. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

475. Rachel E. Skiffer, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

476. Rachel E. Skiffer, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

477. Rachel E. Skiffer, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

478. As a direct and proximate result of defendant Rachel E. Skiffer's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

**Cause of Action XLIII**

**This is an action by Fabiana McLeod against Thomas S. Roberts for gross negligence and willful and wanton misconduct.**

479. At all material times, Thomas S. Roberts was Trustee of The Fessenden School.

480. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

481. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

482. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

483. Thomas S. Roberts, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

484. Thomas S. Roberts, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully

and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

485. Thomas S. Roberts, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

486. As a direct and proximate result of defendant Thomas S. Roberts' gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XLIV

**This is an action by Fabiana McLeod against Christine L. Todd for gross negligence and willful and wanton misconduct.**

487. At all material times, Christine L. Todd was Trustee of The Fessenden School.

488. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

489. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

490. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

491. Christine L. Todd, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

492. Christine L. Todd, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

493. Christine L. Todd, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

494. As a direct and proximate result of defendant Christine L. Todd's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XLV

**This is an action by Fabiana McLeod against Davide D. Visco for gross negligence and willful and wanton misconduct.**

495. At all material times, Davide D. Visco was Trustee of The Fessenden School.

496. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

497. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

498. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

499. Davide D. Visco, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

500. Davide D. Visco, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

501. Davide D. Visco, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

502. As a direct and proximate result of defendant Davide D. Visco's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological

damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XLVI

**This is an action by Fabiana McLeod against Robert L. Waldron for gross negligence and willful and wanton misconduct.**

503. At all material times, Robert L. Waldron was Trustee of The Fessenden School.

504. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

505. Headmaster David B. Stettler stated, "I have made every effort, ***with the full support of our Board of Trustees,*** to model our School's values of honesty, compassion and respect in every decision and action."

506. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

507. Robert L. Waldron, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

508. Robert L. Waldron, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

509. Robert L. Waldron, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting

children, when in actuality it had taken little or no action to protect children, would cause harm to children.

510. As a direct and proximate result of defendant Robert L. Waldron's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XLVII

**This is an action by Fabiana McLeod against Jennifer L. Stier for gross negligence and willful and wanton misconduct.**

511. At all material times, Jennifer L. Stier was Trustee of The Fessenden School.

512. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

513. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

514. In fact, David B. Stettler knowingly, willfully, and wantonly had made little or no effort to protect children at The Fessenden School.

515. Jennifer L. Stier, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

516.  Jennifer L. Stier, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

517.  Jennifer L. Stier, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

518.  As a direct and proximate result of defendant Jennifer L. Stier's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XLVIII

**This is an action by Fabiana McLeod against Peter C. Welch for gross negligence and willful and wanton misconduct.**

519.  At all material times, Peter C. Welch was Trustee of The Fessenden School.

520.  In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

521. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

522. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

523. Peter C. Welch, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

524. Peter C. Welch, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

525. Peter C. Welch, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

526. As a direct and proximate result of defendant Peter C. Welch's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action XLIX

**This is an action by Fabiana McLeod against Trustee Doe for gross negligence and willful and wanton misconduct.**

527.  At all material times, Trustee Doe was Trustee of The Fessenden School.

528.  In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

529.  Headmaster David B. Stettler stated, "I have made every effort, ***with the full support of our Board of Trustees,*** to model our School's values of honesty, compassion and respect in every decision and action."

530.  In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

531.  Trustee Doe, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

532.  Trustee Doe, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

533.  Trustee Doe, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

534. As a direct and proximate result of defendant Trustee Doe's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

### Cause of Action L

**This is an action by Fabiana McLeod against Trustee Roe for gross negligence and willful and wanton misconduct.**

535. At all material times, Trustee Roe was Trustee of The Fessenden School.

536. In letters to The Fessenden School Community and publicly available on The Fessenden School website, Headmaster David B. Stettler claimed that he had made every effort to protect children at The Fessenden School.

537. Headmaster David B. Stettler stated, "I have made every effort, **with the full support of our Board of Trustees,** to model our School's values of honesty, compassion and respect in every decision and action."

538. In fact, David B. Stettler knowingly, willfully and wantonly had made little or no effort to protect children at The Fessenden School.

