# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FABIANA HILLARY MCLEOD,**<br>**KARINA MCLEOD, and MARK MCLEOD,**<br><br>            **Plaintiffs**<br><br>v.<br><br>**THE FESSENDEN SCHOOL,**<br>**UNITED EDUCATORS, et al**<br><br>            **Defendants** | Civil Action No.:<br>1:21-cv-10807 |

### PLAINTIFFS' OPPOSITION TO UNITED EDUCATORS' RULE 42(b) MOTION TO SEVER AND STAY COUNTS LIX AND LX

### BACKGROUND

During the summer of 2016, Primo "Howie" Leung, a co-director of The Fessenden School's English Language Learners summer program, transported Fabiana McLeod across the Massachusetts-New Hampshire state line to The Fessenden School. Leung, on multiple occasions, sexually assaulted and raped Fabiana McLeod in a dormitory and in other areas of The Fessenden School campus. Leung was arrested, indicted by a Middlesex County Grand Jury, and is awaiting trial[1] for his vicious assaults on Fabiana. As a result of the vicious sexual assaults and rapes, Fabiana, a child with no previous history of behavioral or psychiatric disturbances, began to burn herself with a blowtorch and exhibit other severe manifestations of the trauma she suffered. The Fessenden School has never denied these basic facts. United Educators, in its Memorandum in support of its Motion to Sever and Stay does not deny these facts. The Fessenden School has not presented any defenses to Fabiana's claims.

---

[1] Leung's trial has been postponed several times due to the COVID pandemic.

**FED. R. CIV. P. 42(b)**

Now before the Defendants have filed their Answers and before a discovery plan is submitted to the Court at the scheduling conference pursuant to Fed. R. Civ. P 26(f), the Defendants are anxious to sever and stay. In fact, two days after the Plaintiffs filed their Complaint defense counsel contacted Plaintiffs' counsel asking him to assent to sever and stay. See discussion, *infra*.

**A.     Bifurcation is wholly within this Court's discretion.**

Fed. R. Civ. P. 42(b) concisely states: "SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

"Pursuant to Fed. R. Civ. P. 42(b), the question of bifurcation is wholly within this Court's discretion. *See Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp. 501, 503 (D. Mass. 1992), *aff'd*, 36 F.3d 1147 (1st Cir. 1994), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010). This Court has consistently held:

**Separation is "not to be routinely ordered."** *Id.* **(citing Advisory Committee Note to the 1966 amendment of Rule 42(b))."** Abbott Biotechnology Ltd. v. Centocor Ortho Biotech, Inc., 55 F. Supp. 3d 221 (D. Mass. 2014, Saylor, J.); (Butler v. Moore, No. 10-10207-FDS, 2010 U.S. Dist. LEXIS 118230 (D. Mass. Nov. 8, 2010, Saylor, J.).

Despite this federal precedent, United Educators bases its argument for sever and stay on what it perceives as "'common practice" in other words, what it perceives as "routinely ordered".

**B.     Federal courts must follow federal procedural law.**

Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938) and its progeny holds that when the federal courts are confronted with a legal question based on a procedural issue, the federal courts must apply federal procedural law. In its Motion, United Educators relies almost solely on "Maroun v. Norfolk & Dedham Mutual Fire Insurance Company, 2021 WL 413620, at *1 (D.Mass. 2021)(and collected cases)." With the exception of Wilson v. Copen, 244 F.3d 178 (1st

Cir. 2001), the "collected cases" in the Maroun decision are Massachusetts cases applying Massachusetts procedural law. In Wilson, there is only a passing reference to sever and stay:

> Valley Forge sought and obtained a severance and a stay of Wilson's unfair claim settlement practices cause of action, successfully arguing that the action would not lie if Copen were not held liable in negligence. Wilson, 244 F.3d at 178-179.

Therefore, the Maroun decision and United Educators' Motion are hardly based on federal procedural law or supported by federal procedural law.

**C.   United Educators, as the moving party, bears the burdens of persuasion and production that it will be unduly prejudiced unless the claims against it are severed and stayed.**

Fed. R. Civ. P. 42(b) provides three reasons – 1) [f]or convenience, 2) to avoid prejudice, or 3) to expedite and economize - the Court can rely on to sever and stay the claims against United Educators. The "moving party bears the burden of providing that separate trials are justified". Lennar Northeast Props. v. Barton Partners Architects Planners Inc., Civil Action No. 16-cv-12330-ADB, 2021 U.S. Dist. LEXIS 46657 (D. Mass. Mar. 11, 2021) (citing Chapman ex rel. Estate of Chapman v. Bernard's Inc., 167 F. Supp. 2d 406, 417 (D. Mass. 2001)).

