# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**FABIANA HILLARY MCLEOD,**
**KARINA MCLEOD, and MARK MCLEOD,**

**Plaintiffs**

**v.**

**THE FESSENDEN SCHOOL,**
**UNITED EDUCATORS, and 47 others**

**Defendants**

**Civil Action No.:**
**1:21-cv-10807**

---

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
### FOR VIOLATION OF RULE 8 OR IN THE ALTERNATIVE TO STRIKE CERTAIN
### ALLEGATIONS PURSUANT TO RULE 12(f)

This Court has ruled on this type of motion before. In the following cases

- Dennison v. Lapointe, Civil Action No. 06-40100-FDS, 2006 U.S. Dist. LEXIS 93883 (D. Mass. Dec. 21, 2006, Saylor, J.),

- Francesca Records v. Geils Unlimited Research, LLC, Civil Action No. 12-11419-FDS, 2013 U.S. Dist. LEXIS 97479 (D. Mass. July 12, 2013, Saylor J), and

- Dore v. New Sensations, Inc., Civil Action No. 13-10315-FDS, 2013 U.S. Dist. LEXIS 97551 (D. Mass. July 12, 2013, Saylor, J.)

this Court was presented with motions almost identical to the Defendants' Motion. This court consistently ruled, that under Fed. R. Civ. P.  12(f), a party may move to strike from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f) is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5C CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER"), § 1380 at 391 (2004). Thus, a pleading that violates the principles of Rule 8 may be struck "within the sound discretion of the court." Newman v. Massachusetts, 115 F.R.D. 341,

343 (D. Mass. 1987) (internal quotation and citation omitted). However this Court has consistently ruled that its discretionary power should nonetheless be exercised cautiously. "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C WRIGHT & MILLER, § 1380 at 394 (2004); *see also* <u>Boreri v. Fiat S.P.A.</u>, 763 F.2d 17, 23 (1st Cir. 1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion."). Furthermore, motions to strike are rarely granted absent a showing of prejudice to the moving party. *See* <u>Ross-Simons of Warwick, Inc. v. Baccarat, Inc.</u>, 182 F.R.D. 386, 398 (D.R.I. 1998) ("Mere redundancy is insufficient to support a motion to strike; the movant must demonstrate that prejudice would result if the offending material remained in the pleadings.").

Of course there are redundant portions in the Plaintiffs' Complaint. The Complaint names thirty-six (36) Trustee Defendants. The paragraphs describing the Plaintiffs' claims against each Trustee are identical but need to be repeated for ***each*** Trustee Defendant. The Complaint also names ten (10) teacher/counselor Defendants. The paragraphs describing the Plaintiff's claims against each teacher/counselor Defendant are identical but need to be repeated for ***each*** teacher/counselor Defendant. In other words, same paragraphs, different Defendant.[1]

In the present case, defendants contend that the Plaintiff's complaint so egregiously offends the dictates of Rule 8 as to warrant the extraordinary remedy of striking it entirely. Specifically, defendants contend that the complaint is verbose, argumentative, and overly detailed; that it includes "matters of an evidentiary nature;" and that it refers to alleged conduct,

---

[1] Paragraphs 225-230, 231-236, 237-242, 243-248, 549-553, 554-558, 559-563, 564-568, 569-573 and 574-578 are all identical except for naming each of the ten (10) teacher and counselor Defendants. Same paragraphs but different Defendants.

Likewise, paragraphs 255-262, 263-270, 271-278, 279-286, 287-294, 295-302, 303-310, 311-318, 319-326, 327-334, 335-342, 343-350, 351-358, 359-366, 367-374, 375-382, 383-390, 391-398, 399-406, 407-414, 415-422, 423-430, 431-438, 439-446, 447-454, 455-462, 463-470, 471-478, 479-486, 487-494, 495-502, 503-510, 511-518, 519-526, 527-534, and 535-542 are all identical except for naming each of the thirty-six (36) Trustee Defendants. Again, same paragraphs, different Defendants.

dating back twenty years, concerning individuals who are not named as defendants. Defendants further contend that these defects in the pleading make answering the allegations "unnecessarily difficult" and therefore their perceived violations are not harmless.

