UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Fabiana Hillary McLeod, et al, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) C.A. No. 1:21-cv-10807 |
| The Fessenden School, et. al., | ) ) ) |
| Defendants. | ) ) |

### RULE 12(B)(6) MOTION TO DISMISS GROSS NEGLIGENCE CLAIMS AGAINST THE FESSENDEN TRUSTEES.

The Fessenden Trustee Defendants[1] hereby move pursuant to Fed.R.Civ.P. 12(b)(6) for dismissal of the gross negligence and willful and wanton misconduct claims[2]. The Trustee Defendants also move for dismissal of Counts LI and LII against them alleging loss of parental consortium. These claims fail as a matter of law because the complaint allegations are insufficient to establish a legal duty owed by the individual trustees and are insufficient to state a claim for gross negligence. Because these claims are not viable, the loss of consortium claims fail as well. *See, e.g., Sena v. Com*., 417 Mass. 250, 264, 629 N.E.2d 986, 994 (1994).

The existence of a duty of care to prevent criminal conduct by a third-party "depends upon the foreseeability of a risk of harm that the defendant has an ability to prevent." *Heath-Latson v. Styller*, 487 Mass. 581, 584, 169 N.E.3d 155, 158 (2021) (affirming motion to dismiss based upon lack of duty). The complaint fails to allege specific acts by the Fessenden Trustees that suggest

---

[1] Ian Loring; Michael Mach; Michael Murray; Jeffrey Allen; Christopher Bartel; Melisa Berman; Stephanie Bucci; Tara Ciongoli; Bruce Dayton; Edward Denoble; Robert Dickey; Jennifer Mugar Flaherty; Charles Fadel; Keith Gelb; Craig Gemmel; Michael Gordan; Grace Hoffmann; Solomon Kumin; Susan Levine; Pamela Lomax; Mark Moore; Elizabeth Munro; Peter Mulderry; V.G. Narayanan; Christian Nolen; Steven Peck; Rachel Skiffer; Thomas Roberts; Christine Todd; Davide Visco; Robert Waldron; Jennifer Stier; Peter Welch; Trustee Doe; and, Trustee Roe.

[2] Complaint Count XVI through Count L

they could have foreseen the abuse by Defendant Leung, or had a reasonable opportunity to prevent him from abusing Ms. McLeod. However, even assuming the existence of the duty, Plaintiffs' allegations are insufficient as a matter of law to plausibly suggest that the trustees engaged in an "act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care." *Brandt v. Davis*, 98 Mass.App.Ct. 734, 741, 159 N.E.3d 191, 198 (2020) (affirming summary judgment on gross negligence where defendant's "assertedly inadequate planning makes out, at worst, only ordinary negligence").

By their attorneys,

*s/ Robert P. Powers*
_____
Robert P. Powers, BBO #544691
rpowers@melicklaw.com
Michael J. Mazurczak, BBO #555106
mmazurczak@melicklaw.com
Lauren C. Roche, BBO: #707661
lroche@melicklaw.com
Melick & Porter, LLP
One Liberty Square, 7th Floor
Boston, Massachusetts 02109
Telephone:  (617) 523-6200

## CERTIFICATE OF SERVICE

I, Robert P. Powers, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Domenic Paolini, Esq.
Richard M. Haley, Esq.
Paolini & Haley
400 Tradecenter Drive
Suite 5900
Woburn, MA 01801

*/s/ Robert P. Powers*
August 10, 2021
