IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABIANA MCLEOD, MARK MCLEOD KARINA MCLEOD<br><br>    Plaintiffs,<br><br>v.<br><br>SOLOMON KUMIN, PRIMO LEUNG, et al.<br><br>    Defendants. | CASE NO. 1:21-cv-10807-FDS |

**DEFENDANT PRIMO LEUNG'S MEMORANDUM OF LAW IN SUPPORT OF HIS RULE 12(B)(6) MOTION TO DISMISS COUNTS VII, VIII AND LXI FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Primo Leung ("Mr. Leung") has moved to dismiss Count VII, VIII, and LXI of Plaintiffs' Complaint on the basis that this Count fails to state a claim upon which relief can be granted. In support of this motion, Mr. Leung asserts the following:

### I. ALLEGATIONS IN COMPLAINT

The Plaintiff Fabiana McLeod ("Ms. McLeod") has made the following allegations which this Court must assume are true for purposes of deciding this Motion:

Mr. Leung, a former student at the Fessenden School (Complaint, ¶¶ 98-105), worked as a teacher at a Rundlett Middle School in Concord, New Hampshire between September 2013 and June 2016 (Complaint, ¶ 106). During that time period, Ms. McLeod was a student at that school. (Complaint, ¶ 108).

The Complaint, ¶ 111, alleges that in February 2015, Mr. Leung's relationship turned sexual. It also alleges that Mr. Leung would work summers at the Fessenden School in the

1

English Language Learners ("ELL") summer program.  (Complaint, ¶ 113).  During the summers of 2015 and 2015, Mr. Leung was a teacher, counselor, and co-director of the ELL program. (Complaint, ¶ 116).  Mr. Leung "recruited" young girls from the Rundlett Middle School to participate in the Fessenden School ELL summer program as helpers or volunteers or part-time students or proctors-in-training.  (Complaint, ¶ 120).  Mr. Leung told Ms. McLeod's father that she would benefit from her association at the prestigious school and that she would be safe in the dormitories.  (Complaint, ¶¶ 122-123).

The Complaint alleges that Mr. Leung would drive Ms. McLeod from New Hampshire to the Fessenden School in Newton, Massachusetts, and during these trips he would force Ms. McLeod to touch his genital area with her hand.  (¶ 123-124).  At Fessenden, Mr. Leung is alleged to have provided Ms. McLeod with alcohol and marijuana.  (Complaint, ¶ 129).  He assigned Ms. McLeod a "secluded corner room" in the Fessenden dormitory.  (Complaint, ¶ 128).

The Complaint alleges that during the summer of 2015, Mr. Leung would enter Ms. McLeod's room and lay with her and another student to watch movies on a laptop.  (Complaint, ¶¶ 132-133).  Mr. Leung would cover himself and Ms. McLeod with a blanket and fondle her. (Complaint, ¶ 136).  Later that summer, Mr. Leung would enter Ms. McLeod's room when she was alone and would "barricade the door with furniture, expose himself and sexually assault her."  (Complaint, ¶ 137).

The Complaint alleges that Ms. McLeod returned to the summer program at Fessenden in the summer of 2016, and that then Mr. Leung "escalated the frequency and intensity of his sexual assaults" on Ms. McLeod.  (Complaint, ¶ 139).  During a field trip to New York that summer, Mr. Leung is alleged to have sexually assaulted Ms. McLeod by forcing her to perform oral sex

on him; when Ms. McLeod became upset, Mr. Leung "angrily shoved her out of the room." (Complaint, ¶ 140-148).  Once they returned to the Fessenden School, Mr. Leung "continued assaults on [Ms. McLeod] in her dormitory and in the tunnels and stairwells of The Fessenden School." (Complaint, ¶ 151).  During a game called "Manhunt," Mr. Leung "would hunt [Ms. McLeod] and sequester her in a secluded stairwell where he would forcibly kiss her, fondle her breasts under her shirt, undress her, and digitally and orally rape her." (Complaint, ¶ 160).  The Complaint alleges that the number of times Ms. McLeod was assaulted at Fessenden "are too numerous to count." (Complaint, ¶ 162).

