# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FABIANA HILLARY MCLEOD,**<br>**KARINA MCLEOD, and MARK MCLEOD,**<br><br>           **Plaintiffs**<br><br>**v.**<br><br>**PRIMO "HOWIE" LEUNG, THE FESSENDEN**<br>**SCHOOL, UNITED EDUCATORS, and 46**<br>**others**<br><br>           **Defendants** | **Civil Action No.:**<br>**1:21-cv-10807** |

## PLAINTIFFS' OPPOSITION TO
## DEFENDANT PRIMO LEUNG'S MOTION TO DISMISS FOR VIOLATION OF RULE 8
## OR IN THE ALTERNATIVE
## STRIKE CERTAIN ALLEGATIONS PURSUANT TO RULE 12(f)

***Concerning Mr. Leung's adoption and incorporation by reference the arguments in the other defendants' motion filed on July 29, 2021. (Dkt. No. 10).***

The Plaintiffs incorporate by reference into this Opposition the arguments, facts, and precedential cases in their Opposition (Dkt. No. 21) to The Fessenden School Defendants' Motion (Dkt. No. 10).

The First Circuit has consistently ruled that motions invoking Fed. R. Civ. P. 8 and12(f) are sought by the movant simply as a dilatory or harassing tactic and numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C WRIGHT & MILLER, § 1380 at 394 (2004); see also Boreri v. Fiat S.P.A., 763 F.2d 17, 23 (1st Cir. 1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.").

Motions to strike are rarely granted absent a showing of prejudice to the moving party. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 398 (D.R.I. 1998) ("the movant must demonstrate that prejudice would result if the offending material remained in the pleadings.").

Mr. Leung's *only* statement concerning the material in the Plaintiffs' Complaint is:

> "Mr. Leung asserts the following paragraphs have nothing to do with the causes of action and further are utterly prejudicial to this defendant who has not been convicted of any crime."

This statement contains three arguments:

1. **"paragraphs have nothing to do with the causes of action"**

The Complaint tells a story about how Primo Leung enrolled in The Fessenden School when he was eleven years old and became a co-director of a summer program at The Fessenden School. Primo Leung was affiliated with The Fessenden School, almost continuously for over twenty (20) years. Somewhere along this timeline, that young Primo Leung student was transformed into the pedophile teacher Mr. Leung.

The Complaint also alleges that along this timeline many teachers at The Fessenden School were accused and/or convicted of sexually assaulting their young students. The Fessenden School is the common denominator in this story. However, The Fessenden School Defendants want the story to be that Mr. Leung fooled everybody and The Fessenden School and its staff could not have prevented the unforeseeable sexual assaults on Plaintiff Fabiana McLeod.

At trial, the Plaintiffs plan to offer the testimony of one or more students who attended The Fessenden School at the same time as Mr. Leung. This testimony will take the jury back to the 1990s and describe the relationship between the young Primo Leung and teachers at The Fessenden School. The Plaintiffs' forensic psychiatry expert is expected to opine that it is more likely than not that the young Primo Leung was abused at The Fessenden School and this experience turned him into the pedophile teacher Mr. Leung. Young Primo Leung's written statements and his mother's insights about him as a young child will, in part, form the basis of that expected opinion.

2

Therefore, the paragraphs in the Complaint have a lot to do with the Plaintiffs' causes of action.

**2.** **<u>"utterly prejudicial"</u>**

Mr. Leung does not "demonstrate" the prejudice that he claims the Complaint inflicts upon him. Instead, he makes a conclusory statement that the Complaint is "utterly prejudicial".

**3.** **<u>"not been convicted of any crime"</u>**

Whether Mr. Leung has or has not been convicted of a crime is immaterial to this ***civil*** action. None of the Plaintiffs' causes of action require Mr. Leung to be convicted of a crime. Mr. Leung seems to be implying that the Complaint cannot describe his misconduct, the events leading up to his misconduct, and the damages resulting from his misconduct because he has not been convicted of a crime. Mr. Leung offers no legal support for this argument.

## <u>CONCLUSIONS</u>

1. The Plaintiffs respectfully request that this Court find Defendant Primo Leung's Motion to be "somewhat dilatory", "harassing", "purely cosmetic", and a "time waster".

2. The Plaintiffs respectfully request that this Court find that Mr. Leung has not met his burden to "demonstrate" the prejudice that he claims the Complaint inflicts upon him. His conclusory statement that the Complaint is "utterly prejudicial" is not enough to meet that burden.

**WHEREFORE**, the Plaintiffs respectfully request that this Court **DENY** the Motion.

Respectfully submitted,
The Plaintiffs,

By their attorneys,


*/s/ Domenic Paolini*
_____
Domenic Paolini, Esq.
BBO # 643215
office: 617.951.0300
cell: 617.372.1514
email: dpaolini@paoliniandhaley.com

Richard M. Haley, Esq.
BBO # 553253
email: rhaley@paoliniandhaley.com

**PAOLINI & HALEY**
400 Tradecenter Drive
Suite 5900
Woburn, MA 01801


Dated: September 21, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing will be served via the ECF system on all counsel of record, and that counsel not receiving electronic notifications via the ECF system will be served via first class U.S. mail, postage prepaid.

/s/ Domenic Paolini

_____

Dated: September 21, 2021