IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABIANA MCLEOD, MARK MCLEOD KARINA MCLEOD<br><br>    Plaintiffs,<br><br>v.<br><br>SOLOMON KUMIN, PRIMO LEUNG, et al.<br><br>    Defendants. | CASE NO. 1:21-cv-10807-FDS |

**DEFENDANT PRIMO LEUNG'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD A CLAIM UNDER MGL C. 12, § 11I**

Defendant Primo Leung ("Mr. Leung") hereby opposes Plaintiffs' "cross-motion" of Plaintiff to amend the Complaint to add claims under M.G.L. c. 12, § 11I. As grounds therefore, Mr. Leung asserts the following:

As an initial matter, Mr. Leung takes great issue with Plaintiff's mischaracterization of his motion to dismiss. Mr. Leung **never** "acknowledged" the bullet points Plaintiff lists on page 14 of its cross-motion. Instead, Mr. Leung - - as he must do in the procedural posture of a Rule 12(b)(6) - - assumed the facts alleged by Plaintiff in the Complaint to be true.

Second, the motion should be denied because amendment of the Complaint would be futile. *See D'Agostino v. ev3, Inc.*, 845 F.3d 1, 7 (1st Cir. 2016) (internal quotations and citation omitted) ("A district court's ruling under Rule 15(a) that amendment would be 'futile' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."). Section 11I does not provide a cause of action here because the Plaintiff is recasting the claims it dismissed instead as a violation of Ms. McLeod's constitutional rights.

1

Section 11I provides a private cause of action for a violation of a plaintiff's constitutional rights. The Plaintiff states that the constitutional right that was violated was "moving freely" in the Commonwealth. In support of this argument, Plaintiff cites to *Commonwealth v. Weston*, 455 Mass. 24, 32-33 (2009). That case does not apply here. There, the Supreme Judicial Court held that the Massachusetts Declaration of Rights allows for freedom of intrastate movement in the context of juveniles that were arrested under an ordinance that imposed a youth curfew. The Plaintiff cannot establish a "constitutional violation" here. Of course, the Plaintiff has other causes of action that <u>do</u> cover the alleged conduct.

Moreover, to the extent that the Plaintiff is claiming the "constitutional violation" is some kind of sex or gender discrimination, she was required even under Section 11I to file that claim first at the MCAD. "Massachusetts law requires that all of Plaintiffs' state-law discrimination claims be brought before the MCAD before a lawsuit may be filed. *See Mouradian v. General Elec. Co*., 23 Mass. App. Ct. 538, 503 N.E.2d 1318, 1321 (Mass. App. Ct. 1987) (regarding claims under Mass. Gen. Laws. Ch. 12, § 11I)…" *Quarterman v. City of Springfield*, 716 F.Supp.2d 67, 77 (D. Mass. 2009).

For the reasons set forth above, Mr. Leung respectfully requests that this Court deny Plaintiff's cross-motion for amendment to add claims.

                          Respectfully submitted,

                          PRIMO LEUNG

                          BY HIS ATTORNEY

                          /s/Karen A. Pickett
                          _____
                          Karen A. Pickett (BBO # 633801)
                          Pickett Law Offices, P.C.
                          125 High Street, 26th Floor
                          Boston, MA  02110
                          (617) 423-0485
                          kpickettlaw@gmail.com

Dated:  October 5, 2021

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the foregoing will be served via the ECF system on all counsel of record, and that counsel not receiving electronic notifications via the ECF system will be served via first class U.S. mail, postage prepaid.

                /s/ Karen A. Pickett
                _____

Dated:  October 5, 2021