Karen Pickett &lt;kpickettlaw@gmail.com&gt;

## Leung - Emergency Motion To Lift Stay

**Karen Pickett** &lt;kpickettlaw@gmail.com&gt;                                                Wed, Mar 30, 2022 at 3:49 PM
To: Michael Mazurczak &lt;mmazurczak@melicklaw.com&gt;, Domenic Paolini &lt;dpaolini@paoliniandhaley.com&gt;, "Lauren C. Roche" &lt;lroche@melicklaw.com&gt;, Robert Powers &lt;rpowers@melicklaw.com&gt;

Attached, please find a draft motion and supporting memorandum requesting that the Court lift the stay pending mediation and order production of plaintiff Fabiana McLeod's treatment records.

Please let me know your position on the relief requested for Rule 7.1 certification purposes. I plan to file the motion and memorandum by tomorrow. Thank you.

--
Karen A. Pickett, Esq.
Pickett Law Offices, P.C.
125 High Street, 26th Floor
Boston, MA  02110
617.423.0485
www.pickettlegal.com

**2 attachments**

 **Leung Motion To Lift Stay.docx**
19K

 **Leung Memo In Support of Emergency Motion.docx**
25K

 **Karen Pickett <kpickettlaw@gmail.com>**

## Leung - Emergency Motion To Lift Stay

**Robert Powers** <rpowers@melicklaw.com>   Wed, Mar 30, 2022 at 4:06 PM
To: Karen Pickett <kpickettlaw@gmail.com>, Michael Mazurczak <mmazurczak@melicklaw.com>, Domenic Paolini <dpaolini@paoliniandhaley.com>, "Lauren C. Roche" <lroche@melicklaw.com>

Karen:

The Fessenden Defendants will not take a position on your motion. For Rule 7.1 purposes, you may certify that we have conferred and attempted in good faith to resolve or narrow the issue.

Thanks.

BP

[Quoted text hidden]



Karen Pickett <kpickettlaw@gmail.com>

## Leung - Emergency Motion To Lift Stay

**Domenic Paolini** <dpaolini@paoliniandhaley.com>　　　　　　　　　　　　　　Wed, Mar 30, 2022 at 8:44 PM
To: Karen Pickett <kpickettlaw@gmail.com>, Michael Mazurczak <mmazurczak@melicklaw.com>, "Lauren C. Roche" <lroche@melicklaw.com>, Robert Powers <rpowers@melicklaw.com>
Cc: Rich Haley <rhaley@paoliniandhaley.com>

Attorney Pickett,

Thank you for your email. I truly appreciate that you sent this email out at 3:50 P.M. with the decree, "I plan to file the motion and memorandum by tomorrow."

I assume that the "Rule 7.1" you reference in your email refers to Local Rule 7.1 which addresses Motion Practice. Local Rule 7.1(a)(2) states, "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

I do not believe that a two line email with "a draft motion and supporting memorandum" satisfies the mandate of Local Rule 7.1 that counsel have conferred and attempted in good faith to resolve or narrow the issue. In order to confer with you in good faith to resolve or narrow the issue, I will need time to review the "draft motion and supporting memorandum", perform legal research on the issues raised in the "draft motion and supporting memorandum", and meet with my three (3) clients and discuss the "draft motion and supporting memorandum" with each of them individually. This will take significant time and effort time as one client lives 200 miles south of Boston and two clients live 100 miles north of Boston. I know that you will understand that my client, Fabiana (the little child your client raped), will need extra time to discuss the issues in your "draft motion and supporting memorandum" as the issues raised in your ""a draft motion and supporting memorandum" will most likely trigger a psychiatric crisis that will need to resolve before I can have a meaningful discussion with her about your "draft motion and supporting memorandum". Fabiana's damages just seem to keep growing. I will also need time to review the final motion and supporting memorandum.

As I review my schedule, which has suddenly filled up because of the repeal of Covid restrictions, I will be able to confer with you about this matter on April 12, 2022 at 12:00 P.M. or April 13, 2022 at 11:00 A.M. I do not have much available time that week because it is Holy Week. I will have more flexibility the week of April 18, 2022.

I think these times are very reasonable as I do not see the EMERGENCY in your EMERGENCY motion.

