IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABIANA MCLEOD, MARK MCLEOD KARINA MCLEOD<br><br>       Plaintiffs,<br><br>v.<br><br>SOLOMON KUMIN, PRIMO LEUNG, et al.<br><br>       Defendants. | CASE NO. 1:21-cv-10807-FDS |

**DEFENDANT PRIMO LEUNG'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM STAY PENDING MEDIATION**

The defendant Primo Leung ("Mr. Leung") requests that this Court grant relief from its order granting a stay pending mediation entered on March 2, 2022.  (Docket No. 76), and order the Plaintiffs to produce counseling records of Fabiana McLeod prior to the mediation of April 8, 2022.  As grounds for this motion, Mr. Leung asserts the following:

I.      Relevant Facts

On May 17, 2021, the plaintiffs filed the Complaint in this action.  In the Civil Action Cover sheet, they list the demand for $100,000,000.  (Docket No. 1; Exhibit 1).  To date, there has been no scheduling conference, initial disclosures, or discovery.  There also are pending motions to dismiss on certain of the claims.

Mr. Leung is currently awaiting trial on state court charges relating to some of the allegations in the complaint, *Commonwealth v. Leung*, Middlesex County Superior Court No. 1981CR00246.  (A copy of the state court docket is appended hereto at Exhibit A).  The state court trial was previously scheduled for January 25, 2022.  On December 30, 2021, a joint motion

of the Commonwealth and Mr. Leung to continue the case was granted and the final pretrial is scheduled now for June 22, 2022. (The Joint Motion is attached hereto at Exhibit B).

At issue in the state court case (and of course this case as it relates to liability and damages) are the counseling records of plaintiff Fabiana McLeod. As set forth in the joint motion:

> Perhaps most importantly, the defendant has now learned that counseling records of the complainant are in the possession of counsel for the complainant. The complainant, by virtue of the allegations made in her complainant and the nature of the damages she alleges has placed those records in issue in the civil case and, in the view of the defendant, which he believes to be supported by law, has waived any claim of privilege. The complainant's counsel has provided at least part of those records to counsel for Fessenden. Counsel for Fessenden has informed counsel representing the defendant in the civil matter, Karen Pickett, that the portion of the records provided specifically identify at least one counselor. The defendant anticipates being provided with copies of those records in coming weeks as part of the discovery process in the civil case. In the alternative, in the event they are not provided reasonably promptly, the defendant intends to pursue discovery via judicial subpoena. The defendant is optimistic however that such potentially time-consuming and complicated litigation will be unnecessary.
>
> In the view of the defendant, these records are likely to be particularly relevant, and are in all probability exculpatory in this case. According to police reports, the complainant and her parents were questioned regarding the complainant's attendance in counseling, and whether she had disclosed abuse. They reported that the complainant mentioned the defendant in counseling sessions, but that no allegation of any inappropriate physical contact was ever made. It is noteworthy in this regard that any counselor would have been mandated to report sexual abuse, but that no such report appears ever to have been made. The defendant has been attempting to identify the counselor in order to pursue discovery of the records, but has been unable to do so (in fact, that specific issue was the subject of prior litigation in this case). As a consequence of the prior unavailability of that information, he has been unable to further pursue discovery.
>
> The defendant is deeply concerned by the prospect of this case proceeding to trial without the defendant having an opportunity to obtain records that appear likely to contain exculpatory information. It should be noted in this regard that the records are almost certain to be provided to the defendant at some point during the civil proceeding. It would seem to the defendant to be a terribly unfair outcome for a criminal trial to occur without the defendant having access to what could very well turn out to be the most critical evidence in the case. It also makes it extraordinarily difficult to move forward with attempts to resolve the case, as there is now substantial additional uncertainty regarding critical facts that bear on the likelihood of conviction or acquittal at trial. Under such

circumstances, the probability of a wrongful conviction and the need for further litigation, appeal, and/or a new trial is ·unreasonably high.

Exhibit B, p. 2.

The Plaintiff Fabiana McLeod placed her counseling records specifically in issue in her Complaint.  Specifically, in paragraph 4 of the Complaint, the Plaintiffs allege:

In October 2016, Fabiana's parents, Mark and Karina Mcleod sought consultation with a therapist for Fabiana, then almost fifteen years old and just beginning high school in Concord, New Hampshire. Since the summer of 2016, Fabiana's family had observed a drastic change in Fabiana's behavior. Fabiana, a strait-laced "A" student with no previous mental health issues, had suddenly become belligerent, interested in smoking marihuana and engaging in self-mutilation by cutting herself with sharp objects and burning herself with a blow torch. The therapist diagnosed "Adjustment disorder, With anxiety". However, the real cause of Fabiana's symptoms was more sinister.

In paragraph 8 of the Complaint, the Plaintiffs aver: "Fabiana continues to suffer the effects of the sexual assaults. She suffers from depression, anxiety, and post-traumatic stress disorder. She continues to receive mental health treatment."

