COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                                     SUPERIOR COURT
                                                                   1981CR00246

COMMONWEALTH

V.

PRIMO LEUNG

JOINT MOTION TO CONTINUE

Now come the parties and jointly request that this Court reschedule the final pretrial conference and jury selection scheduled for January 14 and 25, 2022, respectively. Such relief is necessary to afford the defendant his right to due process under the Fourteenth Amendment to the United States Constitution and Article XII of the Massachusetts Declaration of Rights.

This matter concerns alleged sexual assaults of a minor student by the defendant, a teacher. The complainant first reported the allegations to law enforcement in Concord, New Hampshire. The Concord Police Department investigated the matter and determined that the incidents alleged occurred in Newton, whereupon they referred the matter to the Newton Police Department. The Newton Police furthered the investigation, ultimately resulting in the instant indictments.

In recent months and weeks, the parties have received significant new information material to the case. In May, 2021, the complainant filed a lawsuit in federal district court against the defendant, the Fessenden School (where the defendant had been employed), and numerous other individuals, concerning much of the same subject matter as the criminal prosecution. A summons was served on the defendant in connection with that matter in August, 2021. Thereafter, the defendant learned that the complainant had reached a financial settlement of related claims with the Concord, New Hampshire School District (who had also formerly employed the defendant).

In July, 2021, the complainant's attorney notified the Commonwealth that the complainant had additional information. In August, 2021 she was interviewed and informed the Commonwealth that while working as a student-counselor at a summer program run by the defendant, she had attended parties at which alcohol and marijuana-infused brownies (allegedly provided by the defendant) were served. She stated that numerous people were present at the parties, that she consumed both alcohol and marijuana, and that she was assaulted after doing so. This information was provided to the defendant by the Commonwealth in November, 2021.

In her complaint, the complainant also made new allegations concerning assaults by the defendant occurring on a trip to New York City. The complainant had previously been questioned by law enforcement in New Hampshire concerning trips taken with the defendant and other students, and denied that any inappropriate contact had occurred. On or about December 6, 2021, the Commonwealth informed the defendant that the complainant had been interviewed by law enforcement in New York, who referred the matter to officials in New Jersey. Neither the Commonwealth nor the defendant have received any reports or other additional information concerning these new statements to law enforcement. The Commonwealth is seeking to obtain this material. In the view of the defendant, when

#40

analyzed in the context of her prior statements to law enforcement in New Hampshire, reports concerning these new inconsistent statements constitute exculpatory information. The parties require additional time to obtain the relevant reports, to investigate these allegations and, if necessary, to secure at trial the attendance of witnesses from outside the Commonwealth.

Perhaps most importantly, the defendant has now learned that counseling records of the complainant are in the possession of counsel for the complainant. The complainant, by virtue of the allegations made in her complainant and the nature of the damages she alleges has placed those records in issue in the civil case and, in the view of the defendant, which he believes to be supported by law, has waived any claim of privilege. The complainant's counsel has provided at least part of those records to counsel for Fessenden. Counsel for Fessenden has informed counsel representing the defendant in the civil matter, Karen Pickett, that the portion of the records provided specifically identify at least one counselor. The defendant anticipates being provided with copies of those records in coming weeks as part of the discovery process in the civil case. In the alternative, in the event they are not provided reasonably promptly, the defendant intends to pursue discovery via judicial subpoena. The defendant is optimistic however that such potentially time-consuming and complicated litigation will be unnecessary.

In the view of the defendant, these records are likely to be particularly relevant, and are in all probability exculpatory in this case. According to police reports, the complainant and her parents were questioned regarding the complainant's attendance in counseling, and whether she had disclosed abuse. They reported that the complainant mentioned the defendant in counseling sessions, but that no allegation of any inappropriate physical contact was ever made. It is noteworthy in this regard that any counselor would have been mandated to report sexual abuse, but that no such report appears ever to have been made. The defendant has been attempting to identify the counselor in order to pursue discovery of the records, but has been unable to do so (in fact, that specific issue was the subject of prior litigation in this case). As a consequence of the prior unavailability of that information, he has been unable to further pursue discovery.

The defendant is deeply concerned by the prospect of this case proceeding to trial without the defendant having an opportunity to obtain records that appear likely to contain exculpatory information. It should be noted in this regard that the records are almost certain to be provided to the defendant at some point during the civil proceeding. It would seem to the defendant to be a terribly unfair outcome for a criminal trial to occur without the defendant having access to what could very well turn out to be the most critical evidence in the case. It also makes it extraordinarily difficult to move forward with attempts to resolve the case, as there is now substantial additional uncertainty regarding critical facts that bear on the likelihood of conviction or acquittal at trial. Under such circumstances, the probability of a wrongful conviction and the need for further litigation, appeal, and/or a new trial is unreasonably high.

Finally, defense counsel has significant growing concerns about the trajectory of the pandemic and its potential implications for participants in the trial. The trial in this matter is scheduled for a time period forecast by nearly all experts to be one of widespread infection and rampant transmission. Our Commonwealth has already been setting records for new cases, while the peak is not forecast to occur for several weeks – at approximately the same time that this matter is set for trial. Trial of this matter could take as long as a week. Many prospective jurors will likely be reluctant to serve. Multiple witnesses will be required to travel from out of state and will both be placed at risk and will place others at risk as a result. Defense counsel believes that under the circumstances, a lengthy trial at that

particular time will present an unreasonable risk to his own health and safety, as well as that of his family and others with whom he is regularly in contact.[1]

In light of the foregoing, the parties request that this Court continue the pretrial conference to June 10, 2022 and the jury selection and trial to June 21, 2022. The defendant is not incarcerated. He is aware of and assents to the proposed new dates. The defendant has been advised by his counsel of his right to a speedy trial and the requirements of Mass. R. Crim. P. 36. The defendant waives his right to a speedy trial and the time limits provided by the rule for purposes of the continuance requested herein. The defendant waives his right to be present for a hearing concerning this Motion.

Wherefore the parties request that this Court:

I. Continue the final pretrial conference and jury selection;

II. Reschedule the final pretrial conference to June 10, 2022;

III. Reschedule jury selection to June 21, 2022; and

IV. Grant such further relief as the Court deems equitable.

Respectfully submitted,

| For the Commonwealth, | For the defendant, Primo Leung, |
|---|---|
| /s/ Allison Brown | /s/ Ghazi D. Al-Marayati |
| Allison Brown, Asst. Dist. Atty. | Ghazi D. Al-Marayati |
| BBO No. 678696 | BBO No. 645209 |
| Middlesex District Attorney | Bookman & Al-Marayati, Attorneys |
| 15 Commonwealth Ave. | 640 Main Street |
| Woburn MA 01801 | Malden MA 02148 |
| 781-897-8400 | 781-712-0007 |
| Dated: December 30, 2021 | Dated: December 30, 2021 |

---

[1] Counsel's concerns are not based solely on his own research and opinions, but also on those of his spouse, who holds a Ph.D. in immunology and has significant expertise, far beyond the ken of the ordinary lay person, on matters related to the course of and risk presented by the ongoing pandemic. In particular, she considers media reports concerning the relative "mildness" of the omicron variant, particularly in light of its substantially enhanced transmissibility, declining vaccine-based immunity, and additional stresses on on the healthcare system, to be unduly optimistic.