UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABIANA HILLARY MCLEOD, et al.,  )<br>  )<br>  Plaintiffs,  )<br>  )<br> v.  )<br>  )<br>THE FESSENDEN SCHOOL, et al.,  )<br>  )<br>  Defendants.  )<br>  ) | Civil Action No.<br>21-10807-FDS |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO SEVER

**SAYLOR, C.J.**

This case concerns alleged acts of sexual abuse and molestation of a student by her teacher. According to the complaint, some of the abuse occurred during a summer program at The Fessenden School.

Plaintiffs have asserted various claims against The Fessenden School and certain of its administrators, employees, and trustees. In addition, plaintiffs brought two claims against United Educators, which provides primary and excess liability insurance to the school. Specifically, Count 59 alleges that United Educators violated Massachusetts Gen. Laws. ch. 93A and ch. 176D, and Count 60 alleges that United Educators violated provisions of Massachusetts Gen. Laws ch. 175, § 112C.1.

**I.    Background**

Plaintiff Fabiana McLeod was a student at the Rundlett Middle School in Concord, New Hampshire, between September 2013 and June 2016. (Compl. ¶ 108). At that time, defendant Primo "Howie" Leung was a teacher at Rundlett. (*Id.* ¶ 106).

According to the complaint, the relationship between Leung and McLeod became sexual in February 2015, and continued into the summer of 2015 during a summer program at the Fessenden campus. (*Id.* ¶¶ 112, 132). Leung was a teacher and co-director of Fessenden's English Language Learners summer program, a five-week immersive program. (*Id.* ¶¶ 116-17). To assist with the program, Leung would bring student helpers with him to Fessenden's campus. (*Id.* ¶ 120). McLeod was a student helper during the summer of 2015 and 2016. (*Id.* ¶ 126). Throughout that time, Leung allegedly abused McLeod. (*Id.* ¶¶ 137-39). According to the complaint, during the 2016 summer program, some counselors expressed concerns about the relationship between Leung and Fabiana. (*Id.* ¶¶ 157-58).

In April 2019, Leung was arrested and charged with sexual assault on a minor. (*Id.* ¶ 170).

On March 8, 2021, a demand letter under Chapters 93A and 176D alleging unfair settlement practices was sent to United Educators. (*Id.* ¶ 190). United Educators responded on April 8, 2021. (*Id.* ¶ 191).

Plaintiffs filed this lawsuit on May 17, 2021. On July 29, 2021, United Educators moved to sever and stay the claims against it. For the reasons set forth below, that motion will be granted.

## II.    Analysis

"[T]he standard practice is and has long been to stay discovery and trial of an unfair claim settlement practices case until the underlying tort claim has been resolved." *Sandoval v. RLI Ins. Co.*, 2017 WL 6447866, at *2 (D. Mass. Dec. 18, 2017) (internal quotation marks and citations omitted); *see also Maroun v. Norfolk & Dedham Mut. Fire Ins. Co.*, 2021 WL 413620, at *2 (D. Mass. Feb. 5, 2021) (explaining that "if a claim for unfair settlement practices is brought with the original liability suit, [] judges may take the sensible step of staying the unfair

settlement claim pending the outcome of the underlying negligence claim") (quoting *M.J. Flaherty Co. v. U.S. Fid. & Guar. Co.*, 61 Mass. App. Ct. 337, 340 (2004)).  That is because "[i]f the defendants prevail in the underlying [tort] action, judicial consideration of the . . . 93A/176D claim[s] . . . will be moot[,]" and "all of the judicial resources expended on the matter might prove for naught." *Maroun*, 2021 WL 413620, at *2 (citing *Wilson v. Copen*, 244 F.3d 178, 180-81 (1st Cir. 2001)).  Moreover, "allowing the claims to proceed simultaneously would be unfairly prejudicial to [defendants] and could well compromise their ability to defend against plaintiffs' claims." *Id.* at *3.  Specifically, permitting discovery into and trial of an unfair settlement practices claim prior to trial of the tort claims could "create[] a host of problems, in particular allowing discovery of issues that would, with respect to the tort claim, be undiscoverable (e.g., the insurer's claim file)." *Sandoval*, 2017 WL 6447866, at *2.

For similar reasons, litigation of the unfair settlement practices claims against United Educators is inappropriate at this time.  Having the tort claims and the unfair settlement claims proceed at the same time creates a substantial risk of unnecessary expenditure of judicial resources.  Accordingly, defendant's motion to sever and stay will be granted.

### III. Conclusion

For the foregoing reasons, the motion of defendant United Educators to sever and stay is GRANTED.

**So Ordered.**

Dated: August 16, 2022

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court