UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FABIANA HILLARY MCLEOD, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | 21-10807-FDS |
| THE FESSENDEN SCHOOL, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO STRIKE

**SAYLOR, C.J.**

This case concerns alleged acts of sexual abuse and molestation of a student by her teacher. According to the complaint, some of the abuse occurred during a summer program at The Fessenden School.

In addition to the claims brought against defendant Primo "Howie" Leung, plaintiffs have asserted various claims against Fessenden and certain of its administrators, employees, and trustees. The complaint, exclusive of exhibits, is 152 pages long; it names 49 defendants and purports to assert 65 counts. Portions of it read more like a tabloid story than a legal pleading, and large sections of it are obviously irrelevant and improper. Defendants have moved to strike various portions of the complaint under Fed. R. Civ. P. 12(f). (*See* Dkt. No. 10 (motion brought on behalf of all defendants except Leung) and Dkt. No. 65 (motion brought on behalf of Leung)). This Court will address both motions here. For the reasons set forth below, the motions to strike will be granted in part and denied in part.

I.     **Background**

Plaintiff Fabiana McLeod was a student at the Rundlett Middle School in Concord, New Hampshire, between September 2013 and June 2016. (Compl. ¶ 108). At that time, defendant Primo "Howie" Leung was a teacher at Rundlett. (*Id.* ¶ 106).

According to the complaint, the relationship between Leung and McLeod became sexual in February 2015, and continued into the summer of 2015 during a summer program at Fessenden's campus. (*Id.* ¶¶ 112, 132). Leung was a teacher and co-director of Fessenden's English Language Learners summer program, a five-week immersive program. (*Id.* ¶¶ 116-17). To assist with the program, Leung would bring student helpers with him to Fessenden's campus. (*Id.* ¶ 120). McLeod was a student helper during the summer of 2015 and 2016. (*Id.* ¶ 126). Throughout that time, Leung allegedly abused McLeod. (*Id.* ¶¶ 137-39). According to the complaint, during the 2016 summer program, some counselors expressed concerns about the relationship between Leung and McLeod. (*Id.* ¶¶ 157-58).

In April 2019, Leung was arrested and charged with sexual assault on a minor. (*Id.* ¶ 170).

Defendants have moved to strike various portions of the complaint under Rule 12(f) on the ground that it contains "redundant, immaterial, impertinent, or scandalous matter." For the reasons set forth below, the motions will be granted in part and denied in part.

II.     **Analysis**

Defendants seek to strike various portions of the complaint. In particular, defendants seek to strike the following: (1) the first sentence of paragraph 2; (2) the last sentences of paragraphs 3 and 4; (3) all but the first sentences of each of the following paragraphs: 37, 40, 42, 43, 46-48, 50, 55-58, 60, 61, and 64; and (4) paragraphs 9-11, 72-105, 107, 114, 118, 129, 130,

161, 163, 164, 167-189, and 194.[1]

### A.  Irrelevant and Immaterial Allegations

Pursuant to Fed. R. Civ. P. 12(f), the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f) specifically gives the court discretion as to whether or not to strike a particular matter, although motions to strike are generally disfavored.  *See Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)).

The challenged portions of the complaint contain substantial amounts of attorney argument, inadmissible opinion, legal conclusions, and irrelevant allegations.  Such statements, at a minimum, are immaterial because they have "no essential or important relationship to the claim for relief or the defenses being pleaded" and are impertinent because they "do not pertain, and are not necessary, to the issues in question."  Wright & Miller, 5C FEDERAL PRACTICE & PROCEDURE, § 1382 (3d ed.).  They will accordingly be struck.

#### 1.  Material Concerning Defendant's Childhood

Allegations concerning the defendant's childhood, his mother, and his ethnic origin are obviously immaterial and impertinent.  Accordingly, the following sections of the complaint, including illustrations, will be struck:  (1) the first sentence of paragraph 2 and (2) paragraphs 98-104 and 107.

#### 2.  Personal Information of Various Trustees

Allegations concerning the occupations, personal wealth, and private lives of the trustees of Fessenden are immaterial and impertinent.  Accordingly, the following sections of the

---

[1] Leung's motion to strike overlaps almost entirely with the other motion to strike.  However, he also moves to strike paragraph 105.

complaint will be struck: all but the first sentences of paragraphs 37, 40, 42, 43, 46-48, 50, 55-58, 60, 61, and 64.

### 3. Fessenden's Alleged History of Sexual Abuse

Allegations referring to past suspected sexual assaults that occurred on Fessenden's campus are also immaterial and impertinent. Most of those allegations refer to alleged sexual assaults that occurred 20 to 40 years ago. (*See* Compl. ¶¶ 72-97). But even as to the allegations that refer to more recent suspected acts of sexual abuse, there is no allegation, or even any suggestion, in the complaint that this should have put defendants on notice of such conduct. (*See id.* ¶¶ 167-69).

Because information concerning other alleged sexual assaults occurring on Fessenden's campus are immaterial, the following portions of the complaint, including illustrations, will be struck: paragraphs 72-84, 86-90, 93, 94, 161, and 167-69.

### 4. Other Immaterial and Impertinent Statements

Plaintiff included a multitude of other irrelevant statements throughout the complaint. For example, the complaint contains information regarding some of the "distinguished alumni" of Fessenden. (Compl. ¶ 3). And it is larded with inappropriate editorial statements, such as the last sentences of paragraphs 4 and 164. (*See id.* ¶ 4 ("However, the real cause of Fabiana's symptoms was more sinister.") and ¶ 164 ("Leung, like the villainous deacon in the movie *Night of the Hunter*, was back!")).

In addition, the complaint contains numerous statements that refer to news reports of the charges brought against Leung and counsel's pre-litigation communications with Fessenden. Those statements are unrelated to plaintiffs' claims of alleged abuse or defendants' failure to stop that abuse and will be struck.

Accordingly, the following sections of the complaint will be struck: (1) the last sentences

of paragraphs 3, 4, and 164; (2) the first and last sentences of 163; and (2) paragraphs 10, 11, 114, 118, and 170-89.

### B. Statements the Court Will Not Strike

This Court will deny the motions to strike as to: (1) the second sentence of paragraph 163; (2) the first two sentences of paragraph 164; and (3) paragraphs 9, 85, 91, 92, 95-97, 105, 129, 130, and 194.

## III. Conclusion

For the foregoing reasons, and as set forth in detail above, defendants' motions to strike are GRANTED in part and DENIED in part.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: August 17, 2022                    Chief Judge, United States District Court