UNITED STATES DISTRICT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABIANA HILLARY MCLEOD KARINA MCLEOD, and MARK MCLEOD, <br><br> Plaintiffs, <br><br> vs. <br><br> THE FESSENDEN SCHOOL, et al. <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 1-21-cv-10807 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER AND JURY CLAIM OF THE DEFENDANTS

The defendants, The Fessenden School, Mark Hansen, Linda Hansen, Alyssa Hansen, Joseph R. Lareau, Tyrell Brewster, NuNu Laphi, David B. Stettler, and Kenneth Howe, (hereinafter "defendants") hereby makes this their answer to the plaintiffs' complaint.

## GENERAL ANSWER

The defendants state that the first sentence of paragraph 2; the last sentences of paragraphs 3 and 4; paragraphs 10-11; all but the first sentences of each of the following paragraphs: 37, 40, 42, 43, 46-48, 50, 55-58, 60, 61, 64; paragraphs 72-84; 86-90; 93-94; 98-104; 107, 114, 118, 161; all but the middle sentence of paragraph 163; the last sentence of paragraph 164; and paragraphs 167-189 have been stricken from the plaintiffs' complaint pursuant to the Court's Order dated August 17, 2022 (Doc. 90), therefore, no response is required. To the extent a response is deemed required, the defendants deny the allegations contained in those paragraphs.

Further answering, the defendants state that the Trustee defendants were dismissed from the present action pursuant to the Court's Order dated August 31, 2022 (Doc. 91). Specifically, Counts 16-50 were dismissed in their entirety and Counts 51-52 were dismissed as to the Trustees, therefore, no response is required. To the extent a response is deemed required, the defendants deny the allegations contained in those Counts.

Further answering, the defendants state that Counts 4, 5, 7, and 8 were voluntarily dismissed by plaintiffs on September 21, 2021 (Doc. 66), therefore, no response is required. To the extend a response is deemed required, the defendants deny the allegations contained in those Counts.

Further answers, the defendants state that Count 61 directed at the defendant, Primo "Howie" Leung, was dismissed from the present action pursuant to the Court's Order dated August 31, 2022 (Doc. 92), therefore, no response is required. To the extent a response is

deemed required, the defendants deny the allegations contained in those Counts.

## NATURE OF THIS ACTION

1. The defendants deny the allegations contained in Paragraph 1.

## INTRODUCTION

2. The defendants admit that Primo "Howie" Leung was co-director of The Fessenden School English Language Learners ("ELL") summer program.  The defendants deny the remaining allegations contained in Paragraph 2.

3. The defendants admit the allegations contained in Paragraph 3.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

## JURISDICTION AND VENUE

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Paragraph 13 sets forth Plaintiffs' venue allegations that present legal conclusions and questions of law to be determined solely by the Court, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 13.

14. Paragraph 14 sets forth Plaintiffs' venue allegations that present legal conclusions and questions of law to be determined solely by the Court, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 14.

15. Paragraph 15 sets forth Plaintiffs' venue allegations that present legal conclusions and questions of law to be determined solely by the Court, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 15.

16. Paragraph 16 sets forth Plaintiffs' venue allegations that present legal conclusions and questions of law to be determined solely by the Court therefore a response is not required. To the extent a response is required, the defendants deny the allegations contained in Paragraph 16.

17. Paragraph 17 sets forth Plaintiffs' venue allegations that present legal conclusions and questions of law to be determined solely by the Court therefore a response is not required. To the extent a response is required, the defendants deny the allegations contained in Paragraph 17.

18. Paragraph 18 sets forth Plaintiffs' venue allegations that present legal conclusions and questions of law to be determined solely by the Court therefore a response is not required. To the extent a response is required, the defendants deny the allegations contained in Paragraph 18.

## **THE PARTIES**

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. The defendants admit the allegations contained in Paragraph 22.

23. The defendants admit that Primo "Howie" Leung was a teacher in and co-director of The Fessenden School English Language Learners ("ELL") summer program.  The defendants deny the remaining allegations contained in Paragraph 23.

24. The defendants admit the allegations contained in Paragraph 24.

25. The defendants admit the allegations contained in Paragraph 25.

26. The defendants admit the allegations contained in Paragraph 26.

27. The defendants admit the allegations contained in Paragraph 27.

28. The defendants admit the allegations contained in Paragraph 28.

29. The defendants admit the allegations contained in Paragraph 29.

30. Paragraph 30 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 30.

31. Paragraph 31 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 31.

32. The defendants admit that Donald G. Bramley, at all material times, was the President of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 32.

