UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FABIANA HILLARY MCLEOD, KARINA MCLEOD, and MARK MCLEOD,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE FESSENDEN SCHOOL, DAVID STETTLER and PRIMO "HOWIE" LEUNG,**<br><br>Defendants. | C.A. No. 1:21-cv-10807 |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, Fabiana McLeod, Karina McLeod, and Mark McLeod, aver upon personal knowledge as to their own acts and status and upon information and belief as to all other matters the following:

### THE NATURE OF THIS ACTION

1.      This case arises out of the sexual assault and rape of Fabiana McCleod ("Fabiana"), a minor child, by Primo "Howie" Leung ("Leung"), a co-director of The Fessenden School English Language Learners ("The Fessenden School") summer program during the summers of 2015 and 2016 when Fabiana was thirteen and fourteen years old, respectively. The sexual assaults took place in a dormitory on The Fessenden School campus, in other areas of The Fessenden School campus, in a New Jersey hotel room during a field trip sponsored by The Fessenden School, and in Leung's vehicle.

2.      Plaintiffs assert various claims arising out of these assaults including negligence,

1

negligent infliction of emotional distress, intentional infliction of emotional distress, sexual assault and battery, and loss of consortium.

3. Plaintiffs seek relief for abuse and assault that occurred as a result of the negligence and failures of The Fessenden School. Having the power, authority and responsibility to act, Defendant failed Plaintiffs and numerous others, by showing deliberate indifference to assault and abuse of students and minors, including Fabiana, failing to institute corrective measures to protect students and minors, including Fabiana, from assault and abuse, failing to investigate, train, oversee, monitor and supervise employees and agents, including but not limited to Leung.

4. The Fessenden School's negligence and failures resulted in extensive damages and harm to Plaintiffs.

**INTRODUCTION**

5. In 2015 and 2016, Defendant Leung was a full-time teacher in Concord, New Hampshire. Leung had a summer job as a co-director and or assistant director of The Fessenden School English Language Learners ("ELL") summer program.

6. The Fessenden School is known as a prestigious school for boys in Newton, Massachusetts.

7. Fabiana participated as a volunteer "proctor" for Leung at the Fessenden School Summer ELL Program in Newton, Mass., during the summers of 2015 and 2016, when she was 13 and 14 years old.

8. In October 2016, Fabiana's parents, Mark and Karina Mcleod sought consultation with a therapist for Fabiana, then almost fifteen years old and just beginning high school in Concord, New Hampshire.

9. Since the summer of 2016, Fabiana's family had observed a drastic change in

Fabiana's behavior. Fabiana, a strait-laced "A" student with no previous mental health issues, had suddenly become belligerent, interested in smoking marijuana and engaging in self-mutilation by cutting herself with sharp objects and burning herself with a blow torch. The therapist diagnosed "adjustment disorder, with anxiety".

10. In December 2018, several Concord, New Hampshire students observed Leung acting inappropriately with a student in his vehicle. The students reported their observations to school authorities who then notified the police.

11. An investigation revealed, among many other things, inappropriate emails Leung had sent to Fabiana. The police then interviewed Fabiana who revealed how she was sexually assaulted and raped by Leung.

12. In March 2019, Newton, Massachusetts police arrested Leung.

13. In June 2019, a Middlesex County Grand Jury returned True Bills for two counts of indecent assault and battery on a person over 14, two counts of aggravated Indecent assault and battery on a child under 14, and two counts of aggravated rape of a child. Leung is currently out on bail awaiting trial; his trial has been delayed multiple times because of the COVID-19 pandemic.

14. Fabiana continues to suffer the effects of the sexual assaults perpetrated on her by the Fessenden School employee Leung. She suffers from depression, anxiety, and post-traumatic stress disorder. She continues to receive mental health treatment.

**JURISDICTION AND VENUE**

15. This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

16. This Court has original jurisdiction (diversity) pursuant to 28 U.S.C. § 1332 in that the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs.

17. This Court has personal jurisdiction over the Defendants. Defendants are residents of the Commonwealth of Massachusetts, and it is the principal place of business for the Fessenden School. The Defendants have the requisite minimum contacts with the forum in which this court sits pursuant to International Shoe v. Washington, 326 U.S. 310 (1945).

18. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy.

19. Venue for this action properly lies in the District of Massachusetts pursuant to 28 U.S.C. §1391 as the causes of action arose within the jurisdiction of this Court.

## THE PARTIES

20. The Plaintiff, Fabiana Hillary McLeod, is a natural person, citizen of the United States, and resident of Concord, New Hampshire and resided with her parents during the assaults described herein.

21. The Plaintiff, Mark McLeod, is a natural person, citizen of the United States, and resident of Hooksett, New Hampshire.

22. The Plaintiff, Karina McLeod, is a natural person, citizen of the United States, and resident of Concord, New Hampshire.

23. The Fessenden School is a Massachusetts corporation with a principal place of business at 250 Waltham Street, West Newton, MA 02465.

24. Primo "Howie" Leung, at all material times, was a teacher in and/or co-director of The Fessenden School English Language Learners summer program. At all material times, employees of the Fessenden School, including and Leung, were mandated reporters pursuant to M.G.L. c.119 §§

4

21 and 51A.

25. David B. Stettler, at all material times, was the Headmaster of The Fessenden School and has a principal place of business at 250 Waltham Street, West Newton, MA 02465. At all material times, David B. Stettler was a mandated reporter pursuant to M.G.L. c.119 §§ 21 and 51A.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

26. According to The Fessenden School's publicly available Internal Revenue Service Form 990, "THE FESSENDEN SCHOOL IS THE OLDEST ALL BOYS, JUNIOR BOARDING SCHOOL IN THE COUNTRY".

27. Defendant Howie Leung was a "7-day boarding" student at Fessenden School and graduated from the school previously.

28. Eventually he graduated from college and became a middle school teacher in Concord, New Hampshire.

29. Between September 2013 and June 2016 Leung was a teacher at the Rundlett Middle School in Concord, New Hampshire. The Rundlett Middle School is a coeducational public school.

30. Between September 2013 and June 2016 Fabiana was a student at the Rundlett Middle School in Concord, New Hampshire.

31. During the summers Leung worked for The Fessenden School English Language Learners ("ELL") summer program.

32. The ELL summer program allowed international boys and girls, ages 10 to 15 years old, to live on The Fessenden School campus during the summer and to participate in activities to improve their English language skills and to learn about other cultures.

33. Eventually Leung would become the co-director of The Fessenden School English

5

Language Learners summer program.

34. Leung first sexually assaulted Fabiana when she was only fourteen years old.

35. Leung recruited young girls from the Rundlett Middle School to participate, at no cost, in the activities of The Fessenden School English Language Learners summer program as "helpers", "volunteers", "part time students" and/or "proctors-in-training".

36. Leung discussed The Fessenden School English Language Learners summer program with Fabiana's father, Mark McLeod. Leung represented that because the Fessenden School was such a prestigious institution, Fabiana would benefit from being his "helper" at the school.

37. Leung represented to Mark McLeod that Fabiana would be safe overnighting in The Fessenden School dormitories.

38. On several trips between Concord, NH and the Fessenden School in Newton MA, Leung would force Fabiana to touch his genitals with her hand.

39. On The Fessenden School campus, the young girls Leung had recruited from the Rundlett Middle School were known as "Howie's Concord Girls".

40. During the summers of 2015 and 2016, Fabiana was one of "Howie's Concord Girls".

41. Leung paid particular attention to the "Concord Girls" and especially to Fabiana. Leung would often separate Fabiana from the other children and have her work with him in his Fessenden School office.

42. Leung and other adult Fessenden School teachers and proctors would often have after hours gatherings in a Fessenden School room where alcohol and marijuana laced brownies were served.

43. When all the other Fessenden School English Language Learners summer program children were asleep, Leung allowed Fabiana to join the adult gatherings and offered her alcohol and

the marijuana laced brownies.