539. Trustee Roe, as Trustee of The Fessenden School, knew or should have known that The Fessenden School had made little or no effort to protect children at The Fessenden School.

540. Trustee Roe, as Trustee of The Fessenden School, knew or should have known that the statements in David B. Stettler's letters were knowingly, willfully and

wantonly made as a publicity stunt to protect the reputation and finances of The Fessenden School.

541. Trustee Roe, as Trustee of The Fessenden School, knew or should have known that misrepresentations that The Fessenden School was protecting children, when in actuality it had taken little or no action to protect children, would cause harm to children.

542. As a direct and proximate result of defendant Trustee Roe's gross, willful and wanton misconduct, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

### Cause of Action LI

**This is an action by Mark McLeod against all defendants for loss of consortium of a dependent child pursuant to M.G.L. c. 231 § 85X.**

543. M.G.L. c. 231 § 85X states, "The parents of a minor child or an adult child who is dependent on his parents for support shall have a cause of action for loss of consortium of the child who has been seriously injured against any person who is legally responsible for causing such injury."

544. The physical and psychological injuries suffered by Fabiana McCleod and caused by the negligence, gross negligence, and/or willful and wanton misconduct of the defendants, caused real and lasting harm to others in the

McLeod family. The day-to-day trauma of watching his daughter's suffering and disability has taken a toll on Mark McLeod.

545.   Mark McLeod has been damaged in an amount to be determined at trial.

### Cause of Action LII

**This is an action by Karina McLeod against all defendants for loss of consortium of a dependent child pursuant to M.G.L. c. 231 § 85X.**

546.   M.G.L. c. 231 § 85X states, "The parents of a minor child or an adult child who is dependent on his parents for support shall have a cause of action for loss of consortium of the child who has been seriously injured against any person who is legally responsible for causing such injury."

547.   The physical and psychological injuries suffered by Fabiana McCleod and caused by the negligence, gross negligence, and/or willful and wanton misconduct of the defendants, caused real and lasting harm to others in the McLeod family. The day-to-day trauma of watching his daughter's suffering and disability has taken a toll on Karina McLeod.

548.   Karina McLeod has been damaged in an amount to be determined at trial.

### Cause of Action LIII

**This is an action by Fabiana McLeod against Alyssa Hansen for negligence.**

549.   Alyssa Hansen, at all material times, was a counselor, employee, proctor, dormitory mother, teacher and/or monitor in The Fessenden School's summer ELL program.

550.   Alyssa Hansen had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

551. Alyssa Hansen breached her duty when she failed to practice, implement, and/or enforce policies and procedures to protect children.

552. Alyssa Hansen breached her duty of care when, as a mandated reporter, she failed to comply with M.G.L. c. 119 §§ 21and 51A, and immediately report that a child under the age of 18 was suffering from abuse or neglect.

553. As a direct and proximate result of defendant Alyssa Hansen's breach of her duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## **Cause of Action LIV**
**This is an action by Fabiana McLeod against Joe Lareau for negligence.**

554. Joe Lareau, at all material times, was a counselor, employee, proctor, dormitory mother, teacher and/or monitor in The Fessenden School's summer ELL program.

555. Joe Lareau had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

556. Joe Lareau breached his duty when he failed to practice, implement, and/or enforce policies and procedures to protect children.

557. Joe Lareau breached his duty of care when, as a mandated reporter, he failed to comply with M.G.L. c. 119 §§ 21and 51A, and immediately report that a child under the age of 18 was suffering from abuse or neglect.

558. As a direct and proximate result of defendant Joe Lareau's breach of his duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action LV

**This is an action by Fabiana McLeod against Tyrell Brewster for negligence.**

559. Tyrell Brewster, at all material times, was a counselor, employee, proctor, dormitory parent, teacher and/or monitor in The Fessenden School's summer ELL program.

560. Tyrell Brewster had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

561. Tyrell Brewster breached his duty when he failed to practice, implement, and/or enforce policies and procedures to protect children.

562. Tyrell Brewster breached his duty of care when, as a mandated reporter, he failed to comply with M.G.L. c. 119 §§ 21and 51A, and immediately report that a child under the age of 18 was suffering from abuse or neglect.