Instead of bearing its burdens of production and persuasion to demonstrate to this Court the who-what-when-why-how it will be unduly prejudiced, United Educators provides this Court with conclusory and speculative reasons why this Court should order an automatic general sever and stay of the Plaintiffs' claims against it:

- "If United Educators' insureds prevail in the underlying tort claims, the c. 93A/176D claims against United Educators will be moot."
- "allowing the claims to proceed simultaneously would be unfairly prejudicial to United Educators' insureds because it would compromise their ability to defend against plaintiffs' claims."
- "There is a risk that United Educators' privileged materials would be prematurely produced if the tort claims and the unfair settlement claims proceed at the same time."

United Educators does not acknowledge that there are other, less drastic procedural measures that the Court can employ to protect its work product, mental impressions, privileges,

3

etc. Instead, United Educators wants this Court to protect *any and all* of its files from the Plaintiffs' discovery – even documents or tangible things that may *not* be work product, mental impressions, privileged etc. An automatic general sever and stay order transforms United Educators' file cabinet into a vault that will literally protect *all* relevant evidence from the Plaintiffs' discovery. Relevant evidence from The Fessenden School's file cabinet can be moved willy-nilly to United Educators' filing cabinet. There is no need for such a vault. If United Educators considers a discovery request to be outside those allowed by federal procedural law, it is free to move this Court for a protective order.

**D.    The Federal Rules of Civil Procedure regulate discovery, not United Educators' perception of what is "common practice" or what is "routinely ordered".**

This Court's consideration of any discovery order begins with the principle expressed in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevancy is defined liberally to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." Miller v. Doctor's Gen. Hosp., 76 F.R.D. 136, 139 (W.D. Okla. 1977). Therefore, the federal scope of discovery is broad. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever *facts* he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). See also EEOC v. Baystate Med. Ctr., Inc., Civil Action No. 3:16-cv-30086-MGM, 2017 U.S. Dist. LEXIS 179016 (D. Mass. Oct. 30, 2017);

4

Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc., Civil Action No. 07-11444-RWZ, 2008 U.S. Dist. LEXIS 10542, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).

Although the work product doctrine and other federally recognized privileges protect against the disclosure of materials prepared in anticipation of litigation, they do ***not*** typically extend to the underlying facts contained within those materials. See, e.g., Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995); In re Grand Jury Subpoena, 220 F.R.D. 130, 141 (D. Mass. 2004); cf. In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1016 (1st Cir. 1988). An automatic general stay of discovery will allow The Fessenden School to hide relevant discovery in a judicially created vault and will severely prejudice the Plaintiffs.

For example, attached as Exhibit 6 to the Plaintiffs Complaint (and attached as Exhibit 1 to this Opposition) is a document titled *Checklist Camps on Campus.* United Educators publishes the *Checklist* on its publicly accessible website for the use of its insureds. The *Checklist* contains many of the items that the Plaintiffs claim The Fessenden School should have implemented to protect children. The Plaintiffs will want to ask the Defendants the who-what-why-when-how questions concerning the *Checklist*. The *Checklist* is not work product, was not prepared in anticipation of litigation, a mental impression, or privileged. The Plaintiffs will be severely, unfairly, and unduly prejudiced if documents such as the *Checklist* are locked in a judicially created vault just because the documents happen to bear the United Educators imprimatur.

**E.       United Educators is hardly a bystander in this litigation.**

United Educators is a child of the Liability Risk Retention Act (LRRA) which allowed similar institutions or businesses to form "risk retention groups" or RRGs, (15 U.S.C. § 3902) to share and retain liability risks. The LRRA became law in 1986. No federal agency is responsible for oversight or regulation of the LRRA. The primary regulatory authority for a risk retention group is its state of domicile. The law curtails the regulatory authority of non-domiciliary states.

An RRG is a form of a captive insurance company, formed to meet the unique risk transfer needs of a specific type of organization or business such as educational institutions. RRGs differ from traditional commercial insurance companies. Traditional insurance companies

5

are regulated in each state in which they do business. RRGs are licensed in one state and can serve members in all fifty states.