The application of Rule 12(f) is not appropriate in this case. As noted above, motions to strike are disfavored and typically require a "gross violation" of Rule 8's pleading requirements. _Newman_, 115 F.R.D. at 343-44. Notwithstanding any flaws in the Plaintiffs' Complaint, it provides adequate notice of the claims against *each* Defendants and the grounds upon which they rest. Moreover, the Defendants have failed to establish sufficient prejudice to warrant striking the Plaintiffs' Complaint in its entirety or striking any portion of the Plaintiffs' Complaint.

The Court should also note that, to the extent the complaint contains allegations concerning other individuals and past events, they are not necessarily pointless or superfluous. Under the circumstances, the Court should not believe that the inclusion of additional details in the Complaint--including allegations of unlawful conduct going back twenty years and involving non-parties--is so improper as to require that the allegations be struck.

The Defendants fail to recognize that the Federal Rules of Civil Procedure place other requirements on pleadings besides the requirements of Fed. R. Civ. P. 8 in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" Conley v. Gibson, 355 U.S. 41, 47 (1957). However, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Papasan v. Allain, 478 U.S. 265, 286 (1986). Factual allegations must be enough to raise a right to relief above the speculative level. 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Fed. R. Civ. P. 12(b)(6) requires enough facts to state a claim to relief that is plausible on its face. Notwithstanding the

requirements of Fed. R. Civ. P. 8, the Plaintiffs here have the obligation to "nudge[] their claims across the line from conceivable to plausible". Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

Although the Plaintiffs are aware that motions like the Defendants' Motion are "generally disfavored" due to their "somewhat dilatory and often harassing character," are often considered "purely cosmetic or time wasters," and should only be granted "when it is beyond cavil that the [nonmoving party] could not prevail on them." U.S. S.E.C. v. Nothern, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (citations and internal quotation marks omitted); Morris v. Gilbert, 649 F. Supp. 1491, 1498 (E.D.N.Y. 1986) (citation omitted); Government Emples. Ins. Co. v. Barron Chiropractic & Rehabilitation, P.C., Civil Action No. 16-cv-10642-ADB, 2018 U.S. Dist. LEXIS 57928 (D. Mass. Apr. 5, 2018), the Plaintiffs feel obligated to respond to the Defendants' concerns.

In addition, the Plaintiffs had informed the Defendants' counsel, in various correspondences between August 2020 and April 2021, exactly what would be in their Complaint if filing a complaint became necessary. The Defendants knew about the "lurid descriptions" of the assaults on Fabiana, the pictures and diagrams depicting the locus of some of the attacks, and the significance of the information concerning the childhood of Mr. Leung, the abuser. Counsel for The Fessenden School produced, without claims of irrelevancy, inadmissibility, etc., the floor plans of the dormitory where the assaults took place. Now the Defendants want the floor plans stricken from the Complaint!

Before addressing the Defendants' specific concerns as listed in their Motion, the Plaintiffs will address the Defendants' general and repeated concern that the Plaintiffs' Complaint is 152 pages long. However, the Complaint is against forty-nine (49) defendants and includes sixty-five (65) cause of action or 3.1 pages per defendant and 2.3 pages per cause of action. As stated in footnote 1, *supra*, the Plaintiffs' claims are repeated for each Defendant. If there were 98 defendants, the complaint would be twice as long. If there were 25 defendants, the complaint would be half as long. The Defendants know this.

Below are the Plaintiffs' responses to the Defendants' specific concerns in their Motion:

**"*These serious claims might have been made in a succinct pleading.*"**

The Defendants do not provide a definition of a "succinct pleading" or recognize that the Plaintiffs' Complaint must satisfy, not only Rule 8, but many other Federal Rules of Civil Procedure or acknowledge that the number of Defendants determines its length. The Plaintiffs' Complaint provides adequate notice of the claims against ***each*** Defendant and the grounds upon which they rest. In addition, the plaintiffs' Complaint contains facts to state a claim to relief that is plausible on its face. Moreover, The Defendants have failed to establish sufficient prejudice, or any prejudice, to warrant striking any portion of the Plaintiffs' Complaint or dismissing the Plaintiffs' Complaint in its entirety.