## II.   LEGAL ARGUMENT

### A. Counts VII and VIII Must Be Dismissed Because Plaintiffs Did Not File First At The Massachusetts Commission Against Discrimination

Counts VII and VIII against Mr. Leung are brought pursuant to Mass. Gen. Laws ch. 214, §1C for claimed violations of Mass. Gen. Laws 151C, § 2(g) (Count VII) and of Mass. Gen. Laws ch. 151B, § 4(16A) (Count VIII).  Chapter 214, Section 1C states that a "person shall have the right to be free from sexual harassment."

Section 1C also states:  "No claim under this section that is also actionable under chapter 151B or chapter 151C shall be brought in superior court *unless a complaint was timely filed with the Massachusetts commission against discrimination under said chapter 151B*."  (Emphasis added).  Nowhere in the Complaint do the Plaintiffs allege that they ever filed a state sexual harassment complaint against Mr. Leung at the MCAD.

"A plaintiff who wishes to file a civil discrimination claim pursuant to Massachusetts General Laws chapter 151B must first file a timely complaint with the MCAD.  The filing of an administrative complaint is a *mandatory prerequisite to suit that may not be waived*.  After a plaintiff has filed a timely complaint with the MCAD, he has two options. The plaintiff may

either: (1) await a decision by the MCAD and seek judicial review if dissatisfied or (2) withdraw the complaint after ninety days and file a civil action with the courts." *Adams v. E. Fisheries*, 2014 U.S. Dist. Lexis 203896 (D. Mass. 2014) (emphasis added).  Since the plaintiffs failed to follow the required administrative procedures where violations of Chapters 151B and 151C are alleged, Counts VII and VIII must be dismissed.

### B. The Complaint Fails To State A Claim Under The Trafficking Victims Protection Act, 18 U.S.C. § 1595

This Court must dismiss Count LXI pursuant to Rule 12(b)(6) because the Complaint fails to allege sufficient facts upon which relief can be granted pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §1595.

The TVPRA provides:  "An individual who is a victim of a *violation of this chapter* may bring a civil action against the perpetrator….in an appropriate district court and may recover damages and reasonable attorneys fees.  18 U.S.C. §1595(a).  This section is included in Chapter 77 of Title 18 ("Peonage and Slavery").

First, to the extent that the plaintiffs claim that there were "several predicate felonies" that provide for a civil action, the plaintiffs allege felonies that are not within Chapter 77 at all. *See* Complaint, ¶ 591(b-d).  As such, these alleged felonies cannot provide civil relief under Section 1595.

Next, the Plaintiffs fail to sufficiently allege a violation of the one claimed felony that falls within the chapter, 18 U.S.C. § 1590.  *See* Complaint ¶ 591(a).  Section 590 ("Trafficking with respect to peonage, slavery, involuntary servitude or forced labor") specifically provides: "Whoever knowingly recruits, harbors, transports, provides or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not §more than 20 years, or both."  Section 590(a).  Although there is a paucity of cases interpreting

4

this statute, none of the allegations set forth by plaintiffs establish that the defendant subjected her to "peonage, slavery, involuntary servitude of forced labor." And the plaintiff does not and cannot allege a violation of Section 1591 ("Sex trafficking of children by force, fraud, or coercion") where the plaintiff would be required to show that the plaintiff was the subject of a "commercial sex act."

For these reasons, Count LXI must be dismissed.

### III.     CONCLUSION

For the reasons set forth above, Mr. Leung respectfully requests that this Court dismiss Counts VII, VIII and LXI of Plaintiffs' Complaint.

        Respectfully submitted,

        PRIMO LEUNG

        BY HIS ATTORNEY

        /s/Karen A. Pickett

        _____
        Karen A. Pickett (BBO # 633801)
        Pickett Law Offices, P.C.
        125 High Street, 26th Floor
        Boston, MA  02110
        (617) 423-0485
        kpickettlaw@gmail.com

Dated:  September 9, 2021

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing will be served via the ECF system on all counsel of record, and that counsel not receiving electronic notifications via the ECF system will be served via first class U.S. mail, postage prepaid.

                                                     /s/ Karen A. Pickett
                                                     _____

Dated:  September 9, 2021