If you decide to go rogue and file papers **before** we have conferred and attempted in good faith to resolve or narrow the issues, I will move to strike your filings and ask the Court for costs as your "draft motion and supporting memorandum" does not provide any argument or mention as to why you think an EMERGENCY exists.

Again, thank you for your email.

P.S. I thought this issue was addressed in January 2022. Please see my letters of January 13, 2022 and January 18, 2022 to counsel. Now, two months later, this is suddenly an EMERGENCY?

In addition, on or around March 8, 2002 you represented Mr. Leung at a hearing in the New Hampshire Circuit Court, 6th Circuit Family Division. During that hearing, you informed the Court, and the Court noted in its decision, "The Court understands that discovery in the pending Massachusetts civil action has been stayed pending the parties' attendance at mediation scheduled for next month." Lifting the stay never entered your mind at that time. Now, a month later, this is suddenly an EMERGENCY?

Domenic Paolini M.D., M.B.A., J.D.

PAOLINI & HALEY
400 Tradecenter Drive Suite 5900

Woburn, MA 01801


Office:          617.951.0300

Fax:             617.622.5077

Direct phone:    617.372.1514

Email:           dpaolini@paoliniandhaley.com

Web:             www.paoliniandhaley.com



PAOLINI & HALEY

Attorneys at Law

From: Karen Pickett <kpickettlaw@gmail.com>
Sent: Wednesday, March 30, 2022 3:50 PM
To: Michael Mazurczak <mmazurczak@melicklaw.com>; Domenic Paolini <dpaolini@paoliniandhaley.com>; Lauren C. Roche <lroche@melicklaw.com>; Robert Powers <rpowers@melicklaw.com>
Subject: Leung - Emergency Motion To Lift Stay


Attached, please find a draft motion and supporting memorandum requesting that the Court lift the stay pending mediation and order production of plaintiff Fabiana McLeod's treatment records.

[Quoted text hidden]

OUTSIDE EMAIL



Karen Pickett <kpickettlaw@gmail.com>

## Leung - Emergency Motion To Lift Stay

**Karen Pickett** <kpickettlaw@gmail.com>  Thu, Mar 31, 2022 at 6:24 AM
To: Domenic Paolini <dpaolini@paoliniandhaley.com>
Cc: Michael Mazurczak <mmazurczak@melicklaw.com>, "Lauren C. Roche" <lroche@melicklaw.com>, Robert Powers <rpowers@melicklaw.com>, Rich Haley <rhaley@paoliniandhaley.com>

Attorney Paolini, thank you for your email. As I explained in the motion, I understand that this is usually the stuff of discovery motions but given the pendency of the mediation and also the upcoming criminal case, it is important that I have the records now. If you have some kind of compromise - - e.g., providing now the records that were provided to the other defendants, I'm happy to entertain that. I do not think it is fair that I go into the mediation blind and lacking the records you shared with the other defendants.

Also, it seems you think it is somehow "nefarious" for Mr. Leung to request these records. You filed this lawsuit many months ago. I presume by making claims for intentional infliction of emotional distress, referencing (and even quoting from) counseling records and demanding $100,000,000, you would have understood (and hopefully explained clearly to your clients) that you were putting these records in issue. Mr. Leung has the right to defend himself in this action. And it appears you have been providing information to the Commonwealth but apparently not these records so the Commonwealth could determine whether they are exculpatory. As you know, the Commonwealth joined in a motion to continue the criminal case.

Concerning trying to schedule a conference after the mediation itself really doesn't address the need for the records prior to mediation. I believe that providing these records will aid in resolution of the case which is something you should consider.

In any event, I presumed you would simply disagree with the relief I requested since you have indicated in writing before that Mr. Leung's requests for these records would be subject to long and complicated litigation. If there is some alternative to my filing the motion, I'm happy to entertain it. Please advise today. Thank you. Karen
[Quoted text hidden]

 Gmail

Karen Pickett <kpickettlaw@gmail.com>

## Leung - Emergency Motion To Lift Stay

**Domenic Paolini** <dpaolini@paoliniandhaley.com>  Thu, Mar 31, 2022 at 11:15 AM
To: Karen Pickett <kpickettlaw@gmail.com>
Cc: Michael Mazurczak <mmazurczak@melicklaw.com>, "Lauren C. Roche" <lroche@melicklaw.com>, Robert Powers <rpowers@melicklaw.com>, Rich Haley <rhaley@paoliniandhaley.com>

Attorney Pickett,

Your attempts to mingle a criminal case in Middlesex County Superior Court with a civil case in the United States District Court has no legal or factual basis. Yet, you continue to play this smoke and mirrors game.