Despite suing Mr. Leung for, inter alia, "intentional infliction of emotional distress" (Count LXIII) and demanding $100,000,000 in damages which apparently are reflected in the above-mentioned mental health treatment records, the Plaintiffs have indicated that they do not plan to produce these records without "time-consuming and complicated litigation."  Today, they indicated that: "absent full litigation, a court order, and a legally appropriate appeal, [Fabiana McLeod] will not release her mental health records to Mr. Leung in the civil case or in the criminal case." (Motion, <u>Exhibit A</u>).   They further have not provided these records to the state court prosecutor.  But it is apparent that these records admittedly do not detail the alleged abuse by Mr. Leung and, as such, are exculpatory in the criminal case but also completely relevant to Mr. Leung's defense in the case at hand.

Finally, as detailed in the state court filing, plaintiff's counsel is in possession of at least some of these records and have shared them (confidentially) with counsel for the defendants other than Mr. Leung in a meeting held prior to the filing of the present case. Without access to these records, it seems that any mediation attempts are likely to fail because, at a minimum, evaluating alleged damages is difficult, if not impossible.

II.     Legal Argument

Mr. Leung seeks relief from the stay order because Plaintiffs have waived the confidentiality of Fabiana McLeod's treatment records. It is important to Mr. Leung to have access to these records for two reasons: (1) they likely are exculpatory in the criminal case and (2) the records will assist in mediation because they clearly are the most important evidence of damages (and perhaps even liability).

Mr. Leung recognizes that the Supreme Court has held that confidential communications between a therapist and patient "'in the course of diagnosis or treatment' are privileged and, thus, protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). But this privilege may be waived by the express conduct of the person asserting it.

Recently, the United States District Court for the District of Maine held:

> Despite these strong protections, the psychotherapist-patient privilege can be either impliedly or expressly waived in certain circumstances. For example, it can be impliedly waived when a plaintiff seeks damages "for the inducement or aggravation of a diagnosable dysfunction or equivalent injury[,]" inherently placing his or her psychotherapeutic treatment at issue, *Davis v. Global Montello Grp. Corp.*, No. 2:16-cv-00418-JDL, 2017 U.S. Dist. LEXIS 36409, 2017 WL 875782, at *1 (D. Me. Mar. 3, 2017) (citation and internal quotation marks omitted), although "the mere assertion of a damages claim for 'garden variety' or 'incidental' emotional distress is not sufficient to constitute waiver of the psychotherapist-patient privilege[,]" *Morrisette v. Kennebec Cty.*, No Civ. 01-01-B-S, 2001 U.S. Dist. LEXIS 13309, 2001 WL 969014, at *1 (D. Me. Aug. 21, 2001).

4

> And it can be expressly waived "[w]hen otherwise privileged communications are disclosed to a third party," destroying "the confidentiality upon which the he privilege is premised[,]" *In re Keeper of Records*, 348 F.3d at 22. Indeed, "a party cannot partially disclose privileged communications or affirmatively rely on privileged communications *to support its claim*. . . and then shield the underlying communications from scrutiny by the opposing party." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (citation and internal quotation marks omitted) (emphasis in original).

*Gunzinger v. John Lucas Tree Experts Co.*, 2017 U.S. Dist. LEXIS 186903 (D.Me. 2017).

Here, Plaintiff Fabiana McLeod has waived the confidentiality of her therapy records by placing them in direct issue in the Complaint (even quoting from her therapist) and by seeking emotional distress damages. *See, e.g., Tavares v. Lawrence & Mem. Hosp.*, 2012 U.S. Dist. LEXIS 134481 (D. Conn. 2012) (examining complaint to find express claim for emotional distress damages waived claim of psychotherapist confidentiality).

Moreover, Fabiana McCleod has waived the confidentiality of her therapy/counseling records by willingly disclosing them to the other defendants prior to the lawsuit in an attempt to obtain a settlement.   The Plaintiffs may assert that these disclosures were subject to a confidentiality agreement, but that does not preclude waiver.  *See, e.g., Westinghouse Elec. Corp. v. Republic of Phillipines*, 951 F.2d 1414 (3rd Cir. 2021) (disclosure to adversary waives attorney-client privilege even if that particular adversary agreed to keep the information confidential).

Finally, Mr. Leung understands that these are usually arguments that would arise in the course of discovery.  But even under Rule 26's initial disclosure rule, the Plaintiffs would be required to provide a computation of damages and supporting documents.  Given that the mediation is fast approaching as well as the state criminal trial, Mr. Leung seeks these records now.

                                        Respectfully submitted,
                                        PRIMO LEUNG

                                        BY HIS ATTORNEY

                                        /s/Karen A. Pickett

                                        Karen A. Pickett (BBO # 633801)
                                        Pickett Law Offices, P.C.
                                        125 High Street, 26th Floor
                                        Boston, MA  02110
                                        (617) 423-0485
                                        kpickettlaw@gmail.com

Dated:  March 31, 2022

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and accurate copy of the foregoing will be served via the ECF system on all counsel of record, and that counsel not receiving electronic notifications via the ECF system will be served via first class U.S. mail, postage prepaid.

                                        /s/ Karen A. Pickett

Dated:  March 31, 2022