33. The defendants admit that Ian Loring, at all material times, was the Vice President of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 33.

34. The defendants admit that Michael R. Mach, at all material times, was the Treasurer of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 34.

35. The defendants admit that Michael P. Murray, at all material times, was the Clerk of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 35.

36. The defendants admit that Jeffrey Allen, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 36.

37. The defendants admit that Christopher Bartel, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 37.

38. The defendants admit that Melisa L. Berman, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 38.

39. The defendants admit that Stephanie Bucci, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 39.

40. The defendants admit that Tara Ciongoli, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 40.

41. The defendants admit that Bruce C. Dayton, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 41.

42. The defendants admit that Edward V. Denoble, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 42.

43. The defendants admit that Robert M. Dickey, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 43.

44. The defendants admit that Jennifer Mugar Flaherty, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 44.

45. The defendants admit that Charles K. Fadel, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 45.

46. The defendants admit that Keith Gelb, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 46.

47. The defendants admit that Craig N. Gemmell, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 47.

48. The defendants admit that Michael S. Gordon, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 48.

49. The defendants admit that Grace R. Hoffmann, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 49.

50. The defendants admit that Solomon J. Kumin, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 50.

51. The defendants admit that Susan B. Levine, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 51.

52. The defendants admit that Pamela E. Lomax, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 52.

53. The defendants admit that Mark C. Moore, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 53.

54. The defendants admit that Elizabeth H. Munro, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 54.

55. The defendants admit that Peter M. Mulderry, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 55.

56. The defendants admit that V. G. Narayanan, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 56.

57. The defendants admit that Christian Nolen, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 57.

58. The defendants admit that Steven M. Peck, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 58.

59. The defendants admit that Rachel E. Skiffer, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 59.

60. The defendants admit that Thomas S. Roberts, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 60.

61. The defendants admit that Christine L. Todd, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 61.

62. The defendants admit that Davide D. Visco, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 62.

63. The defendants admit that Robert L. Waldron, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 63.

64. The defendants admit that Jennifer L. Stier, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 64.

65. The defendants admit that Peter C. Welch, at all material times, was a Trustee of The Fessenden School.  The defendants deny the remaining allegations in Paragraph 65.

66. Paragraph 66 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 66.

67. Paragraph 67 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 67.

68. The defendants admit the allegations in Paragraph 68.

69. The defendants admit the allegations in Paragraph 69.

70. The defendants admit United Educators, at all material times, provided liability insurance coverage to The Fessenden School.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

71. The defendants admit the allegations in Paragraph 71.

85. The defendants deny the allegations in Paragraph 85.

91. The defendants admit that the plaintiff, Fabiana, though counsel, requested certain documents.  The remaining allegations in Paragraph 91 summarizes the content of letters from counsel and therefore, no further response is required. To the extent that a further response is required, the defendants deny any remaining allegations.

92. The defendants deny the allegations contained in Paragraph 92.

95. The defendants deny the allegations contained in Paragraph 95.

96. The defendants deny the allegations contained in Paragraph 96.

97. The defendants deny the allegations contained in Paragraph 97.

105. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105.

106. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106.

108. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108.

109. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109.

110. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110.

111. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111.

112. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112.

113. The defendants admit the allegations in Paragraph 113.

115. The defendants admit the allegations in Paragraph 115.

116. The defendants admit the allegations in Paragraph 116.

117. The defendants admit the allegations in Paragraph 117.

119. The defendants admit the allegations in Paragraph 119.

120. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120.

121. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121.

122. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122.

123. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123.

124. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

125. The defendants admit the allegations in Paragraph 125.

126. The defendants admit the allegations in Paragraph 126.

127. The defendants deny the allegations in Paragraph 127.

128. The defendants deny the allegations in Paragraph 128.

129. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129.

130. The defendants admit the corner room depicted in the Plaintiffs' complaint was accessible from the dining hall by a stairway.  The defendants deny the remaining allegations in Paragraph 130.

131. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131.

132. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132.

133. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.

134. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134.

135. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135.

136. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136.

137. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137.

138. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138.

139. The defendants admit that Fabiana participated in the English Language Learners summer program again in 2016.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 139.

140. The defendants admit the allegations in Paragraph 140.

141. The defendants admit that the group stayed overnight in a hotel.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 141.

142. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142.

143. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143.

144. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144.

145. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145.

146. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146.

147. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147.

148. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148.

149. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149.

150. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150.

151. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151.

152. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152.

153. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153.

154. The defendants deny the allegations contained in Paragraph 154.

155. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155.

156. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156.

157. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157.

158. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159.

160. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160.

162. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162.

163. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163.

164. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164.

165. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165.

166. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166.

190. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190.

191. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191.

192. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192.

193. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193.

194. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194.

195. To the extent that Paragraph 195 is directed at these defendants, the defendants deny the allegations in Paragraph 195.

196. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196.

## CAUSES OF ACTION

**For each Cause of Action, the defendants reallege and incorporate herein the allegations contained in each and every other paragraph of this Answer.**

### Cause of Action I
### Fabiana McLeod against The Fessenden School

197. The defendants deny the allegations contained in Paragraph 197.

198. (a-c) The defendants deny the allegations contained in Paragraph 198.

199. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199.

### Cause of Action II
### Fabiana McLeod against The Fessenden School

200. The defendants deny the allegations contained in Paragraph 200.

201. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201.

202. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202.

### Cause of Action III
### Fabiana McLeod against The Fessenden School

203. The defendants deny the allegations contained in Paragraph 203.

204. (i-xiii) The defendants deny the allegations contained in Paragraph 204.

205. (i-xxi) The defendants deny the allegations contained in Paragraph 205.

206. The defendants deny the allegations contained in Paragraph 206.

### Cause of Action VI
### Fabiana McLeod against Primo "Howie" Leung

213. Paragraph 213 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

### Cause of Action IX
### Fabiana McLeod against Primo "Howie" Leung

220. Paragraph 220 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

221. Paragraph 221 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

222. (i-xiii) Paragraph 222 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

223. (i-xxi) Paragraph 223 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

224. Paragraph 224 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

### Cause of Action X
### Fabiana McLeod against Mark Hansen

225. The defendants admit the allegations contained in Paragraph 225.

226. The defendants deny the allegations contained in Paragraph 226.

227. (i-xiii) The defendants deny the allegations contained in Paragraph 227.

228. (i-xxi) The defendants deny the allegations contained in Paragraph 228.

229. The defendants deny the allegations contained in Paragraph 229.

230. The defendants deny the allegations contained in Paragraph 230.

## Cause of Action XI
### Fabiana McLeod against Linda Hansen

231. The defendants admit the allegations contained in Paragraph 231.

232. The defendants deny the allegations contained in Paragraph 232.

233. (i-xiii) The defendants deny the allegations contained in Paragraph 233.

234. (i-xxi) The defendants deny the allegations contained in Paragraph 234.

235. The defendants deny the allegations contained in Paragraph 235.

236. The defendants deny the allegations contained in Paragraph 236.

## Cause of Action XII
### Fabiana McLeod against Kenneth Howe

237. The defendants admit the allegations contained in Paragraph 237.

238. The defendants deny the allegations contained in Paragraph 238.

239. (i-xix) The defendants deny the allegations contained in Paragraph 239.

240. (i-xxi) The defendants deny the allegations contained in Paragraph 240.

241. The defendants deny the allegations contained in Paragraph 241.

242. The defendants deny the allegations contained in Paragraph 242.

## Cause of Action XIII
### Fabiana McLeod against David B. Stettler

243. The defendants admit the allegations contained in Paragraph 243.

244. The defendants deny the allegations contained in Paragraph 244.

245. (i-xiii) The defendants deny the allegations contained in Paragraph 245.

246. (i-xxi) The defendants deny the allegations contained in Paragraph 246.

247. The defendants deny the allegations contained in Paragraph 247.

248. The defendants deny the allegations contained in Paragraph 248.

**Cause of Action XIV**
**Fabiana McLeod against David B. Stettler**

249. The defendants admit the allegations contained in Paragraph 249.

250. The allegations in Paragraph 250 summarize the content of letters which speak for themselves and therefore, no further response is required. To the extent that a further response is required, the defendants refer the parties and this court to the actual letters without admitting or denying any interpretation provided by others, and the defendants deny any remaining allegations.

251. The defendants deny the allegations contained in Paragraph 251.

252. The defendants deny the allegations contained in Paragraph 252.

253. The defendants deny the allegations contained in Paragraph 253.

254. The defendants deny the allegations contained in Paragraph 254.

**Cause of Action XV**
**Fabiana McLeod against Donald G. Bramley**

255. The defendants admit the allegations contained in Paragraph 255.

256. The allegations in Paragraph 256 summarize the content of letters which speak for themselves and therefore, no further response is required. To the extent that a further response is required, the defendants refer the parties and this court to the actual letters without admitting or denying any interpretation provided by others, and the defendants deny any remaining allegations.