44. As part of his duties, Leung assigned the "Concord Girls" to rooms in Fessenden School dormitories.

45. Leung purposefully assigned Fabiana to a secluded corner room in a dormitory named "Sanderson."

46. This corner room was accessible from the dining hall via a secluded stairway, which would allow quick entry and exit directly into the corner room through an austere doorway with a handwritten sign identifying the door as an entrance to "Sanderson Dorm."

47. During the summer of 2015, Leung continued his sexual assaults on Fabiana on The Fessenden School campus.

48. On several occasions during the summer of 2015, Leung entered Fabiana's room and laid in the small dormitory bed with her, purportedly to watch movies on a laptop computer.

49. On several occasions during the summer of 2015, Leung also laid in the small dormitory bed with Fabiana and another female student, again purportedly to watch movies on a laptop computer.

50. Each time, however, Leung always laid next to Fabiana. Leung would cover himself and Fabiana and the other female student with a blanket.

51. While in the bed and covered with the blanket, Leung would fondle Fabiana.

52. By the end of the summer of 2015, Leung would enter Fabiana's dormitory room when she was alone. He would barricade the door with furniture, expose himself and sexually assault her.

53. During the summer of 2016, Fabiana again was a "Concord Girl" at the Fessenden School. This summer, Leung's routine was the same as the summer of 2015. However, during the summer of 2016, Leung escalated the frequency and intensity of his sexual assaults on Fabiana.

54. During the summer of 2016, Leung organized a field trip for The Fessenden School English Language Learners summer program children to New York City. A bus transported the children, Fessenden School teachers, chaperones, proctors, Leung, Fabiana, and at least one other "Concord Girl" to Manhattan and to New Jersey where they would stay in a hotel.

55. The group stayed overnight in a New Jersey hotel. Fabiana and another Concord Girl shared a room. Leung occupied a room very close by.

56. One evening, Leung asked Fabiana to come to his hotel room under the pretense that she was to put money into envelopes. The envelopes were to be distributed to the children the next day to be used as lunch money.

57. When Fabiana finished placing the money in the envelopes, Leung went to the door of the motel room and fastened the inside latch so that the door could not be opened from the outside.

58. Leung forced Fabiana to perform oral sex on him while he held the back of her head to restrain her.

59. Fabiana became upset and pulled away. Leung brought her to the door of his hotel room, opened the door and angrily shoved her out of the room.

60. Once the group returned to The Fessenden School, Leung continued his assaults on Fabiana in her dormitory room and in the tunnels and stairwells of The Fessenden School.

61. Teachers in The Fessenden School English Language Learners summer program began complaining that Leung's relationships with the "Concord Girls," especially his open favoritism of Fabiana, were a distraction in the classroom.

62. One of the Fessenden School counselors, who was about twenty years old, was particularly concerned about the relationship Leung had with Fabiana.

63. Despite confronting Leung about his concerning behavior towards Fabiana, the

Fessenden School counselor failed to report his concerns, in violation of Mass. Gen. Laws c. 119 § 51A.

64. Leung sexually assaulted Fabiana at The Fessenden School numerous times over the course of the 2015 and 2016 summers.

65. In September 2016, Fabiana became a freshman at Concord High School In New Hampshire.

66. Unbeknownst to Fabiana, Leung arranged a transfer to work at the Concord High School.

67. In October 2016, Mark and Karina Mcleod sought consultation with a therapist for their daughter after observing drastic changes in her behavior.

68. Fabiana, a once straight "A" student with no previous mental health issues, had suddenly become anxious, afraid, angry, and belligerent.

69. Fabiana started experimenting with alcohol and marijuana.

70. Fabiana's appearance also changed.

71. Fabiana cut herself with sharp objects and burned herself with a blowtorch.

72. The therapist diagnosed her with "adjustment disorder with anxiety".

73. In December 2018, the Concord School District began an investigation into Leung after he was observed to be engaging in inappropriate behavior with a different student at the High School.

74. The school did not report the behavior to the police for almost four months after the complaint.

75. Leung was later criminally charged in Massachusetts with two counts of aggravated rape of a child, one count of indecent assault and battery on child under 14 and one count of indecent

assault and battery on a child over 14.