563. As a direct and proximate result of defendant Tyrell Brewster's breach of his duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action LVI

**This is an action by Fabiana McLeod against NuNu Laphai for negligence.**

564. NuNu Laphai, at all material times, was a counselor, employee, proctor, dormitory parent, teacher and/or monitor in The Fessenden School's summer ELL program.

565. NuNu Laphai had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

566. NuNu Laphai breached her duty when she failed to practice, implement, and/or enforce policies and procedures to protect children.

567. NuNu Laphai breached her duty of care when, as a mandated reporter, she failed to comply with M.G.L. c. 119 §§ 21and 51A, and immediately report that a child under the age of 18 was suffering from abuse or neglect.

568. As a direct and proximate result of defendant NuNu Laphai's breach of her duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe

emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action LVII

**This is an action by Fabiana McLeod against Counselor Doe for negligence.**

569. Counselor Doe, at all material times, was a counselor, employee, proctor, dormitory parent, teacher and/or monitor in The Fessenden School's summer ELL program.

570. Counselor Doe had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

571. Counselor Doe breached his/her duty when she failed to practice, implement, and/or enforce policies and procedures to protect children.

572. Counselor Doe breached his/her duty of care when, as a mandated reporter, he/she failed to comply with M.G.L. c. 119 §§ 21and 51A, and immediately report that a child under the age of 18 was suffering from abuse or neglect.

573. As a direct and proximate result of defendant Counselor Doe's breach of his/her duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future

expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## Cause of Action LVIII

**This is an action by Fabiana McLeod against Counselor Roe for negligence.**

574. Counselor Roe, at all material times, was a counselor, employee, proctor, dormitory parent, teacher and/or monitor in The Fessenden School's summer ELL program.

575. Counselor Roe had a legal duty to protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

576. Counselor Roe breached his/her duty when he/she failed to practice, implement, and/or enforce policies and procedures to protect children.

577. Counselor Roe breached his/her duty of care when, as a mandated reporter, he/she failed to comply with M.G.L. c. 119 §§ 21and 51A, and immediately report that a child under the age of 18 was suffering from abuse or neglect.

578. As a direct and proximate result of defendant Counselor Doe's breach of his/her duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

### Cause of Action LIX

**This is an action by Fabiana McLeod, Mark McLeod, and Karina Mcleod against United Educators for violation of M.G.L. c. 93A and M.G.L. c. 176D.**

579. United Educators is an insurer created by the Liability Risk Retention Act (LRRA), a federal law which allows similar institutions or businesses to form "risk retention groups" or RRGs, to share and retain liability risks.

580. United Educators is a for-profit association owned and governed by more than 1,600 independent schools and other educational entities, including The Fessenden School.

581. Each United Educators member, including The Fessenden School, executes a subscriber's agreement and power of attorney, appointing United Educators as its attorney-in-fact so it can exchange insurance risks with all other United Educators members.

582. United Educators publishes a "Checklist Camps on Campus" (Exhibit 6) informing its insureds concerning the standard of care, at least in part, educational institutions like The Fessenden School should follow when minor children are on campus for summer activities.

583. Cleary, United Educators was aware of The Fessenden School's duty to protect minor children on its campus for summer activities, applicable standards of care, required to protect minor children on its campus for summer activities and the damages that result from failures to follow the standards of care.

584. Massachusetts laws prohibits United Educators from engaging in the following misconduct:

a.    Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c.    Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d.    Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e.    Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

f.    Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g.    Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

h.    Delaying the investigation or payments of claims by requiring that an insured or claimant, or the physician of either, submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

i.    Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to

influence settlements under other portions of the insurance policy coverage; or

j. Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

585. United Educators has breached its statutory duties in ways including, but not limited to, the following:

a. By failing to acknowledge pertinent facts about available insurance coverage in a reasonably timely fashion;

b. By failing to initiate a prompt and reasonable investigation of the claims being made, and then failing to make a reasonable settlement offer, or any offer at all, once liability was established to be reasonably clear; and,

c. By compelling the McLeod family to institute litigation by failing to make any offer of settlement.

586. United Educator's conduct was knowing and willful.

587. As a direct and proximate result of defendant United Educator's breach of its statutory duties, the plaintiffs Fabiana McLeod, Mark McLeod, and Karina McLeod are forced to enforce their rights through expensive and time-consuming litigation, to bear unnecessary costs and expenses and to suffer more emotional distress.