United Educators is a for-profit association owned and governed by the more than 1,600 independent schools and other educational entities it insures, including The Fessenden School. Each United Educators member executes a subscriber's agreement and power of attorney, appointing United Educators as its attorney-in-fact so it can exchange insurance risks with all other United Educators members.

In all the cases cited by United Educators in support of its Motion, the bad faith settlement insurer defendants are bystanders whose only legal connections to their insureds are the insurance contracts. In this case, The Fessenden School, the insured, has an ownership interest in United Educators, the insurer.

United Educators and The Fessenden School are so closely connected that they share the same attorney(s). This incestuous representation is the harbinger of discovery shenanigans – the defense attorneys will have unfettered opportunity to obstruct the Plaintiffs' legitimate discovery by simply claiming the requested discovery is in United Educators' files. The defense lawyers will be able to claim that all documents, whether or not they are legitimate mental impressions, work product, etc., are part of United Educators' files and therefore cannot be produced. The result will be that the Plaintiffs will be denied most, if not all, relevant discovery!

United Educators makes the Plaintiffs' case by admitting:

> "allowing the claims to proceed simultaneously would be unfairly prejudicial to United Educators' insureds because it would compromise their ability to defend against plaintiffs' claims . . . An insurer's files contain percipient evidence relevant to the underlying tort claims, and the insurer's mental impressions and conclusions prepared in anticipation of trial that are immaterial to the underlying tort claims, and subject to privilege."

The undisputed purpose of discovery is to find "percipient evidence relevant to the underlying tort claims". The undisputed purpose of Fed. R. Civ. P. 42(b) is *not* to provide the mechanism for a party to hide "percipient evidence relevant to the underlying tort claims" in the files of its

insurer. Percipient evidence relevant to the underlying tort claims does not become protected simply because it is physically exists in the same filing cabinet, envelope, or folder as United Educator's work product, mental impressions, etc.

"Mental impressions and conclusions prepared in anticipation of trial", "immaterial" evidence, and information "subject to privilege" exist in *all* civil cases and in *all* litigants' files. Since September 16, 1938, the Federal Rules of Civil Procedure have controlled discovery in hundreds of thousands civil cases. United Educators now argues that this Court, using the current discovery rules and eighty-three (83) years of jurisprudence, cannot protect its mental impressions, work product, privileged material, etc. unless the Court severs and stays the Plaintiffs' claims against it. In addition, chopping this case into little pieces and then attempting to sew it back together, like a Frankenstein, is hardly convenient, expeditious, or economical.

**F.      Having failed to meet it burdens of production and and persuasion to show that it will be unduly prejudiced, UE relies on a "it is 'common practice' to sever and stay the claims against the insurer" argument.**

Actually, it is *not* common practice for federal courts in the First Circuit to sever and stay claims against an insurer. A Rule 42(b) motion is a matter peculiarly within the *discretion* of the trial court. 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice para. 42.03[1] (2d ed. 1987); C. Wright & A. Miller, Federal Practice and Procedure § 2388 (1971). In the First Circuit, there have been 485 cases in which the court was asked to sever and stay based on a party's claims of unfair prejudice. In the vast majority of these cases, the court declined to sever and stay. In addition, there has never been a decision in the First Circuit in which an appellate court reversed a decision for failure to sever and stay.

The "definition of judicial discretion [is] the realm of reasoned decisions within which a judge decides questions not expressly controlled by fixed rules of law". Cook v. City of Bella Villa, 582 F.3d 840, 858 (8th Cir. 2009). Here there is no fixed law that requires the liability of the insured party be determined before an unfair practices claim against the insurer can be pursued. However, United Educators argues that this Court should replace fixed law with "common practice" and "common practice" should replace this Court's discretion based on

reasonableness, the facts of the case and the federal law applicable to this case. This Court should reject the process propounded by United Educators as such a course of action will surely prejudice the Plaintiffs.