**"*Instead, Plaintiffs have filed a 152-page Complaint*"**

The Federal Rules of Civil Procedure do not contain a limit on the page count of a complaint but do require that a complaint provide sufficient statements of fact, legal theories, and damages, etc. to provide adequate notice of the claims against ***each*** Defendant and the grounds upon which they rest. The Defendants have failed to establish sufficient prejudice, or any prejudice, to warrant striking any portion of the Plaintiffs' Complaint or dismissing the Plaintiffs' Complaint in its entirety

**"*replete with lurid descriptions of the alleged assaults*"**

The Defendants do not question the accuracy of the descriptions of the sexual assaults and rapes. The "lurid descriptions of the alleged assaults" and rapes establish the bases of the Plaintiffs' damages, are admissible at trial, and will be presented to the jury during the trial of this matter. There is no Federal Rule of Civil Procedure that prevents Plaintiff Fabiana McLeod from describing how she was assaulted – no matter how lurid - in her Complaint.

**"*superfluous personal and professional details about the Defendants*"**

The Defendants do not question the accuracy of the personal and professional details about the Defendants. These personal and professional details are admissible and will be presented to the

jury during the trial of this matter. The Defendants are well educated professionals and businesspeople who should have been familiar with the policies and procedures and training that businesses, such as The Fessenden School, routinely develop and implement to protect those who interact with the businesses.

### *"inflammatory references to unrelated incidents occurring decades ago"*

The Fessenden School owns property – a dormitory used to house children – which it kept in an unsafe condition. The "inflammatory references to unrelated incidents occurring decades ago" is evidence of actual or constructive notice to the property owner Defendant The Fessenden School of the dangerous condition that existed on its campus. In addition, the unsafe condition resulted from The Fessenden School's general "mode of operation" and was thus reasonably foreseeable. Clairmont v. Target Corp., No. 11-cv-30188-MAP, 2012 U.S. Dist. LEXIS 176722 (D. Mass. Dec. 13, 2012). These "unrelated incidents" show actual or constructive notice of a dangerous condition on The Fessenden School's property and is a required element of a claim for premises liability.

### *"an irrelevant and self-serving account of pre-suit communications with defense counsel"*

The Plaintiffs make claims against Defendant United Educators for unfair insurance settlement practices. Detailed contemporaneous accounts of the settlement negotiations are relevant to these claims. In addition, the Plaintiffs' accounts were sent to the Defendants' counsel in very lengthy and detailed printed letters, many sent return receipt requested, totaling seventy-six (76) pages. The Defendants never responded to the letters in any detail, but simply communicated by terse emails.

### *"utterly spurious claims (e.g., that the school knowingly and willfully engaged in sex trafficking in violation of federal law)"*

This is hardly a spurious claim. It is an element of the Plaintiffs' federal causes of action. Simply put, Mr. Leung, a 35 year old male, continuously and openly shows up on The Fessenden School campus with underage girls in his car, The Fessenden School has no parental permission slips for the girls to be there, The Fessenden School allows these minor children to be housed overnight in

its dormitory, Mr. Leung visits the girls at night in their secluded dormitory rooms, Mr. Leung

chases the girls through underground tunnels, Mr. Leung rapes Fabiana in her dormitory room

after barricading the door. The Plaintiffs' claims should be crystal clear to the Defendants.

Instead, the Defendants want this Court to believe that the Plaintiffs' Complaint is confused,

ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised

such that they cannot frame a response to it.

### *"The Complaint contains an additional fifty pages of exhibits."*

The Federal Rules of Civil Procedure and the Local Rules place no page limit for exhibits

attached to a complaint. The Plaintiffs provided almost all of the Exhibits to the Defendants long

before the Complaint was filed.

### *"It includes 65 causes of action and 596 numbered paragraphs."*

The Plaintiffs are obligated to plead *all* their causes of action against *each* Defendant. The

Federal Rules of Civil Procedure and the Local Rules place no limit on the number of causes of

action or paragraphs allowed in a complaint.

### *"The Complaint sets forth allegations for each cause of action, but then separately lists unnumbered prayers for relief for all 65 causes of action over the final 21 pages."*

The Defendants are free to not read the final 21 pages of the Plaintiffs' Complaint.