As I understand, you represent Mr. Leung in a CIVIL case in the United States District Court. As such, your use of the word "exculpatory" is totally improper. Exculpatory refers to a criminal prosecution and/or defense. Exculpatory has no relevance or meaning in a civil matter. If Mr. Leung's CRIMNAL defense counsel thinks there is exculpatory evidence somewhere in the universe, then that attorney should file an appropriate motion in the Middlesex County Superior Court CRIMINAL action. I understand that such a motion has already been denied by the Court.

You state, "I do not think it is fair that I go into the mediation blind and lacking the records you shared with the other defendants". Your flip flopping between the criminal and civil actions makes my head spin. This statement insinuates that you are concerned about the mediation in the CIVIL case. Yet, the bulk of your draft motion and memorandum deals with the CRIMINAL case. Your ridiculous assertion that "the records will assist in mediation because they clearly are the most important evidence of damages (and perhaps even liability)" shows a tremendous knowledge gap concerning the mental health effects of repeated sexual assaults and rapes, imprisonments, and threats on a child. My client has been diagnosed with post-traumatic stress syndrome (PTSD), an incurable mental disease. According to your argument, we would have to wait until my clients lived their entire lives so you could have "all" the medical records. Are you suggesting we wait approximately 60 years and then mediate this case? The records are NOT "the most important evidence of damages" as the records do not, and cannot, deal with future damages. Your suggestion that the mental health records may someone show that your client is not liable is equally ridiculous. The only way your client is not liable would be because he is judgment proof - i.e. broke. He admitted that he had no money during a bail hearing.

Fair? You want to discuss FAIR? Is it fair to put my clients through almost two years of litigation without making an offer to settle their civil case? Is it FAIR for you to mingle Mr. Leung's criminal case with my client's civil case? Is it FAIR that you tried to obtain my client's mental health records when the records were produced in accordance with a confidentiality agreement?

Please do not speculate as to what I may or may not have "hopefully" told my clients. I am sure you would take umbrage if I suggested that "hopefully" you told your client that it is illegal to diddle little girls.

I am not frightened by your veiled threat, "I believe that providing these records will aid in resolution of the case which is something you should consider." Are you implying that the case cannot be resolved unless Mr. Leung obtains these records?

As to what my clients or I may have or not have provided to the Commonwealth, my clients will continue to cooperate with law enforcement. Our position is that the Commonwealth does not have a right to my clients' mental health records. If the Commonwealth disagrees, it too is free to file an appropriate motion in the Middlesex County Superior Court.

Let's cut to the chase. First, I have not discussed your EMERGENCY motion with my clients or had adequate time to research the issues. Therefore, as far as I am concerned we have not conferred in accordance with Local Rule 7.1(a)(2). Second, there is a stay in effect and you were well aware of the stay when you appeared in New Hampshire to represent Mr. Leung. Third, absent full litigation, a court order, and a legally appropriate appeal, My client will not release her mental health records to Mr. Leung in the civil case or in the criminal case.

Domenic Paolini M.D., M.B.A., J.D.

PAOLINI & HALEY
400 Tradecenter Drive Suite 5900

Woburn, MA 01801

| | |
|---|---|
| Office: | 617.951.0300 |
| Fax: | 617.622.5077 |
| Direct phone: | 617.372.1514 |
| Email: | dpaolini@paoliniandhaley.com |
| Web: | www.paoliniandhaley.com |



PAOLINI & HALEY

Attorneys at Law

**From:** Karen Pickett <kpickettlaw@gmail.com>
**Sent:** Thursday, March 31, 2022 6:24 AM
**To:** Domenic Paolini <dpaolini@paoliniandhaley.com>

[Quoted text hidden]

[Quoted text hidden]

OUTSIDE EMAIL