257. The allegations in Paragraph 257 summarize the content of letters which speak for themselves and therefore, no further response is required. To the extent that a further response is required, the defendants refer the parties and this court to the actual letters without admitting or denying any interpretation provided by others, and the defendants deny any remaining allegations.

258. The defendants deny the allegations contained in Paragraph 258.

259. The defendants deny the allegations contained in Paragraph 259.

260. The defendants deny the allegations contained in Paragraph 260.

261. The defendants deny the allegations contained in Paragraph 261.

262. The defendants deny the allegations contained in Paragraph 262.

**Cause of Action LI**
**Mark McLeod against all defendants**

543. To the extent that Paragraph 543 is directed at these defendants, the defendants state paragraph 543 calls for a legal conclusion and therefore a response is not required.  To the extent that a response is required, the defendants deny the allegations contained in this Paragraph.

544. To the extent that Paragraph 544 is directed at these defendants, the defendants deny the allegations contained in Paragraph 544.

545. To the extent that Paragraph 545 is directed at these defendants, the defendants deny the allegations contained in Paragraph 545.

**Cause of Action LII**
**Karina McLeod against all defendants**

546. To the extent that Paragraph 543 is directed at these defendants, the defendants state paragraph 546 calls for a legal conclusion and therefore a response is not required.  To the extent that a response is required, the defendants deny the allegations contained in this Paragraph.

547. To the extent that Paragraph 543 is directed at these defendants, the defendants deny the allegations contained in Paragraph 547.

548. To the extent that Paragraph 543 is directed at these defendants, the defendants deny the allegations contained in Paragraph 548.

**Cause of Action LIII**
**Fabiana McLeod against Alyssa Hansen**

549. The defendants admit the allegations contained in Paragraph 549.

550. The defendants deny the allegations contained in Paragraph 550.

551. The defendants deny the allegations contained in Paragraph 551.

552. The defendants deny the allegations contained in Paragraph 552.

553. The defendants deny the allegations contained in Paragraph 553.

**Cause of Action LIV**
**Fabiana McLeod against Joe Lareau**

554. The defendants admit the allegations contained in Paragraph 554.

555. The defendants deny the allegations contained in Paragraph 555.

556. The defendants deny the allegations contained in Paragraph 556.

557. The defendants deny the allegations contained in Paragraph 557.

558. The defendants deny the allegations contained in Paragraph 558.

**Cause of Action LV**
**Fabiana McLeod against Tyrell Brewster**

559. The defendants admit the allegations contained in Paragraph 559.

560. The defendants deny the allegations contained in Paragraph 560.

561. The defendants deny the allegations contained in Paragraph 561.

562. The defendants deny the allegations contained in Paragraph 562.

563. The defendants deny the allegations contained in Paragraph 563.

**Cause of Action LVI**
**Fabiana McLeod against NuNu Laphai**

564. The defendants admit the allegations contained in Paragraph 564.

565. The defendants deny the allegations contained in Paragraph 565.

566. The defendants deny the allegations contained in Paragraph 566.

567. The defendants deny the allegations contained in Paragraph 567.

568. The defendants deny the allegations contained in Paragraph 568.

**Cause of Action LVII**
**Fabiana McLeod against Counselor Doe**

569. Paragraph 569 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 569.

570. Paragraph 570 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 570.

571. Paragraph 571 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 571.

572. Paragraph 572 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 572.

573. Paragraph 573 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 573.

## Cause of Action LVIII
### Fabiana McLeod against Counselor Roe

574. Paragraph 574 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 574.

575. Paragraph 575 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 575.

576. Paragraph 576 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 576.

577. Paragraph 577 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 577.

578. Paragraph 578 sets forth Plaintiffs' allegations against an unknown and/or unidentified person, therefore a response is not required.  To the extent a response is required, the defendants deny the allegations contained in Paragraph 578.

## Cause of Action LIX
### Fabiana McLeod, Mark McLeod, and Karina Mcleod against

**United Educators**

579. Paragraph 579 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

580. Paragraph 580 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

581. Paragraph 581 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

582. Paragraph 582 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

583. Paragraph 583 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

584. (a-j) Paragraph 584 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, this paragraph calls for a legal conclusion and therefore a response is not required.  To the extent that a response is required, the defendant deny the allegations contained in this Paragraph.