76.     The Fessenden School was on notice that abuse and assault of its students was an issue.

77.     Unfortunately for Fabiana, despite public assurances of safety, Defendants Stettler and The Fessenden School did very little, if anything, to ensure the children on its campus would be safe from sexual abuse, particularly during the ELL summer program.

78.     Prior to the filing this lawsuit, Fabiana, through counsel, requested The Fessenden School to provide the following documents for review, all of which were mentioned by Headmaster Stettler in his open letters:

   a. documentation of how, where, and when the Fessenden School has "emphasized the importance of raising [its] collective consciousness and reiterated [its] expectation of vigilance in identifying and recognizing signs of questionable behavior"

   b. "the existing policies and guidelines regarding interactions between adults and children in [the Fessenden] school community"

   c. documentation of how, where, and when "discussions on maintaining boundaries in our relationships with [Fessenden] students" took place

   d. documentation of how, where, and when the Fessenden School provided "ongoing training"

   e. documentation of how, where, and when the Fessenden School provided "the tools and understandings" to help students maintain their own safety"

   f. documentation of the Fessenden School's "hiring process for faculty and staff"

   g. documentation of the Fessenden School's "zero tolerance for sexual misconduct and abuse"

   h. documentation of how, where, and when the Fessenden School addressed "the issue of boundaries . . . in age-appropriate ways"

   i. documentation of "personal safety, wellness, and boundaries training"

   j. documentation of the Fessenden School's processes for employee screenings,

10

       mandatory employee training, policies, procedures, protocols, and practices that are currently in place"

    k. documentation of "a character education program"

79. Unfortunately, The Fessenden School did not produce a single document that would back up any statement made by Headmaster Stettler in his letters of October 18, 2011, May 5, 2016, or May 8, 2018.

## CAUSES OF ACTION

80. For each Cause of Action, the Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

## COUNT I
## NEGLIGENCE
## (Against The Fessenden School)

81. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

82. The Fessenden School had a legal duty to protect Fabiana McLeod when she was a minor child on its campus or was engaging in off-campus activities of The Fessenden School.

83. The Fessenden School was on notice of prior instances of abuse and assault towards minors on its campus and the propensity of its employees to perpetrate such assault on minors.

84. The Fessenden School breached it duty when it failed to:

    a. Protect Fabiana from sexual assault from one of its educators;

    b. Properly and timely report allegations or suspicions of sexual abuse of Fabiana;

    c. Properly investigate and hire educators and counselors, including Defendants;

    d. Properly train educators and counselors, including Defendants, on sexual assault and reporting requirements;

    e. Properly supervise and monitor educators and counselors, including Defendants;

    f. Properly and timely implement policies and procedures that protect students and minors, including Fabiana, from sexual assault from educators and/or supervisors; and

      g. Properly and timely implement policies and procedures related to reporting requirements for allegations and/or guidance in identifying and reporting behaviors that might indicate sexual misconduct toward a child.

85. The Fessenden School failed to properly fire, train, monitor and supervise Leung.

86. The Fessenden School failed to develop, implement, and enforce policies and procedures, specific to the training of teachers, counselors, students, minor children, and parents to prevent school employee sexual misconduct, that included:

      a. informing teachers, students, and parents of The Fessenden School's policies on child sexual abuse;

      b. training all staff on appropriate procedures to report suspicions of school employee sexual misconduct with students;

      c. training all staff on creating and maintaining a safe environment for children;

      d. training all staff on maintaining appropriate boundaries with students;

      e. providing school employee sexual misconduct training to all school staff who will have direct contact with students and/or minor children; and

      f. training all staff to recognize warning signs of child sexual abuse.

87. The Fessenden School failed to develop, implement, and enforce policies and procedures, specific to monitoring and supervising its teachers, counselors, students, minor children, and parents to prevent school employee sexual misconduct.

88. As a direct and proximate result of defendant The Fessenden School's breach of its duty, the plaintiff Fabiana McLeod, then a minor child, was repeatedly sexually assaulted.

89. Fabiana McLeod suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

90. The Fessenden School is also vicariously responsible for the acts and omissions of its employees, and agents, including, but not limited to Leung and Stettler, and responsible for the harm

caused to Fabiana by its employees and agents.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (Against Fessenden)

91. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

92. The Fessenden School and its employees and agents' negligent conduct as described herein, disregarded the safety of Fabiana and failed to protect her from harm.