## Cause of Action LX

**This is an action by Fabiana McLeod, Mark McLeod, and Karina Mcleod against United Educators for violation of M.G.L. c. 175 §112C.**

588.  M.G.L. c. 175 §112C states:

> Any insurer doing business in the commonwealth shall reveal to an injured party making claim against an insured, the amount of the limits of said insured's liability coverage, upon receiving a request in writing for such information from the injured party or his attorney. A reply shall be made within thirty days of receiving such request. Any insurer who fails to comply with the provisions of this section shall be liable to pay to the claimant the sum of five hundred dollars plus reasonable attorneys' fees and expenses incurred in obtaining the coverage information provided for herein.

589.  Counsel for the McLeod family requested the amount of the limits of United Educators' insurance policy on August 13, 2020.

590.  United Educators failed to reveal to injured parties making claims against its insured, the amount of the limits of said insured's liability coverage, upon receiving a request in writing for such information from the injured parties or their attorney, within thirty (30) days after said request.

## Cause of Action LXI

**This is an action by Fabiana McLeod against Primo "Howie" Leung, pursuant to 18 USC § 1595, the Trafficking Victims Protection Act civil remedy provision.**

591.  Fabiana McLeod is a person who, while a minor, was a victim of violations of several predicate felonies, committed by Leung, including, but not limited to:

   a.    18 USC § 1590 – Leung knowingly recruited, harbored, and transported, Fabiana for labor or services and inflicted aggravated sexual abuse, or attempted to commit aggravated sexual abuse, upon her.

b.    18 USC § 2421 - Leung knowingly transported Fabiana in interstate commerce with intent that Fabiana engage in sexual activity for which Leung can be charged with a criminal offense

c.    18 USC § 2422 - Leung knowingly persuaded, induced, enticed, or coerced Fabiana to travel in interstate commerce, to engage in sexual activity for which Leung can be charged with a criminal offense and Leung used the mail and other facilities or means of interstate commerce to knowingly persuade, induce, entice, or coerce Fabiana who had not attained the age of 18 years, to engage in sexual activity for which Leung can be charged with a criminal offense

d.    18 USC § 2423 – Leung knowingly transported Fabiana, at times when she had not attained the age of 18 years in interstate commerce, with intent that Fabiana engage in sexual activity for which Leung can be charged with a criminal offense and Leung traveled in interstate commerce with a motivating purpose of engaging in illicit sexual conduct with Fabiana

592.   Fabiana McLeod seeks to recover emotional and physical damages, future damages, and attorneys fees.

### Cause of Action LXII

**This is an action by Fabiana McLeod against Primo "Howie" Leung, pursuant to 18 USC § 2255, addressing the sexual exploitation of children.**

593.   Fabiana Mcleod is a person who, while a minor, was a victim of violations of several predicate felonies, committed by Primo "Howie" Leung, including, but not limited to, 18 USC §§ 1590, 2421, 2422 and 2423.

594. Fabiana McLeod suffered personal injury as a result of such violations.

595. Fabiana McLeod seeks to recover the actual damages she sustained, and the

cost of the action, including reasonable attorney's fees and other litigation costs

reasonably incurred, and punitive damages.

## Cause of Action LXIII

**This is an action by Fabiana McLeod against Primo "Howie" Leung for intentional infliction of emotional distress.**

## Cause of Action LXIV

**This is an action by Fabiana McLeod against all non-corporate defendants for negligent infliction of emotional distress.**

## Cause of Action LXV

**This is an action by Fabiana McLeod, Mark McLeod, and Karina McLeod against The Fessenden School for vicarious liability.**

596. The Fessenden School is vicariously liable for the negligent and grossly

negligent acts of its agents, employees, proctors, counselors, officers, and/or

Trustees.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the

Defendants as follows:

## Cause of Action I

**This is an action by Fabiana McLeod against The Fessenden School, pursuant to 18 USC § 1595, the Trafficking Victims Protection Act civil remedy provision.**

As to Count I, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding

her damages in an amount to be determined at trial, including, without limitation, past

and future economic losses, prejudgment interest, attorneys' fees, expenses, costs and

disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action II

**This is an action by Fabiana McLeod against The Fessenden School, pursuant to 18 USC § 2255, addressing the sexual exploitation of children.**