**G.** **United Educators' incorrectly relies on Massachusetts procedural law, but even if Massachusetts procedural law was applicable, there is no "common practice" to automatically sever and stay in Massachusetts.**

Attorney Mazurczak and Attorney Paolini discussed the sever and stay issue on May 19, 2021, two days after the Plaintiffs' Complaint was filed. At that time Attorney Mazurczak intimated that Massachusetts courts routinely allow motions to sever and stay and asked Attorney Paolini for his assent to sever and stay. In a follow up letter, dated May 20, 2021, Attorney Paolini responded:

> As to the severing and staying of the 93A claim, unfortunately, I respectfully disagree with your conclusion that Massachusetts courts "routinely" allow insurers' motions to sever and stay 93A claims and 176D claims for unfair settlement practices. Gillis v. Peerless Ins. Co., 2013 Mass. Super. LEXIS 192 * | 31 Mass. L. Rep. 539 | 2013 WL 7018644.[2]

In Gillis, Defendant Peerless, the insurer, made almost identical arguments to those made by United Educators:

> Peerless advances a number of arguments in support of its motion. First, Peerless claims that the case must be dismissed because, as a matter of law, the liability of its insured is not reasonably clear. Second, it argues that the claims against it should be stayed because it is premature to proceed with them until the extent of liability in the claim against its insured is resolved. Peerless seeks a stay because allowing the claims to proceed together might allow the plaintiff to secure work product and privileged information that could be used in the underlying claim; because trying the claims against Peerless before the claims against [the insured] would overly complicate litigation and confuse a jury; and because judicial economy would be better served by conducting discovery on the G.L. c. 93A and 176D claims only after [the insured]'s liability is determined. Gillis, 2013 Mass. Super. LEXIS 192, *2-*3.

---

[2] Interestingly, United Educators does not mention the Gillis case in its Memorandum.

In <u>Gillis</u>, Massachusetts Superior Court Judge Fahey correctly pointed out that "Neither [c. 93A or c. 176] requires that the liability of the insured party be determined before an unfair practices claim against the insurer can be pursued." <u>Gillis</u>, 2013 Mass. Super. LEXIS 192, *4. Judge Fahey ruled:

> While a stay of action or discovery in Mass. Gen. Laws ch. 93A and 176D claims until the underlying action is complete may be one way to manage these claims, it is not the only way and it is not required by Massachusetts law. Discovery in Mass. Gen. Laws ch. 93A and 176D claims can be conducted concurrently with discovery in underlying tort claims without prejudicing an insurer or forcing it to reveal privileged information or protected work product. <u>Gillis</u>, 2013 Mass. Super. LEXIS 192, *9 -*10. (citing <u>Rurak v. Med. Prof'l Ins. Co.</u>, No: 02-12274-PBS, 2003 U.S. Dist. LEXIS 8648 (D.Mass. 2003)).

Judge Fahey supports her ruling by citing extensive Massachusetts precedent that deny automatic general sever and stay of liability claims from bad faith failure to settle claims. Instead of draconian sever and stay orders, Massachusetts courts recognize that there are more precise approaches to protect mental impressions, investigators' reports, attorney work product, etc. When concurrent discovery is allowed, Massachusetts courts are careful to protect work product and information protected by attorney client privilege and appear to be successful at doing so.

If the Massachusetts legislature considered sever and stay to be a necessary doctrine in the litigation of unfair insurance settlement practices, it would have incorporated automatic sever and stay in the statute. Obviously, the Massachusetts legislature recognized that existing discovery rules protecting the interests of insurers were certainly capable of doing so. United Educators is not entitled to be the sole arbiter of what is discoverable in this litigation – the Court is the sole arbiter of what is discoverable. The Federal Rules of Civil Procedure entitle the Plaintiffs to a document-by-document judicial determination of what is and what is not discoverable. Instead, United Educators is asking for judicial permission to replace the Court as the arbiter of discovery.

Four years before Judge Fahey's ruling in Gillis, in Rodriguez v. Alvelo, 2009 Mass. App. Div. 145, *2 (Dist.Ct. 2009) the Court relied heavily on federal procedural law and held:

> [The insurer] was not automatically entitled to an immediate, general stay of discovery based on nothing more than conclusory assertions of privilege and broad allegations of potential prejudice. Not everything in an insurer's claims file is necessarily protected from discovery; there is no blanket, automatic privilege that attaches to the claims file in its entirety. Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24, 26 (D. Mass. 1987). The burden was on [the insurer], Mass. R. Civ. P., Rule 26(c), as the party resisting potential requests for relevant discovery, to identify the specific materials in the claims file that are allegedly privileged and to demonstrate that such materials were either work product created in anticipation of litigation within the protection of Mass. R. Civ. P., Rule 26(b)(3), Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D. Mass. 1992), or attorney-client communications. See generally, Carr v. Howard, 426 Mass. 514, 529 (1998).