### *"The Complaint is neither simple nor concise, and thus is in violation of Rule 8. Kuehl, supra at 906-907 and n. 7 (1st Cir. 1993) (43- page, 36-count Complaint violated Rule 8 and was properly dismissed); Jackson v. Polaroid Corp., 181 F.3d 79 (1st Cir. 1999) (180-page Complaint with more than 80 counts properly dismissed as an "obvious" violation of Rule 8)"*

The Defendants citations to <u>Kuehl</u> and <u>Jackson</u> are incomplete and maybe meant to mislead this

Court. In <u>Belanger v. BNY Mellon Asset Mgt., LLC</u>, 307 F.R.D. 55 (D. Mass. 2015), the Court

summarized the standards for dismissal of a pleading for violation of Fed. R. Civ. P. 8:

> "A district court has the power to dismiss a complaint when a
> plaintiff fails to comply with the Federal Rules of Civil Procedure,
> including Rule 8(a)(2)'s 'short and plain statement' requirement."
> <u>Kuehl v. F.D.I.C.</u>, 8 F.3d 905, 908 (1st Cir. 1993). "'Dismissal [for
> noncompliance with Rule 8] is usually reserved for those cases in
> which the complaint is so confused, ambiguous, vague or
> otherwise unintelligible that its true substance, if any, is well

disguised,'" such that it would be "unreasonable to expect defendants to frame a response to it." <u>Sayied v. White</u>, 89 Fed. App'x 284 (1st Cir. 2004) (alteration in original) (quoting <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988)); see also <u>Jackson v. Polaroid Corp.</u>, 181 F.3d 79 (1st Cir. 1999) (affirming dismissal of "long and redundant" 350-paragraph complaint for noncompliance with FRCP 8); <u>Youngworth v. Gentile</u>, No. C.A. 05-30108, 2006 U.S. Dist. LEXIS 8140, 2006 WL 516757 (D. Mass. Feb. 27, 2006) (dismissing complaint containing "hundreds of assertions" and presented in "a rambling, discursive essay form," without prejudice to filing an amended pleading in compliance with the Federal Rules).

Federal courts do not take action on a complaint because of a certain page, paragraph, or cause of action count. Federal courts take action when the defendant is clearly prejudiced because the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised". The Federal Rules of Civil Procedure promote the disposition of claims on the merits rather than on the basis of technicalities. <u>Foman v. Davis</u>, 371 U.S. 178, 181-82 (1962). Clearly, the Defendants never state that the plaintiffs' Complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Clearly, the Defendants' Motion demonstrates that the Defendants understand the Plaintiffs' claims and supporting facts. The Plaintiffs' Complaint is not "unintelligible". The Defendants simply do not like the facts, the number of Defendants, and the claims against the Defendants in the Plaintiffs' Complaint.

The Defendant's reliance on <u>Jackson v. Polaroid Corp.</u> is equally misplaced[2]. <u>Jackson</u> involved a *pro se* plaintiff who served on the defendants a complaint consisting of "54 single-spaced typewritten pages and 141 paragraphs". The district court did not dismiss this complaint outright, however; rather, it entered an order giving the *pro se* plaintiff a deadline by which to file a substitute complaint that complied with Rule 8(a). Three weeks after the deadline passed, the *pro se* plaintiff filed a substitute amended complaint. This time, the complaint was 180 pages long

---

[2] The Plaintiffs are trying hard not to resort to the use of derogatory terms such as "disingenuous", "misleading", etc. or to make any assumptions concerning the Defendants' intent for their Motion. Suffice it to say, that these cases do not at all support the Defendants' arguments.

(consisting of mainly double-spaced pages) and contained over 350 paragraphs and over 80 counts; it also included footnotes. After receiving the substitute complaint, the district court dismissed the case for failure to obey its earlier order.

***"Even assuming the Complaint does not violate Rule 8, it contains immaterial and impertinent allegations" In Paragraph 2, for example, the Plaintiffs contend that the Defendant, Primo "Howie" Leung, was a student at The Fessenden School ("Fessenden") in the 1990's, but "had a summer gig" as a teacher there in 2015 and 2016. Mr. Leung's history as a former student at Fessenden is not relevant or material to this case."***

The Defendants fail to provide any basis for their claims that Mr. Leung's history as a former student is not relevant or material to this case. Actually, Mr. Leung's long history with The Fessenden School is very relevant and this relevancy was discussed with Attorney Mazurczak on February 11, 2021 during a meeting at the offices of Paolini & Haley. Mr. Leung graduated from The Fessenden School in the Spring of 1998 (see image below, a page from the Program of The Fessenden School 1998 graduation ceremony):



Leung then attended Suffield Academy for high school and graduated from there in 2001. However, in June 1999, when Leung was only 16 years old, The Fessenden School hired him to be a dormitory parent/teacher in its summer program. Leung held this position every summer through August 2008, over nine (9) years. In the Summer of 2009, The Fessenden School promoted Leung to Assistant Director of The Fessenden School summer program, a position he held until his arrest in 2019. In all, Leung worked for The Fessenden School continuously every summer for twenty (20) years.