585. (a-c) Paragraph 585 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

586. Paragraph 586 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

587. Paragraph 587 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

## Cause of Action LX
### This is an action by Fabiana McLeod, Mark McLeod, and Karina Mcleod against United Educators

588. Paragraph 588 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to

these defendants, this paragraph calls for a legal conclusion and therefore a response is not required.  To the extent that a response is required, the defendant deny the allegations contained in this Paragraph.

589. Paragraph 589 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

590. Paragraph 590 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

<u>**Cause of Action LXII**</u>
**Fabiana McLeod against Primo "Howie" Leung**

593. Paragraph 593 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

594. Paragraph 594 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

595. Paragraph 595 of the Complaint is not directed to these defendants and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

<u>**Cause of Action LXIII**</u>
**Fabiana McLeod against Primo "Howie" Leung**

There are no allegations directed at any defendant listed under this Cause of Action, and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

<u>**Cause of Action LXIV**</u>
**Fabiana McLeod against all non-corporate defendants**

There are no allegations directed at any defendant listed under this Cause of Action, and therefore no response is required; however, in the event that this Paragraph is read to be applicable to these defendants, the defendants deny the allegations contained therein.

<u>**Cause of Action LXV**</u>
**Fabiana McLeod, Mark McLeod, and Karina McLeod against
The Fessenden School**

596. The defendants deny the allegations contained in Paragraph 596.

WHEREFORE, the defendants demand that the Complaint against them be dismissed, and that Judgment enter for the defendants together with costs.

## PRAYER FOR RELIEF

### Cause of Actions I through LXV

The defendants deny that the Plaintiffs are entitled to relief as alleged in Cause of Action Counts I through LXV and further denies allegations contained in these paragraphs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The defendants state that the plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The defendants state that the plaintiffs' claims are barred, in whole or in part, because Fessenden is a charitable and/or non-profit institution and under Mass. Gen. Laws Chapter 231, Section 85K, and other applicable law, the underlying plaintiffs' recovery is barred or limited. To the extent that any alleged conduct occurred prior to the enactment or applicability of Section 85K, the doctrine of charitable immunity bars the plaintiffs' claims.

### Third Affirmative Defense

The defendants state that the plaintiffs' claims are barred in whole or in part because any alleged injury or damages arose out of or were the result of the negligent act or omissions of another party(ies) for which the defendants have no responsibility or control.

### Fourth Affirmative Defense

The defendants state that the plaintiffs' claims are barred, in whole or in part, due to the supervening and/or intervening acts or omissions (including criminal, willful, intentional and reckless conduct) of others for whom they are not legally responsible.

Fifth Affirmative Defense

The defendants state that the plaintiffs' claims are barred in whole or in part due to their failure to mitigate their damages.

Sixth Affirmative Defense

The plaintiffs include claims against unidentified "Doe" parties who have not been served. No response is required of those unidentified persons. To the extent any response is deemed necessary by the identified defendants as to such allegations and to the extent that the plaintiffs seek to hold the identified defendants accountable or liable for the conduct of any "Doe" parties, the identified defendants deny such allegations.

## JURY CLAIM

**THE DEFENDANTS, THE FESSENDEN SCHOOL, MARK HANSEN, LINDA HANSEN, ALYSSA HANSEN, JOSEPH R. LAREAU, NUNU LAPHI, TYRELL BREWSTER, DAVID B. STETTLER, AND KENNETH HOWE DEMAND A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE.**

Respectfully submitted,
The Defendants,
By their attorneys,

*/s/ Michael J. Mazurczak*

Robert P. Powers, BBO #544691
rpowers@melicklaw.com
Michael J. Mazurczak, BBO #555106
mmazurczak@melicklaw.com
Lauren C. Roche, BBO: #707661
lroche@melicklaw.com
Melick & Porter, LLP
One Liberty Square, 7th Floor
Boston, Massachusetts 02109
Telephone:  (617) 523-6200

Dated: September 14, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Mazurczak, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Domenic Paolini, Esq.
Richard M. Haley, Esq.
Paolini & Haley
400 Tradecenter Drive, Suite 5900
Woburn, MA 01801
dpaolini@paoliniandhaley.com
rhaley@paoliniandhaley.com

Karen A. Pickett, Esq.
Pickett Law Offices, P.C.
125 High Street, 26th Floor
Boston, MA 02110
kpickettlaw@gmail.com

*/s/ Michael J. Mazurczak*
_____
Michael J. Mazurczak

Dated:  September 14, 2022