93. The Fessenden School and its employees and agents' conduct caused Fabiana to be sexually assaulted repeatedly by its employee/agent, Leung.

94. The Fessenden School knew, or in the exercise of ordinary care should have known, that unless its employees/agents ceased to engage in the aforementioned acts, or intervened to protect Plaintiff, and to prohibit, control, regulate and/or penalize the conduct of The Fessenden School's employees/agents, as alleged herein, that the conduct would continue, thereby subjecting Plaintiff to personal injury and emotional distress.

95. It was reasonably foreseeable that the aforementioned acts and omissions of The Fessenden School and its employees/agents would result in the injuries sustained by Fabiana.

96. As a direct and proximate result of The Fessenden School's acts and omissions, Plaintiff Fabiana McLeod suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

97. The Fessenden School is also vicariously responsible for the acts and omissions of its employees, and agents, including, but not limited to Leung and Stettler, and responsible for the harm

caused to Fabiana by its employees and agents.

## COUNT III
## NEGLEGENCE
## (Against Stettler)

98. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

99. At all material times, David B. Stettler, was Headmaster of The Fessenden School and was compensated for his services.

100. Defendant Stettler had a legal duty to safeguard and protect Fabiana McLeod when she was a minor child on The Fessenden School campus or was engaging in off-campus activities of The Fessenden School.

101. Defendant Stettler failed to appropriately hire, train, monitor and supervise Leung.

102. Defendant Stettler breached his duty when he failed to develop, implement, and enforce policies and procedures specific to educator and/or employee conduct that should have included:

   a. descriptions of reporting requirements for allegations and/or suspicions of child sexual abuse;

   b. descriptions of what constitutes school employee sexual misconduct;

   c. expectations for volunteers;

   d. guidance in identifying and reporting behaviors that might indicate school employee sexual misconduct toward a child;

   e. a statement concerning The Fessenden School's commitment to prevention of school employee sexual misconduct;

   f. a statement that there is no such thing as consensual sex between adults employed by and/or associated with The Fessenden School and minor children;

   g. descriptions of acceptable and unacceptable behavior;

    h. requirements for training for prevention of educator sexual abuse;

    i. inclusion of The Fessenden School policies and procedures concerning inappropriate sexual conduct in staff, student, and parent handbooks;

    j. a statement about retaliation;

    k. a list of potential sanctions and penalties for school employee sexual misconduct toward a minor child;

    l. investigation requirements; and

    m. included examples of grooming behaviors.

103. Defendant Stettler failed to develop, implement, and enforce policies and procedures, specific to the training of teachers, counselors, students, minor children, and parents to prevent school employee sexual misconduct, that included:

    a. informing teachers, students, and parents of The Fessenden School's policies on child sexual abuse;

    b. training all staff on appropriate procedures to report suspicions of school employee sexual misconduct with students;

    c. training all staff on creating and maintaining a safe environment for children;

    d. training all staff on maintaining appropriate boundaries with students;

    e. training all staff about what constitutes school employee sexual misconduct;

    f. emphasizing that reporting suspicions of school employee sexual misconduct toward students or minor children is a professional responsibility and a law;

    g. training teachers of what specific and/or general behaviors are acceptable and unacceptable;

    h. providing school employee sexual misconduct training to all school staff who will have direct contact with students and/or minor children, not just teachers

    i. training all staff to recognize warning signs of child sexual abuse;

    j. teaching staff how to communicate with the suspected victim (i.e., not embarrass, punish, or stigmatize him or her);

    k. training school personnel on the short-term effects child sexual abuse can

      have on victims;

l. training school personnel on the long-term effects child sexual abuse can have on victims;

m. ensuring that staff meet certification or employment requirements documenting that they have completed the training on school employee sexual misconduct;

n. training all staff to recognize warning signs of school employee sexual misconduct;

o. training staff annually;

p. training students on school employee sexual misconduct and child sexual abuse;

q. providing multifaceted training that utilizes different teaching styles, different levels of interactivity, and different types of training materials;

r. training staff on how to talk to minor children about sexual abuse;

s. designating one school staff member to be the case coordinator to handle all incidents of school employee sexual misconduct;

t. train students concerning sexual abuse annually; and

u. train parents concerning sexual abuse annually.