As to Count II, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, punitive damages, and disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action III

**This is an action by Fabiana McLeod against The Fessenden School for negligence.**

As to Count III, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action IV

**This is an action by Fabiana McLeod against defendant The Fessenden School, pursuant to M.G.L. c. 214, § 1C, for violations of M.G.L. c. 151C, § 2(g).**

As to Count IV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action V

**This is an action by Fabiana McLeod against defendant The Fessenden School, pursuant to M.G.L. c. 214, § 1C, for violations of M.G.L. c. 151B, § 4(16A).**

As to Count V, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action VI

**This is an action by Fabiana McLeod against defendant Primo "Howie" Leung for assault, battery, rape, providing alcohol to an underage person, providing marihuana to an underaged person, and false imprisonment.**

As to Count VI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action VII

**This is an action by Fabiana McLeod against defendant Primo "Howie" Leung, pursuant to M.G.L. c. 214, § 1C, for violations of M.G.L. c. 151C, § 2(g).**

As to Count VII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action VIII

**This is an action by Fabiana McLeod against defendant Primo "Howie" Leung, pursuant to M.G.L. c. 214, § 1C, for violations of M.G.L. c. 151B, § 4(16A).**

As to Count VIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action IX

**This is an action by Fabiana McLeod against Primo "Howie" Leung for negligence.**

As to Count IX, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action X

**This is an action by Fabiana McLeod against Mark Hansen for negligence.**

As to Count X, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

### Cause of Action XI

**This is an action by Fabiana McLeod against Linda Hansen for negligence.**

As to Count XI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

### Cause of Action XII

**This is an action by Fabiana McLeod against Kenneth Howe for negligence.**

As to Count XII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

### Cause of Action XIII

**This is an action by Fabiana McLeod against David B. Stettler for negligence.**

As to Count XIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages in an amount to be determined at trial, including, without limitation, past and future economic losses, prejudgment interest, attorneys' fees, expenses, costs, and disbursements and such other and further relief as the Court deems just, equitable and proper.

## Cause of Action XIV

**This is an action by Fabiana McLeod against David B. Stettler for gross negligence and willful and wanton misconduct.**

As to Count XIV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XV

**This is an action by Fabiana McLeod against Donald G. Bramley for gross negligence and willful and wanton misconduct.**

As to Count XV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XVI

**This is an action by Fabiana McLeod against Ian Loring for gross negligence and willful and wanton misconduct.**

As to Count XVI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## **Cause of Action XVII**

**This is an action by Fabiana McLeod against Michael R. Mach for gross negligence and willful and wanton misconduct.**

As to Count XVII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## **Cause of Action XVIII**

**This is an action by Fabiana McLeod against Michael P. Murray for gross negligence and willful and wanton misconduct.**

As to Count XVIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## **Cause of Action XIX**

**This is an action by Fabiana McLeod against Jeffrey Allen for gross negligence and willful and wanton misconduct.**

As to Count XIX, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## **Cause of Action XX**

**This is an action by Fabiana McLeod against Christopher Bartel for gross negligence and willful and wanton misconduct.**

As to Count XX, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## **Cause of Action XXI**

**This is an action by Fabiana McLeod against Melisa L. Berman for gross negligence and willful and wanton misconduct.**

As to Count XXI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## **Cause of Action XXII**

**This is an action by Fabiana McLeod against Stephanie M. Bucci for gross negligence and willful and wanton misconduct.**

As to Count XXII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXIII

**This is an action by Fabiana McLeod against Tara B. Ciongoli for gross negligence and willful and wanton misconduct.**

As to Count XXIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXIV

**This is an action by Fabiana McLeod against Bruce C. Dayton for gross negligence and willful and wanton misconduct.**

As to Count XIV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXV

**This is an action by Fabiana McLeod against Edward V. Denoble for gross negligence and willful and wanton misconduct.**

As to Count XXV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

### Cause of Action XXVI

**This is an action by Fabiana McLeod against Robert M. Dickey for gross negligence and willful and wanton misconduct.**

As to Count XXVI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

### Cause of Action XXVII

**This is an action by Fabiana McLeod against Jennifer Mugar Flaherty for gross negligence and willful and wanton misconduct.**