The Rodriguez Court noted that the trial judge had 1) shouldered the potentially more time-consuming, labor-intensive task of scrutinizing the plaintiff's anticipated discovery requests and the insurer's expected motions for protective orders, 2) fairly balanced the parties' competing discovery rights and interests, and 3) ruled in careful compliance with governing discovery rules. In other words, by denying the insurer's motion to sever and stay, the trial judge used his ***judicial discretion*** and did not rely on some "common practice" or "routinely ordered" idolatry spewed by the insurer.

**H.** **United Educators confuses the Federal Rules of Evidence and the Federal Rules of Civil Procedure by arguing, "Allowing these claims to proceed simultaneously would also improperly raise issues of insurance in the tort case against United Educators' insureds."**

The Plaintiffs are not arguing that the Court to allow them to raise issues of insurance at trial. The discovery phase of litigation is separate from the trial phase of litigation. The Plaintiffs are asking that they be allowed to discover whatever the Federal Rules of Civil Procedure entitles them to discover. If United Educators has concerns about a ***specific*** discovery request, it is free to bring the discovery request to the attention of the Court. There is no need for an automatic ***general*** stay on discovery.

Plaintiffs' counsel is well aware of what is definitely discoverable and what is definitely not discoverable. There may be some requested discovery that falls between these two outside boundaries. The Court should be the arbiter discovery in this gray zone.

## CONCLUSIONS

1. Federal procedural law, not Massachusetts procedural law, controls in this matter.
2. Even if the federal court could follow Massachusetts procedural laws, there is no "common practice" or "routinely ordered" practice in Massachusetts state courts regarding motions to sever and stay.
3. United Educators fails to define what it means by "common practice". Does "common practice" mean that similar motions to sever and stay are allowed 100% of the time? 90% of the time? 10% of the time? United Educators does not provide a tally to support its conclusory claim of a "common practice".
4. This Court should not accept United Educators insinuation that judicial discretion should be replaced by an ethereal "common practice".
5. Federal law does not recognize "common practice" or "routinely ordered" as a substitute for sound and fair judicial discretion.
6. United Educators is not automatically entitled to an immediate, automatic, and general stay of discovery based on nothing more than broad allegations of potential prejudice. The Court can prevent prejudice to either party by deciding specific discovery disputes on an issue-by-issue basis.
7. Not everything in United Educators' claims file is necessarily protected from discovery.
8. Federal procedural law does not recognize a blanket, automatic privilege that attaches to United Educators' claims file in its entirety.
9. The burden is on United Educators, as the party resisting potential requests for relevant discovery, to identify the specific materials in its claims file that are allegedly privileged, work product, mental impressions, etc. and to demonstrate that such materials deserve protection from discovery.

10. The fact that The Fessenden School and forty-four other defendants share the same defense lawyers with United Educators makes denial of United Educators' Motion even more imperative to ensure that the Plaintiffs are not unduly prejudiced.

11. Federal procedural rules will be just as effective in protecting United Educators' rights as a draconian automatic general sever and stay order.

12. United Educators has not met its burdens or persuasion and production that its perceived prejudice is anything more than speculative and conclusory.

13. The Federal Rules of Evidence, not Fed. R. Civ. P. 42(b), protect United Educators from any prejudice from the legitimate or inadvertent mention of insurance at trial.

14. The proper place to discuss discovery issues is the scheduling conference pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.

**WHEREFORE**, for the reasons stated above, the Plaintiffs respectfully request that this Court **DENY** United Educators motion to sever and to stay the claims against it.

Respectfully submitted,
The Plaintiffs,
By their attorneys,


*/s/ Domenic Paolini*
_____
Domenic Paolini, Esq.
BBO # 643215
Richard M. Haley, Esq.
BBO # 553253
**PAOLINI & HALEY**
400 Tradecenter Drive
Suite 5900
Woburn, MA 01801

office: 617.951.0300
cell: 617.372.1514
email: dpaolini@paoliniandhaley.com
email: rhaley@paoliniandhaley.com

Dated: August 4, 2021