Multiple times, over the past year the Plaintiffs requested The Fessenden School to produce all documents in its possession, custody and/or control concerning Mr. Leung's relationship with The Fessenden School after he graduated in 1998 including job applications, background check or documentation that The Fessenden School had trained Mr. Leung in proper boundaries between staff and students. The Fessenden School produced a single sheet of paper – a CORI report from 2004 (see below). The Fessenden School had employed Mr. Leung for twenty (20) years, but now claims that its file concerning Mr. Leung consists of only a single sheet of paper:



The Fessenden School had 20 years to evaluate, background check and train Mr. Leung about its expected boundaries between its staff and its students, but it did none of these things. Mr. Leung had 20 years to learn about and take advantage of The Fessenden School's lack of dormitory security, its myriad underground tunnels, its secluded stairwells, its failure to train students and staff concerning inappropriate boundaries, and its failure to perform and update background checks that would have revealed student complaints about him in New Hampshire. As such, Mr. Leung's long history with the Fessenden School is far from "immaterial", "impertinent" or "irrelevant" to the Plaintiffs' claims.

*"Nevertheless, the Plaintiffs expand this irrelevant assertion to provide many details of his application and the supporting documentation provided for Mr. Leung to attend Fessenden as an 11-year-old boy. (¶98-¶105). These allegations include that he was "quite a timid boy", was raised by a single mother, and was "the product of a normal pregnancy." (¶99, ¶101). The Plaintiffs also included a copy of Mr. Leung's handwritten note as an 11-year- old, which focused on his relationship with his "mum." (¶100)"*

Pedophiles usually have been the victims of pedophiles themselves. Pedophiles pick on children who are quite timid, who are the products of broken homes, who are away from their homes, and who have overly doting mothers. Leung, a child from Hong Kong, fills all of a pedophile's checkboxes. In addition, there is no evidence that he suffered a neurological intra-uterine event that could account for his pedophilia. This was discussed with Attorney Mazurczak during a face-to-face meeting on February 11, 2021. The Plaintiffs plan to present expert and factual evidence that Mr. Leung was groomed and abused while he was a student at Fessenden School.

*"In Paragraph 3, the Plaintiffs allege that Howard Hughes, Ted Kennedy and John Kerry were students at Fessenden. These allegations have no relevance to this case."*

The relevance to this case is that with such a well to do clientele, The Fessenden School would not have suffered any financial burden if it developed and implemented the policies and procedures and security plans listed in the Plaintiffs' Complaint.

*"In Paragraph 11, the Plaintiffs contend that Fessenden and its insurer, the Defendant United Educators, "have made no offers to settle this matter. Instead, The Fessenden School wanted the McLeod family to go to 'mediation' without producing any relevant or material documents in order to keep the story of Fabiana's abuse out of the news." This allegation is both irrelevant and disingenuous."*

The Plaintiffs make claims against Defendant United Educators for unfair insurance settlement practices. Detailed contemporaneous accounts of the settlement negotiations are relevant to these claims. In addition, the Plaintiffs' accounts were sent to the Defendants' counsel in very lengthy and detailed letters totaling seventy-six (76) pages. The Defendants never substantively responded to the letters. The Defendants have failed to establish any prejudice, let alone sufficient prejudice, to warrant striking or dismissing any or all of the Plaintiffs' Complaint.

*"Mediation is a means of settlement negotiations. Admittedly, it offered an opportunity to privately explore resolution of Plaintiffs' troubling allegations. However, it is fairly inferred from the public statements of Plaintiffs' counsel that adverse publicity for Fessenden was exactly what was desired, and that irrelevant and sensational allegations were included in the Complaint in an effort to extract a settlement on pain of public embarrassment.2"*

The Defendants do not point out exactly where Plaintiffs' counsel supposedly stated, "that adverse publicity for Fessenden was exactly what was desired, and that irrelevant and sensational allegations were included in the Complaint in an effort to extract a settlement on pain of public embarrassment". After careful reading and re-reading of the article cited in footnote 2 of the Defendants' Motion, Plaintiffs' counsel could not find the alleged statement. The Plaintiffs and their counsel have no control over what readers of the print news media will or not fairly infer from a news article.