104. Defendant Stettler failed to develop, implement, and enforce policies and procedures, specific to the monitoring and supervision of teachers, counselors, students, minor children, and parents to prevent school employee sexual misconduct.

105. Defendant Stettler failed to comply with M.G.L. c. 119 §§ 21and 51A, by failing to immediately report that, in his professional capacity, he had reasonable cause to believe that a child under the age of 18 was suffering from abuse or neglect.

106. As a direct and proximate result of Defendant Stettler's breach of his duty, the plaintiff Fabiana McLeod, then a minor child, was viciously and repeatedly sexually assaulted and raped. Fabiana suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for

medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## COUNT IV
## SEXUAL ASSAULT & BATTERY
## (Against Leung)

107. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

108. At all materials times, Leung was an employee of the Fessenden school

109. The conduct and actions of Defendant Leung including the sexual assault and battery of Plaintiff constitutes an intentional and offensive touching of Plaintiff to which Plaintiff could not consent.

110. The conduct and actions of Defendant Leung including the sexual assault and battery of Plaintiff was highly offensive and injurious to Plaintiffs.

111. As a direct and proximate result of the intentional acts of Defendant Leung, the Plaintiff Fabiana McLeod suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Against Leung)

112. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

113. The Defendant Leung's intentional conduct as described herein, was done with intentional disregard for the safety of Fabiana.

17

114. The Defendant Leung's conduct in sexually assaulting Plaintiff was intentional and in deliberate disregard for the high degree of probability that Plaintiff would suffer severe emotional distress as a result.

115. Defendant Leung's conduct in sexually assaulting and battering Plaintiff was extreme and outrageous.

116. Defendant Leung knew, or in the exercise of ordinary care should have known, that unless he ceased to engage in the aforementioned acts, that his conduct would cause Plaintiff to suffer personal injury and severe emotional distress

117. As a direct and proximate result of Defendant Leung's acts and omissions, Plaintiff Fabiana McLeod suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. Fabiana has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

## COUNT VI
## LOSS OF CONSORTIUM
## (Plaintiffs Mark and Karina McLeod Against All Defendants)

118. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

119. At all times relevant and pursuant to M.G.L. c. 231 § 85X, Plaintiff Fabiana Mcleod was a dependent child of Mark McLeod and Karina McLeod.

120. Mark McLeod and Karina McLeod have suffered a loss of consortium as a direct and proximate result of the acts and omissions of the Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against the Defendants on each of the above-

referenced claims and Causes of Action and as follows:

1. Awarding compensatory damages to Plaintiff Fabiana McLeod for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiff, health care costs, earning potential and income, together with interest and costs as provided by law;

2. Awarding compensatory damages to Plaintiffs Mark McLeod and Karina McLeod for past and future damages, including loss of consortium, together with interest and costs as provided by law;

3. Awarding Plaintiffs reasonable attorneys' fees;

4. Awarding Plaintiffs the costs of these proceedings; and

5. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury as to all issues.


Dated: January 26, 2023                                    Respectfully submitted,

The Plaintiffs,
By their attorneys,

/s/ Paula S. Bliss
Paula S. Bliss, Esq.  (BBO 652361)
Kimberly A. Dougherty, Esq. (BBO 658014)
JUSTICE LAW COLLABORATIVE, LLC
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700
paula@justicelc.com
kim@justicelc.com


Mark Rufo, Esq.
MARK RUFO, PC
131 W. Hollis Street
Nashua, NH 03060
Tel: (603) 882-8424
mark@markrufo.com

## CERTIFICATE OF SERVICE

I, Paula S. Bliss, hereby certify that a true and correct copy of the above and foregoing has been served on all known counsel of record via ECF, for those counsel registered to receive filings via ECF, on January 26, 2023.

*/s/ Paula S. Bliss*  
Paula S. Bliss, Esq.