As to Count XXVII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

### Cause of Action XXVIII

**This is an action by Fabiana McLeod against Charles K. Fadel for gross negligence and willful and wanton misconduct.**

As to Count XXVIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXIX

**This is an action by Fabiana McLeod against Keith B. Gelb for gross negligence and willful and wanton misconduct.**

As to Count XXIX, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXX

**This is an action by Fabiana McLeod against Craig N. Gemmel for gross negligence and willful and wanton misconduct.**

As to Count XXX, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXXI

**This is an action by Fabiana McLeod against Michael S. Gordan for gross negligence and willful and wanton misconduct.**

As to Count XXXI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXXII

**This is an action by Fabiana McLeod against Grace Hoffman for gross negligence and willful and wanton misconduct.**

As to Count XXXII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXXIII

**This is an action by Fabiana McLeod against Solomon J. Kumin for gross negligence and willful and wanton misconduct.**

As to Count XXXIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXXIV

**This is an action by Fabiana McLeod against Susan B. Levine for gross negligence and willful and wanton misconduct.**

As to Count XXXIV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXXV

**This is an action by Fabiana McLeod against Pamela E. Lomax for gross negligence and willful and wanton misconduct.**

As to Count XXXV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXXVI

**This is an action by Fabiana McLeod against Mark C. Moore for gross negligence and willful and wanton misconduct.**

As to Count XXXVI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXXVII

**This is an action by Fabiana McLeod against Elizabeth H. Munro for gross negligence and willful and wanton misconduct.**

As to Count XXXVII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXXVIII

**This is an action by Fabiana McLeod against Peter M. Mulderry for gross negligence and willful and wanton misconduct.**

As to Count XXXVIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XXXIX

**This is an action by Fabiana McLeod against V. G. Narayanan for gross negligence and willful and wanton misconduct.**

As to Count XXXIX, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XL

**This is an action by Fabiana McLeod against Christian Nolen for gross negligence and willful and wanton misconduct.**

As to Count XL, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XLI

**This is an action by Fabiana McLeod against Steven M. Peck for gross negligence and willful and wanton misconduct.**

As to Count XLI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XLII

**This is an action by Fabiana McLeod against Rachel E. Skiffer for gross negligence and willful and wanton misconduct.**

As to Count XLII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XLIII

**This is an action by Fabiana McLeod against Thomas S. Roberts for gross negligence and willful and wanton misconduct.**

As to Count XLIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XLIV

**This is an action by Fabiana McLeod against Christine L. Todd for gross negligence and willful and wanton misconduct.**

As to Count XLIV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XLV

**This is an action by Fabiana McLeod against Davide D. Visco for gross negligence and willful and wanton misconduct.**

As to Count XLV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action XLVI

**This is an action by Fabiana McLeod against Robert L. Waldron for gross negligence and willful and wanton misconduct.**

As to Count XLVI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

### Cause of Action XLVII

**This is an action by Fabiana McLeod against Jennifer L. Stier for gross negligence and willful and wanton misconduct.**

As to Count XLVII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

### Cause of Action XLVIII

**This is an action by Fabiana McLeod against Peter C. Welch for gross negligence and willful and wanton misconduct.**

As to Count XLVIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

### Cause of Action XLIX

**This is an action by Fabiana McLeod against Trustee Doe for gross negligence and willful and wanton misconduct.**

As to Count XLIX, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action L

**This is an action by Fabiana McLeod against Trustee Roe for gross negligence and willful and wanton misconduct.**

As to Count L, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action LI

**This is an action by Mark McLeod against all defendants for loss of consortium of a dependent child pursuant to M.G.L. c. 231 § 85X.**

As to Count LI, the Plaintiff, Mark McLeod, prays for a judgment in his favor, awarding

him damages in an amount to be determined at trial.

## Cause of Action LII

**This is an action by Karina McLeod against all defendants for loss of consortium of a dependent child pursuant to M.G.L. c. 231 § 85X.**

As to Count LII, the Plaintiff, Karina McLeod, prays for a judgment in her favor, awarding

her damages in an amount to be determined at trial.

## Cause of Action LIII

**This is an action by Fabiana McLeod against Alyssa Hansen for negligence.**

As to Count LIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

expenses, costs, and disbursements and such other and further relief as the Court

deems just, equitable and proper.