*"Filing a complaint containing immaterial and impertinent matters intended solely for press consumption is improper."*

The Defendants do not point out exactly where Plaintiffs' counsel supposedly stated he "fil[ed] a complaint . . . solely for press consumption". The Defendants fail to recognize the difference between filing a complaint for press consumption and the press consuming a legitimate, newsworthy complaint.

***"In Paragraphs 23-69, the Plaintiffs describe the individual Defendants' relationship with Fessenden, with the vast majority of them sued merely as Trustees of the school"***

The term "merely as Trustees" can be considered belittling. However, paragraphs 93-97 of the Plaintiffs' Complaint state exactly why the Trustees are being sued. Interestingly, the Defendants are asking this Court to strike these paragraphs.

93. In his 2016 letter to the Fessenden community, Headmaster Stettler also stated,

"I have made every effort, with the full support of our Board of Trustees, to model our School's values of honesty, compassion and respect in every decision and action."

94. The Board of Trustees of The Fessenden School includes many successful businesspeople who should be very familiar with the laws and policies and procedures that corporate businesses implement to protect those employed by or otherwise associated with the corporate businesses.

95. Since the Board of Trustees supported Headmaster Stettler's "every effort", the Board of Trustees must have been aware of Headmaster Stettler's "every effort", reviewed his "every effort", made sure his "every effort" was implemented, and followed up on the effectiveness of his "every effort".

96. The Board of Trustees must also have been acutely aware, or should have been aware, that making representations to the public that The Fessenden School has made "every effort" to protect children when in fact The Fessenden School had not made any effort to protect children could cause serious harm to the very children The Fessenden School had a legal duty to protect.

97. The Trustees and Headmaster Stettler made assertions about how well The Fessenden School is protecting children, when they knew that The Fessenden School was actually doing very little or nothing to protect children is willful and wanton misconduct.

***"Although many Trustees are merely described as such, many others are identified by the companies at which they work or by other irrelevant personal information"***

As stated above, the Defendants do not question the accuracy of the personal details about the Defendants. These details are admissible and will be presented to the jury during the trial of this matter. As stated in Paragraph 94 of the Plaintiffs' Complaint, the Defendants are well educated businesspeople who should have been familiar with policies and procedures and training that a business, such as The Fessenden School, routinely develop and implement to protect those who interact with the business.

*"The Plaintiffs offer no grounds upon which the Trustees may be liable based on their positions at other companies, and there are no such grounds which could be asserted."*

The Plaintiffs are not suing the Trustees based on their positions at other companies. The Plaintiffs are suing the Trustees based on their positions at The Fessenden School. However, the Trustees do not leave their business knowledge, life experiences, etc. at the door when they put on their Trustee hats.

*"These allegations have been included in an attempt to embarrass and harass these Defendants, and inflame potential jurors."*

The Defendants offer no support for this statement. How can the Defendants be embarrassed by publicly available information about their extensive education and accomplishments? All allegations in all complaints are usually embarrassing to the defendants. Every defendant considers the filing of a complaint against her to be harassing. The Defendants' failures to protect children will perhaps inflame jurors at trial once they hear and see the admissible evidence. However, the Federal Rules of Civil Procedure do not prohibit the inclusion of facts in a complaint simply because those facts may potentially embarrass the defendant, inflame potential or actual jurors, cause the defendant to feel harrassed.