## **Cause of Action LIV**

**This is an action by Fabiana McLeod against Joe Lareau for negligence.**

As to Count LIV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## **Cause of Action LV**

**This is an action by Fabiana McLeod against Tyrell Brewster for negligence.**

As to Count LV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## **Cause of Action LVI**

**This is an action by Fabiana McLeod against NuNu Laphai for negligence.**

As to Count LVI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## **Cause of Action LVII**

**This is an action by Fabiana McLeod against Counselor Doe for negligence.**

As to Count LVII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action LVIII

**This is an action by Fabiana McLeod against Counselor Roe for negligence.**

As to Count LVIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor,

awarding her damages in an amount to be determined at trial, including, without

limitation, past and future economic losses, prejudgment interest, attorneys' fees,

punitive damages, expenses, costs, and disbursements and such other and further

relief as the Court deems just, equitable and proper.

## Cause of Action LIX

**This is an action by Fabiana McLeod, Mark McLeod, and Karina Mcleod against United Educators for violation of M.G.L. c. 93A and M.G.L. c. 176D.**

As to Count LIX, the Plaintiffs, Fabiana McLeod, Mark McLeod, and Karina Mcleod,

pray for a judgment in their favor, awarding them damages in an amount to be

determined at trial, including, without limitation, past and future economic losses,

prejudgment interest, attorneys' fees, damages for emotional distress, multiple

damages, punitive damages, expenses, costs, and disbursements and such other and

further relief as the Court deems just, equitable and proper.

## Cause of Action LX

**This is an action by Fabiana McLeod, Mark McLeod, and Karina Mcleod against United Educators for violation of M.G.L. c. 175 §112C.**

As to Count LX, the Plaintiffs, Fabiana McLeod, Mark McLeod, and Karina Mcleod pray

for a judgment in their favor, awarding them damages in an amount of $500 and

attorneys' fees and such other and further relief as the Court deems just, equitable and proper.

### Cause of Action LXI

**This is an action by Fabiana McLeod against Primo "Howie" Leung, pursuant to 18 USC § 1595, the Trafficking Victims Protection Act civil remedy provision.**

As to Count LXI, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages, reasonable attorneys fees, and such other and further relief as the Court deems just, equitable and proper.

### Cause of Action LXII

**This is an action by Fabiana McLeod against Primo "Howie" Leung, pursuant to 18 USC § 2255, addressing the sexual exploitation of children.**

As to Count LXII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages, punitive damages, reasonable attorneys fees, and such other and further relief as the Court deems just, equitable and proper.

### Cause of Action LXIII

**This is an action by Fabiana McLeod against Primo "Howie" McLeod for intentional infliction of emotional distress.**

As to Count LXIII, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages, punitive damages, reasonable attorneys fees, and such other and further relief as the Court deems just, equitable and proper.

### Cause of Action LXIV

**This is an action by Fabiana McLeod against all non-corporate defendants for negligent infliction of emotional distress.**

As to Count LXIV, the Plaintiff, Fabiana McLeod, prays for a judgment in her favor, awarding her damages, punitive damages, reasonable attorneys fees, and such other and further relief as the Court deems just, equitable and proper.

**Cause of Action LXV**

**This is an action by Fabiana McLeod, Mark McLeod, and Karina McLeod against The Fessenden School for vicarious liability.**

As to Count LXV, the Plaintiffs, Fabiana McLeod, Mark McLeod, and Karina McLeod

pray for a judgment in their favor, awarding them damages, punitive damages,

reasonable attorneys fees, and such other and further relief as the Court deems just,

equitable and proper.

**JURY DEMAND**

Plaintiff herein demands a trial by jury of all triable issues in the present matter.

Respectfully submitted,
The Plaintiffs,
By their attorney,

*/s/ Domenic Paolini*
Domenic Paolini, Esq.
BBO # 643215
Richard M. Haley, Esq.
BBO # 553253
**PAOLINI & HALEY**
400 Tradecenter Drive
Suite 5900
Woburn, MA 01801

office: 617.951.0300
cell: 617.372.1514
email: dpaolini@paoliniandhaley.com
email: rhaley@paoliniandhaley.com

Dated: May 17, 2021