*"The Plaintiffs also seek to introduce inadmissible hearsay evidence from newspaper accounts of events from long ago and unrelated to the McLeods. In paragraphs 72-74, the Plaintiffs refer to an article from a Texas newspaper from 1977 about Fessenden. Mr. Leung was not born until 1983 and was not a student at Fessenden until the 1990s. This article is too remote to be relevant"*

"Hearsay" is a term governed by the Federal Rules of Evidence at trial. The Federal Rules of Evidence do not apply to complaints. ***Everything*** in a complaint is hearsay until the Federal Rules of Evidence filter out what will eventually be admissible to the jury. The Federal Rules of Civil Procedure do not require that a complaint only contain admissible evidence. Jurors do not read complaints – the Defendants know this. In addition, any suggestion that a plaintiff can circumvent the Federal Rules of Evidence simply by including evidence in the complaint is ludicrous. The issue is not when Mr. Leung was born but when The Fessenden School had notice that its employees were molesting children and when, if ever, The Fessenden School developed

14

and instituted policies and procedures and training to prevent such abuse. The more remote the notice, the longer The Fessenden School had to correct the dangerous condition on its campus.

*"Moreover, statements in "…a newspaper article are inadmissible hearsay evidence." Bowler v. Town of Hudson, 2007 WL 9797643 (D.Mass. 2007), p. 3. The Plaintiffs should not be permitted to avoid this prohibition by including newspaper articles in their Complaint."*

"Hearsay" is a term governed by the Federal Rules of Evidence at trial. The Federal Rules of Evidence do not apply to complaints. *Everything* in a complaint is hearsay until the Federal Rules of Evidence filter out what will eventually be admissible to the jury. The Federal Rules of Civil Procedure do not require that a complaint only contain admissible evidence. Jurors do not read Complaints – the Defendants know this. In addition, any suggestion that a plaintiff can circumvent the Federal Rules of Evidence simply by including evidence in the complaint is ludicrous.

*"The Plaintiffs also refer to a 1995 lawsuit and the allegations contained in that suit in Paragraph 75. The veracity of these allegations, which also concern individuals who are not parties to this case and are too remote in time to be of any relevance, is not alleged. These allegations have no substantive value and are offered merely to disparage Fessenden."*

The 1995 lawsuit put The Fessenden School on notice that a child alleged that he was being inappropriately groomed by a teacher. The issue is not the veracity of the allegations but what policies and procedures and other measures The Fessenden School implemented in 1995 to prevent the grooming and abuse of children.[3]

*"In Paragraphs 76 and 77, the Plaintiffs cite to a 1995 lawsuit alleging wrongful conduct by "the then Headmaster" and the hockey coach, but those allegations are hearsay and entirely irrelevant to this case."*

"Hearsay" is a term governed by the Federal Rules of Evidence at trial. The Federal Rules of Evidence do not apply to Complaints. In addition, as noted above allegations or actual prior abuse of children at the Fessenden School can be considered actual or constructive notice of a dangerous condition on its campus. The relevance of the 1995 lawsuit is that there was a 1988

---

[3] The Defendants overall argument seems to be that since no allegation of sexual abuse against the The Fessenden School has never gone to a jury verdict, then no student was ever abused there.

report that a teacher was in possession of marihuana on campus. Fabiana Mcleod has alleged that she was served alcohol and marihuana laced brownies at The Fessenden School campus. The 1988 reports should have put The Fessenden School on notice that drugs had infiltrated its campus and should have led to policies and procedures prohibiting the consumption, possession, or storage of alcohol and drugs on campus.

***"Similarly, Paragraphs 78-80, 89, 161 and 175 set forth vague, hearsay allegations of abuse of male students during the 1970's"***

"Hearsay" is a term governed by the Federal Rules of Evidence at trial. The Federal Rules of Evidence do not apply to Complaints. In addition, as noted above, allegations of prior abuse of children at The Fessenden School can be considered actual or constructive notice of a dangerous condition on its campus. The Defendants offer no support for their insinuation that there may be a difference between the abuse of male students and the abuse of female students.

***"In fact, despite using twenty-six paragraphs to describe the 'history of abuse' at Fessenden, the Plaintiffs fail to cite to a single instance of abuse that occurred this century"***

If the Defendants are using the Plaintiffs' failure to cite a "single instance of abuse that occurred this century" as a defense to the Plaintiffs' allegations, then the Defendants should have no problem producing ***all*** their files concerning ***all*** allegations of sexual abuse against them. As stated above, the history of abuse put the Defendants on notice that a dangerous condition existed on The Fessenden School campus, and it was very foreseeable that a child would be sexually assaulted on campus.

***"Fessenden should not be made to comment, let alone defend, against unrelated allegations concerning the purported conduct decades ago of individuals no longer affiliated with the school"***

The Plaintiffs' Complaint in not making the Defendants comment or defend past allegations. The Federal Rules of Civil Procedure only require the Defendant to admit or deny the allegations in the Plaintiffs' Complaint. As stated above, the history of abuse at The Fessenden School put the Defendants on notice that a dangerous condition existed on the Fessenden School campus and it was very foreseeable that a child would be sexually assaulted on campus.

> ***"The sole purpose for allegations concerning long ago events and different individuals is not to advance the factual grounds of the Plaintiffs' claims, but to improperly depict Fessenden in an adverse light and require the Defendants to respond to such irrelevant allegations"***

The Defendants offer nothing to support the above statement. All Complaints filed in the federal courts depict the defendants in an "adverse light" – that is the reason the pleading is called a "Complaint". Irrelevancy is an issue usually determined at trial by the trial judge relying on the Federal Rules of Evidence.

> ***"Finally, in Paragraphs 170-189, the Plaintiffs refer to television broadcasts of charges brought against Mr. Leung, and their counsel's pre-litigation communications with Fessenden's attorney. These allegations have nothing to do with the merits of the Plaintiffs' claims of alleged abuse by Mr. Leung and the purported failure of the other Defendants to stop that abuse."***

As stated above, the Plaintiffs have made unfair insurance settlement practices claims against United Educators. The Plaintiffs responsibility is to provide to United Educators all information, even media reports, that support the Plaintiffs' contention that its insured's liability is reasonably clear. Pre-suit settlement negotiations are not governed by the Federal Rules of Evidence. United Educators is obligated to consider ***all*** information, even information that may be inadmissible at trial, that shows that its insured's liability is reasonably clear. The purpose of M.G.L. c. 93A and 176D is to settle cases before trial. A claim by the Defendants that cases cannot settle until issues of admissibility or relevancy are determined at trial is ludicrous.

## CONCLUSIONS

1.  A lawsuit about the rape of a 13-year old girl by a 35 year old teacher will be a bit lurid on the details. The case concerns the ***history*** of abuse of multiple children at The Fessenden School, as chronicled by the ever-present Headmaster Stettler in multiple letters to The Fessenden School community, and how Headmaster Stettler and the Trustees did nothing but whitewash the problem rather than take concrete steps to protect children. This narrative is clearly, concisely, and unambiguously stated in the Plaintiffs' Complaint.

2.  This Court should reject outright the Defendants' arguments that the Plaintiffs' Complaint is confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is

well disguised, such that it would be unreasonable to expect the Defendants to frame a response to it.

3.   By their analysis in their Motion to Dismiss, it is clear that the Defendants understand the Plaintiffs' claims against them and the factual and the legal bases for those claims.

4.   The problem for the Defendants is not that they find the Plaintiffs' Complaint to be confused, ambiguous, vague or otherwise unintelligible, the problem for the Defendants is that they do not like the Complaint.

5.   The Plaintiffs' Complaint meets the standards propounded by the Federal Rules of Civil Procedure 8 and 12.

6.   The Federal Rules of Evidence do not dictate what can or cannot be included in the Plaintiffs' Complaint. The court should not be swayed by the Defendants' arguments concerning relevancy or admissibility of facts in the Plaintiffs' Complaint.

7.   Of course there is redundancy in the Plaintiffs' Complaint! The allegations against each of the thirty-six (36) Trustee Defendants are identical, except for the name of the Trustee. The allegations against each of the ten (10) teachers/counselors are identical, except for the name of the teacher/counselor. The Defendants are well aware of this, yet they chose to file their Motion claiming that the Plaintiffs' Complaint is too long.

**WHEREFORE**, the Plaintiffs respectfully request that this Court find the Defendants' Motion to be "somewhat dilatory", "harassing", "purely cosmetic", and a "time waster" and **DENY** the Motion."

Respectfully submitted,
The Plaintiffs,
By their attorney,


*/s/ Domenic Paolini*
_____
Domenic Paolini, Esq.
BBO # 643215
office: 617.951.0300
cell: 617.372.1514
email: dpaolini@paoliniandhaley.com

Richard M. Haley, Esq.
BBO # 553253
email: rhaley@paoliniandhaley.com

**PAOLINI & HALEY**
400 Tradecenter Drive
Suite 5900
Woburn, MA 01801


Dated: August 5, 2021